Charles Edward Lincoln, III
c/o Dr. Orly Taitz, Attorney-at-Law
29839 S. Margarita Pkwy
Rancho Santa Margarita, California 92688
Telephone: (512) 968-2500
E-mail: *charles.lincoln@rocketmail.com*
Plaintiff pro se, *in propia persona*

FILED

2009 SEP 16 PM 4:06

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA (SOUTHERN DIVISION)

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III, §<br>Plaintiff, §<br> §<br>v. §<br> §<br>STEVEN D. SILVERSTEIN, RON ELTER, §<br>GRE DEVELOPMENT, Inc., §<br>Individually and as agents for and §<br>Trustee of the Via Corbina Trust #4 §<br>JOHN MURK, DIANNE D'AGNOLO, §<br>The Honorable SANDRA HUTCHENS, §<br>THE SHERIFF OF ORANGE COUNTY, §<br>CAL-WESTERN RECONVEYANCE, §<br>WELLS FARGO BANK, N.A., §<br>DENNIS STACY, COLDWELL BANKER, §<br>and §<br>JOHN & JANE DOES 1-20, §<br>Defendants. §<br> §<br>§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | **SACV09 -1072 JVS (ANx)**<br><br>Case No. _____<br><br><br><br><br><br><br>TRIAL-BY-JURY DEMANDED<br>OF ALL ISSUES SO TRIABLE<br><br>AT COMMON LAW, UNDER THE<br>SEVENTH AMENDMENT, and<br>28 U.S.C. §1861 *et seq.* |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM

## OF POINTS AND AUTHORITIES IN SUPPORT

1. Comes now the Plaintiff Charles Edward Lincoln III, with this, his Motion for ⟨3⟩

Temporary Restraining Order. Plaintiff seek preliminary injunctive relief under Federal Rule

of Civil Procedure 65 and can show (1) a likelihood of success on the merits of his Complaint

APPLICATION FOR TEMPORARY RESTRAINING ORDER
CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL
ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

- 1 -

CHARLES EDWARD LINCOLN, III
6102 VALLEYVIEW DRIVE
LAGO VISTA, TEXAS 78645
512-968-2500
CHARLES.E.LINCOLN@ATT.NET

For Quiet Title, (2) a significant threat of irreparable harm, (3) that the balance of hardships favors the applicant, and (4) whether any public interest favors granting an injunction. **[*10]** *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003). He asks for a stay until a final hearing of his Complaint for Slander of Title is complete.

2.      Plaintiff Charles Edward Lincoln also files this Application for TRO pursuant to the California Rules of Civil Procedure § 513.010. He files this in response to an Unlawful Detainer filed by Defendant Steven D. Silverstein as a representative for defendant GRE Development and its' owner, Defendant Ron Elter. GRE Development is listed as "trustee" for Defendant 4 Via Corbina Trust in the Unlawful Detainer.

3.      Lincoln files this application for TRO as a supplement to his Complaint for Slander of Title and Tortuous Interference against the forgoing Defendants. § 513.010 reads:

**§ 513.010.  Application; Findings; Ex parte issuance**

**(a) Except as otherwise provided by this chapter, the provisions of Chapter 3 (commencing with Section 525) of this title relating to the issuance of a temporary restraining order apply. At or after the time he files his application for writ of possession, the plaintiff may apply for a temporary restraining order by setting forth in the application a statement of grounds justifying the issuance of such order.**

**(b) A temporary restraining order may issue ex parte if all of the following are found:**

**(1) The plaintiff has established the probable validity of his claim to possession of the property.**

**(2) The plaintiff has provided an undertaking as required by Section 515.010.**

**(3) The plaintiff has established the probability that there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed or may become substantially impaired in value.**

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*
- 2 -
*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

**(c) If at the hearing on issuance of the writ of possession the court determines that the plaintiff is not entitled to a writ of possession, the court shall dissolve any temporary restraining order; otherwise, the court may issue a preliminary injunction to remain in effect until the property claimed is seized pursuant to the writ of possession.**

4.      Plaintiff files this asking the Court to apply the local laws (as well as Federal) concerning this TRO. This Court has the power to apply local law if the law is both unique and specific to the individual case, which this language almost certainly is *Erie Railroad Co. v. Tompkins*, 304 U.S.

5.      Plaintiff specifically points out that there IS an absolutely certain danger of the property in question to be "transferred, concealed, or removed" if this TRO is not granted.


## INTRODUCTION

6.      Petitioner and Plaintiff Charles Edward Lincoln received the property from the previous owner, Hal Kuder, located at 4 Via Corbina, Rancho Santa Margarita 92688 on or about June 1, 2008 (see attached deed, Exhibit A). Plaintiff Charles Lincoln received the property along with an Assignment of Rights and Obligations and a POA (see Exhibit B) also dated on or about June 1, 2008.

7.      Lincoln received the property located at 4 Via Corbina with the idea that he would pay the holder in due course of the property. Lincoln has since had reason to believe that the originator of the loan, Wells Fargo, and their servicer and trustee Cal-Western Reconveyance do not in fact possess the Original Note and are not entitled to any benefits of owning such a document. As of November 21st, 2008 Lincoln has accordingly sued both parties in the US District Court of Santa Ana (case no: 08-cv-1334doc).

8.      On or about May 21st 2009 Plaintiff Lincoln had the property rented out to a tenant who lived there without incident until the month of July. On or about July 11th 2009, Charles Lincoln's

APPLICATION FOR TEMPORARY RESTRAINING ORDER
CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL
ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

- 3 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

assistant Peyton Freiman received a call from a representative of Defendant GRE Development who appeared at the property in question with a State Constable. The representative spoke to Freiman telling him that GRE had bought the property and now, as the new legal owners, brought a local Constable out in an effort to evict Lincoln's tenants (see Freiman's declaration attached as Exhibit C).

9.      When Freiman questioned further and asked for paper work attesting to how one might lawfully buy a property marred in ongoing and pending Federal Litigation the unknown representative sheepishly referred him to GRE's lawyer Defendant Steven Silverstein. Freiman called and demanded paperwork from Silverstein who refused, preferring instead to threaten Freiman with a criminal investigation and police report (see Exhibit C).

10.     Since July 2009 Lincoln's tenants have been evicted by the Defendants acting in collusion through unfounded scare tactics and threats of imprisonment without so much as a piece of paper baring evidence that they did, in fact, buy the property at some clandestine trustee's sale.

11.     On or about September 1st, 2009 the Plaintiff's assistant, Peyton Freiman saw that the Defendants were trying to sell the property by and through Defendant Caldwell Bankers and their agent, Defendant Dennis Stacy.

## PLAINTIFF HAS A COMPELLING CASE ON THE MERITS

1.      Through his Complaint for Slander of Title AND his Complaint for Quiet Title (also on file with this Court) Plaintiff outlines in detail a likelihood of success: his previously filed Complaint for Quiet Title will prove that the house was fraudulently sold, while his new Complaint for Slander of Title will prove that Defendants GRE Development, 4 Via Corbina Trust and their lawyer, Defendant Steven Silverstein bought the property in a fraudulent sale.

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

-4-

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

Given that the Complaint for Quiet Title outlines why Lincoln believes that Wells Fargo and its' chosen agent, Cal Western Reconveyance, never had the note to begin with, Defendants Silverstein et al are simply perpetuating a fraud that is tearing this country apart at the seams.

2. *There is currently* the question of who legally had the power to begin the foreclosure over this property (as outlined by his complaint) and subsequently who can possibly buy it (as outlined in Plaintiff's Complaint for Slander of Title). As one court has held, "those parties who do not hold the note or mortgage and who do not service the mortgage do not have standing to pursue motions for relief or other actions arising from the mortgage obligation." *In re Nosek*, 386 B.R. at 380; *In re Schwartz*, 366 B.R. 265, 270 (Bankr. D. Mass. 2007). Another court ruled, "The plaintiff must show that it is the holder of the note and the mortgage at the time the [foreclosure] complaint was filed. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed, usually by not having the received payments on the note. [*13] " *In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 (S.D. Ohio 2007).

3. These cases follow an old rule of promissory note law-only the owner or "holder" of a note can enforce it. "'Holder' with respect to a negotiable instrument, means the person in possession if the instrument is payable to the bearer. . . .[P] The term 'holder' is similarly defined when used in connection with a mortgage. . . (mortgage holder is 'one to whom property is mortgaged; the mortgage creditor or lender.'" *In re Nosek*, 386 B.R. at 380, *quoting* M.G.L.A. 106 § 1-201 (20), *and* BLACK'S LAW DICTIONARY, 1034 (8th ed. 2004). California law follows this rule, as the California courts only allow the holder of a mortgage to enforce

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 5 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

rights under the mortgage, including the right to foreclosure on and sell the property. *Pribus v. Bush*, 118 Cal.App.3d 1003, 1009-1010 (1981). This rule is a logical extension of the principle that only parties to a contract can sue to enforce it. *Buckner v. Tamarin*, 98 Cal.App.4th 140, 142 (2002), *quoting Benasra v. Marciano*, 92 Cal.App.4th 987, 990 (2001).

4.      Lastly, Plaintiff alleges and submit that Cal Western Reconveyance has committed and is continuing to commit champerty (illegal purchase of litigation rights and interests divorced from property ownership, comparable to if not equivalent with the unauthorized practice of law, compare Cal Civil Code) by accepting servicing rights, agreeing, conspiring, and acting illegally in collusion with Wells Fargo, which is itself an imperfect assignee of Plaintiffs' mortgage. Plaintiff further alleges and submits, parallel to the findings and conclusions of the Second Circuit Court of Appeals in the case of **Love Funding v Merrill Lynch** 556 F.3d 100 (2009) that Cal Western does not, in fact have any right to foreclose because they have no right, title, or interest either in Plaintiff's promissory note nor the mortgage contract, and so have no claim to enforce the security agreements thereby created.   In summary and essence, Plaintiff alleges and submits that , Cal Western Reconveyance lacked standing to foreclose because it is an incomplete assignee of the originators rights in the Plaintiffs' promissory note and mortgage contract, and is therefore neither holder in due course of the note, nor otherwise in privity of contract with the Plaintiffs. Cal Western Reconveyance is a stranger, an interloper, a trespasser, an entity effectively engaged in the unauthorized practice of law due to champerty.

5.      Because of this overall fraud and its perpetuation through a fraudulent sale Defendants GRE Development and 4 Via Corbina Trust, by and through their chosen agent,

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 6 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

Defendant Steven Silverstein have committed a Forcible Detainer by repeatedably trying to assert possession over a property they fraudulently bought. They also have tried on numerous occasions to buy the property located at 4 Via Corbina, Rancho Santa Margarita California.

6.     The fraudulent foreclosure and supposed subsequent sale during a Question of Title through a Federal lawsuit begs one to question the disconnect between federal and state Courts. If the Plaintiff is allowed to question the validity of his contract in Federal Court while his house is sold out from under him, possibly by the very Defendants he is suing, what is the point? Shouldn't the lawsuit be enough to give the sellers pause, to rethink their actions? It appears that there needs to be a fundamental change in how the Federal Courts communicate with the lower, local Courts.  Because a sale in the lower Court destroys the Tenant and Owner's possession, which is "9 points on the law" by common law and the absence of possession hurts THIS Plaintiff's case considerably.

## PLAINTIFF WILL SUFFERE IRREPARABLE
## HARM DUE TO TRANSFER OF PROPERTY

7.     If Plaintiff is not granted a TRO he will suffer the loss of use, benefit and control over his property and the eviction will simply undermine a pre-existing question of title and this Court's power to define and impose it's OWN LAWS. Also, as mentioned above, it will destroy his possession and simply add another collateral action to an already huge undertaking.

8.     Plaintiff relies heavily on income he receives from this property and, like every other man in this current economic climate, could use the extra income.

## THE BALANCE OF HARDSHIPS FAVORS LINCOLN

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 7 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

If a TRO or injunction is issued, GRE Development and 4 Via Corbina Trust are still assured either a house they received by ill gotten means OR damages that they may deserve because the house was fraudulently sold to them and they received it by ill gotten means. If GRE Development et al win a judgment against Lincoln, they still can receive title to the home. It is fully secured. Further, plaintiff proposes only a narrow remedy-that this case be heard in full and the possession stayed until there is a final order on the case. He does not ask that title be restored to them through this TRO application; the question of title can wait for a trial on their adversarial complaint.

## THE PUBLIC INTEREST FAVORS THE LINCOLN

**9.**     The public interest is served by the protection of the borrower's home. A **foreclosure** sale based on falsehoods in the Notice of Default and violations of California **foreclosure** law undermines the public interest. The misstatements in the Notice of Default, the apparently ignored Clouded Title and subsequent inability to prove it is the owner of the Lincoln's loan, and the narrow language of the Deed of Trust, raise serious doubts as to the validity of the **foreclosure** process and provide the necessary platform for a national mortgage strike.

**10.**     The current economic climate and utter lack of common law principal, sound money and contemptible perpetuation of fraud is MORE THAN ENOUGH GROUNDS FOR A NATIONAL REVOLT. Given that this also effects buyers and investors WORLD WIDE it could also birth a myriad of international lawsuits from European bankers who have lost their collateral due to 1) a fraudulently sold security and 2) the subsequent reselling of that broken security.

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 8 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

**11.**     This is not simply a question of the common law of "privity of contract" this is a question of the banking system as a whole and the supposed security we gain in these investments. If a man can buy into a mortgage "pool" across the ocean thinking that he will be collecting mortgage payments or interest from the mortgage payments and suddenly there is a foreclosure he should be able to recoup the collateral he bought by being part of the foreclosure process. Instead he is left in some office in Europe, unable to find the security he bought. Meanwhile young American families who bought into the system find that the bank they originally took the loan out with has no right to foreclose in the first place. Essentially this is absolute grounds for lawsuits for years to come and a potential reckoning that will either fundamentally change the laws in this country, destroying sound money, OR fundamentally change the way we do business in this country and abroad, upholding sound money lending. To say the public interest benefits from these question is a GIGCANTIC UNDERSTATEMENT.

## PLAINTIFF'S "UNDERTAKING" PURSUANT TO STATE CODE

12.     Plaintiff files this TRO as supplemental to his Complaint for Slander of Title and Tortuous Interference against the above and forgoing Defendants. He files this asking that the "undertaking", pursuant to code be waived:

### § 515.010. Undertaking prior to issuance of order or writ; Waiver

**(a) Except as provided in subdivision (b), the court shall not issue a temporary restraining order or a writ of possession until the plaintiff has filed an undertaking with the court. The undertaking shall provide that the sureties are bound to the defendant for the return of the property to the defendant, if return of the property is ordered, and for the payment to the defendant of any sum recovered against the plaintiff. The undertaking shall be in an amount not less than twice the value of the defendant's interest in the property or in a greater amount. The value of the defendant's interest in the property is**

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*
*- 9 -*
*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

determined by the market value of the property less the amount due and owing on any conditional sales contract or security agreement and all liens and encumbrances on the property, and any other factors necessary to determine the defendant's interest in the property.

(b) If the court finds that the defendant has no interest in the property, the court shall waive the requirement of the plaintiff's undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020.

13. Plaintiff has reason to believe that the Defendant has no legal interest in the property and that the undertaking should be waived pursuant to § 515.010(b).

14. Plaintiff also argues that the "undertaking" is securitized by the property and that the property itself is surety enough to satisfy any perceived money lost.

## THE RUSSELLS SHOULD NOT BE REQUIRED TO POST SECURITY

12. FRCP Rule 65(c) requires that before a Court issues a restraining order or preliminary injunction, the applicant must provide security, in such sum as the Court deems proper. Plaintiff Lincoln (and quite a few foreign bankers) sees the house as the security in this case.

13. The Defendants cannot insist that Lincoln posts a bond. Under California's anti-deficiency statutes, it is entitled to only two things-payments on the loan or Lincoln's home. It does not get both. Section 580d of the Code of Civil Procedure provides:

"No judgment shall be rendered for any deficiency upon a note

secured [*22] by a deed of trust upon real property . . . in any case in

which the real property . . . has been sold by the mortgagee or trustee

under power of sale contained in the mortgage or deed of trust."

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*
- 10 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

14. This statute places on the lender the risk that the home might decline in value. In return, the lender gets the remedy of a quick sale. As part of that bargain, the lender obtains the secured property; it has no right to money above what it sells the property for at a foreclosure sale. *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 38-39 (1963) ("Thus, in California the creditor must rely upon his security before enforcing the debt. If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure.").

If Lincoln is forced to post a bond or make loan payments, the Defendants will get more than what they are entitled to under section 580d especially given the questionable means in which the Defendants supposedly gained title to Lincoln's home.

## **NO VALID CONTRACT EXIST**

15. This Court should grant this Application for Temporary Restraining order in part because of the nature of the eviction and the tenant/landlord relationship. Charles Lincoln is not, and has never been a "tenant" of the Defendants GRE Development, the 4 Via Corbina Trust OR Defendant Silverstein. Silverstien is trying to take over a property by means of filing a 3 day Notice to Quit (view "Notice", attached as Exhibit D)

16. Given that Lincoln has not even been presented with a Deed of Sale from the Defendants side he has reason to believe that they are simply "land pirates" looking for another house to take over. There needs to be a proof of claim provided, along with a tenant/landlord relationship bound by a leasing agreement, and lastly a signed order in support of eviction for this action to proceed.

17. Plaintiff Lincoln alleges that there has been an abosolute and blatant failure to file a proper pleading and a TRO is warranted given that the gross incompetence commited by the Defendants

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 11 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

shows more than simple laziness: it shows that they are willing to forgo such formalities like procedural law in part because, Plaintiff alleges, that they do NOT have a deed of sale that they do NOT have a Court Order and that they do NOT, NOR HAVE THEY EVER had any agreement with the Plaintiff.

## PLAINTIFF WAS NOT SERVED

18.     Defendant Silverstein failed to provide proper service of ANY KIND to Plaintiff Lincoln in violation of the California Rules of Civil Procedure § 417.10, §417.20, §1030a and his Constitutional right to due process.

19.     Silverstein did not and cannot prove he ever sent a notice out by certified mail with return receipt showing that it was, in fact, signed for by Charles Lincoln or his agent.

## FAILURE TO PROPERLY PLEAD, PROVIDE COURT ORDER

20.     Defendant Steven Silverstein, as attorney for Defendants GRE Development and 4 Via Corbina Trust, has failed to properly plead in his Eviction suit (attached as Exhibit E) by leaving the document blank. He has also failed to provide Plaintiff Lincoln with any evidence of a signed Court Order granting the eviction (see Exhibit E). In short, the complete and utter failure to comply with any due process coupled with the absolute failure to plead (because no valid contract exists) should render the eviction Void and give grounds for the Court to grant this TRO.

## LAND PIRATES & THE LAWYERS THAT LOVE THEM

21.     Defendant GRE Development and GRE's owner, Rick Elton appears to be engaging in a sort of swashbuckling sword swishing kind of take over of 4 Via Corbina by employing the service

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

- 12 -

of the Defendant Steven Silverstein, who specializes in "aggressive evictions"[1]. The Defendants allegedly bought the property and have moved to sell it using the Defendants Caldwell Banker as the real estate agency to broker the sale. Plaintiff asks the Court to grant this TRO alleging that he knows that the Defendants have every intention to sell it and deserves an injunction in accordance with § 513.010:

> **"(3) The plaintiff has established the probability that there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed or may become substantially impaired in value."**

This potential transaction needs to be stayed in favor of the pre-existing Federal Lawsuit to be drawn to a conclusion thereby potentially vindicating the Plaintiff and clearing title to his property.

**22.** The state laws outlining Temporary Restraining Orders should be granted and included in this Court due to their unique and specific quality. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff asks this Court to use its' powers to apply State Law in this instance due to the specificity it provides through language in contrast to the realities of this case.

**23. Defendants GRE Development allegedly bought the property in what appears to be a fraudulent sale conducted by a party that was already being sued in a separate action in federal court (Cal-Western).**

<u>CONCLUSION</u>

**24. Given the complete and blatant lack of due process, failure to plead, an existing federal lawsuit and the Defendants obvious intent to sell the property of Plaintiff Charles**

---

[1] Steven Silverstein, it should be noted is quoted on his website (stevendsilverstein.com) as saying: **"I have been accused of being overly aggressive in doing these evictions. I plead guilty and I will strive to kick your tenant out as fast as legally possible."**

APPLICATION FOR TEMPORARY RESTRAINING ORDER
CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL
ET AL. CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

- 13 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

Edward Lincoln located at 4 Via Corbina, Rancho Santa Margarita California, Plaintiff asks the Court to apply state laws and grant this Temporary Restraining Order.

25.     For these reasons, Plaintiff respectfully request that the Court issue the following orders:

1. A **temporary restraining order** directed to Defendants GRE Development, 4 Via Corbina Trust, Caldwell Bankers, Dennis Stacy and Silverstien immediately, postponing the taking of possession of and subsequent sale of the property in question.

2. A preliminary injunction directed to the Defendants immediately allowing Lincoln to stay in the property pending the trial on their adversarial complaint and judgment on that complaint, or until further order of the Court;

3. A **temporary restraining order** directed against the Defendants forbidding them from taking any steps to sell Lincoln's home, transfer title, or otherwise interfere with Lincoln's possession and use of his home, which will remain in effect until a hearing on a motion for a preliminary injunction;

4. A preliminary injunction directed against the Defendants GRE Development, et al, forbidding them from taking any steps to sell the Russell's home, transfer title, or otherwise interfere with Lincoln's possession and use of the home, which will remain in effect pending the trial on Lincoln's complaint and judgment on that complaint, or until further order of the Court.

September 15th, 2009,

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*
- 14 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

Charles Edward Lincoln III
c/o Dr. Orly Taitz, Attorney-at-Law
29839 S. Margarita Pkwy
Rancho Santa Margarita, California 92688
Telephone: (512) 968-2500
E-mail: *charles.lincoln@rocketmail.com*
Plaintiff pro se, *in propia persona*

APPLICATION FOR TEMPORARY RESTRAINING ORDER
CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL
ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

- 15 -

CHARLES EDWARD LINCOLN, III
6102 VALLEYVIEW DRIVE
LAGO VISTA, TEXAS 78645
512-968-2500
CHARLES.E.LINCOLN@ATT.NET

# SUPPORTING DECLARATION OF TRO

I, Charles Edward Lincoln III declare:

1. I am the Plaintiff in this action and make this declaration in support of my application for a **temporary restraining order** and order to show cause re preliminary injunction.

2. The actions of the Defendant as outlined in my TRO and supplemental Complaint for Quiet Title could potentially deprive me of the quiet use of my property and lead to a subsequent fraudulent sale inspite of an ongoing question of title rendered in a pending Federal litigation.

3. Exhibit F attached to and made a part of this application is a photograph taken by my assistant Peyton Freiman on September 1st 2009 showing that Defendants Caldwell Banker by and through their agent Defendant Dennis Stacy were planning on selling my property. I personally have been made aware through telephonic communication that this is the SECOND agent GRE Development has hired, and Exhibit E is a fair and accurate representation of the intent to knowingly sell a property with a clouded title as it occurred on September 1st, 2009.

6. Unless a **temporary restraining order** is granted, great *and* irreparable injury will result to Plaintiff as I will lose control and quiet use of my property located at 4 Via Corbina and the new owners will accordingly have to be sued for participating and perpetuating such blatant fraud.

7. On July 28th, 2009 and a number of times since then, Plaintiff demanded that defendants stop their wrongful (threatened) conduct described above. Defendants have refused, and still refuse, to refrain from their conduct.

8. The above facts are within my personal knowledge and I am competent to testify to their truth if called as a witness.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

September 16, 2009 [Date]

[Signature]

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 15 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

EXHIBIT A

"Deed from Hal Kuder to Charles Lincoln"

APPLICATION FOR TEMPORARY RESTRAINING ORDER
CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL
ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA
- 1 -

CHARLES EDWARD LINCOLN, III
6102 VALLEYVIEW DRIVE
LAGO VISTA, TEXAS 78645
512-968-2500
CHARLES.E.LINCOLN@ATT.NET

**RECORDING REQUESTED BY:**
**MAIL TAX STATEMENTS TO:**
CHARLES LINCOLN III
C/O PEYTON FREIMAN
300 EAST RIVERSIDE DRIVE #132
AUSTIN, TEXAS, 78704

### WARRANTY DEED

Property address: 4 Via Corbina, Rancho Santa Margarita, CA 92688

City Tax: 0 dollars as it is being gifted
Transfer Tax: 0 dollars as it is being gifted

On this the __5__ day of June, 2008, the KUDER JR FAMILY TRUST by and through its Trustee Susy Kuder, a single woman, did execute this deed, for valuable consideration, receipt of which is hereby acknowledged, conveying, delivering, granting and transferring all the legal right, title, and equitable interest, without division or reservation, to Charles Edward Lincoln III, a resident of the state of Florida, with mailing address 325 Moorings Cove Drive, Tarpon Springs, Florida, 34689, in the following described land, situated, lying, and being located in Orange County, California, to wit:

LOT 15 OF TRACT NO. 15608, AS SHOWN ON A MAP RECORDED IN BOOK 773, AT PAGE 34 TO 39, INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA

This conveyance is made without warranty or stipulation as to any material fact or legal condition of the property, except that the Grantor KUDER JR FAMILY TRUST by and through its Trustee Susy Kuder has delivered all original records concerning this property to the aforementioned grantee.

Signed and executed in Orange County, California, on this the __5__ day of June, 2008, for ten dollars in hand and other valuable consideration.

In witness whereof, Grantor has hereunto set Grantor's hand and seal on this __5__ day of June, 2008. Signed, sealed, and delivered in our presence:

_Susy Kuder_ Trustee

**GRANTOR, KUDER JR FAMILY TRUST**

Susy Kuder, Trustee

### NOTARY'S JURAT

State of California County of __ORANGE__ Subscribed and sworn to (or affirmed) before me on this __5__ day of __June__, 200_8_, by __Susy Kuder__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)

Signature __Sara Karacuschansky__

Printed Name: __SARA KARACUSCHANSKY__

My Commission Expires: __1-19-2009__



SARA KARACUSCHANSKY
Commission # 1537394
Notary Public - California
Orange County
My Comm. Expires Jan 19, 2009

# EXHIBIT B:
## "Assignment of Rights and Obligations/POA"

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL**
**ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA**

- 1 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

## *Assignment and Associated Rights in Notes and Obligations*

On this the 5ᵗʰ day of June, 2008, Hal Kuder JR., grantor, assignor, transferor, a single man, in conjunction with his Trustee Susy Kuder, a single woman, formerly married to but now legally divorced from Hal Kuder Jr., executed this Assignment of Rights to grantee Charles Edward Lincoln, III, for the purpose of executing this warranty, and thereby California wherefore

Witnesseth, that said grantors, assignors, transferors, Hal Kuder Jr. and Susy Kuder for and in consideration of the sum of $10.00 (ten and no/100 dollars) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt of which is hereby acknowledged, has granted (and did on June 5ᵗʰ 2008, originally sell) unto Charles Edward Lincoln III, and hereby confirms unto the grantee all that certain lot situated in Orange County, California, as well as all their legal and equitable interest in the notes, claims conveying, deliver, granting, and transferring all their legal right, title, and equitable interest in the hereinafter-described land or real estate, situated, lying and being located in Orange County, and obligations which they granted or contractually agreed to with any party arising from and associated with the following described land or real estate (being a lot), situated in Orange County, California:

LOT 15 OF TRACT NO. 15608, AS SHOWN ON A MAP RECORDED IN BOOK 773, AT PAGE 34 TO 39, INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA

And said grantors, assignors, transferors, do hereby fully quit and abandon unto Charles Edward Lincoln III, all of his and her claim in any legal or equitable interest in said land or real estate (being a lot), to said land or real estate, as well as their claims to any note, claims, or obligations which he and she, together, granted or contractually agreed to with respect to any party to Charles Edward Lincoln III, to have and to hold, from this day forward, without limitation or qualification whatsoever.

In witness whereof, grantor, assignor and transferor have set unto the two grantor's hand and seal the day of the above-and-foregoing quite claim deed, to wit 5ᵗʰ June ____ 2008.

Signed, sealed and delivered in our presence:

_Susy Kuder_
_____
GRANTOR, Susy Kuder
4 Via Corbina, Rancho Santa Margarita
Orange County, California, 92688

_____
1ˢᵗ Witness  Monica Pava Alvarez

_Carmen Franco_
_____
2ⁿᵈ Witness
CARMEN FRANCO

_____
GRANTOR, Hal Kuder Jr.

_____
ACCEPTED, Charles Edward Lincoln III

# EXHIBIT C:
## "Peyton Freiman's Declaration"

*APPLICATION FOR TEMPORARY RESTRAINING ORDER*
*CHARLES E. LINCOLN V. GRE DEVELOPMENT INC, ET AL*
*ET AL.CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA*

- 1 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

## DECLARATION OF PEYTON YATES FREIMAN

1. My name is Peyton Yates Freiman and I have never been convicted of a felony or been diagnosed with a mental illness. I am of sound mind and am able to make this declaration.

2. I am the trustee (w/POA) for Charles Edward Lincoln III, the owner of the property located at 4 Via Corbina in Rancho Santa Margarita California.

3. As trustee I am held responsible for any and all property Charles Edward Lincoln III, as beneficiary, owns.

4. On or about June 5th 2008 he received the property located at 4 Via Corbina, from Hal Kuder and Susy Kuder by Warranty Deed. This conveyance was made to Lincoln in an effort to find the "holder in due course" pertaining to the original loan made from Wells Fargo to Hal Kuder. Lincoln and I were essentially given the property to find the note.

5. On or about November 8th 2008 he filed suit against Cal-Western Reconveyance and Wells Fargo (case no: 08-cv-1334-DOC).

6. The above cited case is still pending as of September 15th, 2009.

7. On or about July 11th 2009, I received a call from a Constable hired by GRE Development who informed me that a property located at 4 Via Corbina in Rancho Santa Margarita had apparently been sold. He was called because GRE Development informed me that they were going to try to press criminal charges for an unknown crime.

8. GRE Development proceeded to threaten and harangue our tenant Deanna D'Angelo who was renting the property from us, as of May 2009.

9. GRE Development to my knowledge never proceeded with an official eviction proceeding against our Tenant, because she was intimidated enough to leave on her own accord.

10. When I spoke with a representitive from GRE that particular day with the Constable there I asked him for proof that GRE actually owned the property. He gave me the number of the president of GRE, Ron Elton. I called him and he told me to call Steven D. Silverstein, their attorney.

11. I called Steven D. Silverstein the same day who refused to provide any paperwork and proceeded to try and intimidate me by saying that I was in violation of "some real estate law" that precluded me from acting as a property manager without a license. He never told me what the law was. He did, however hang up on me after telling me that he was going to get the District Attorney involved. He was not kind enough to tell me what law I had broken by asking for a Deed of Sale, nor what law I had broken by acting as property manager NOR why on earth a DA from California would do with all of this, as a civil matter and not a criminal matter.

12. I repeatedly tried to call Silverstein afterward but he would not return or respect any of my calls.

13. I finally visited the property in September 4th 2009 only to find that Silverstein was trying to sell it through a broker who worked for Coldwell Banker named Dennis Stacy. I took two pictures of it:





14. I called Dennis Stacy to ask if he was indeed trying to sell the property located at 4 Via Corbina. He told me yes. I asked him who the owners were and he told me that "I didn't need to know who they were". I have no idea why he WOULDN'T give me information. He gave me reason to believe that GRE does not own the property, else he would have told instead of dodging the question.

15. The same day, September the 4th, 2009 I tried to get a locksmith to change the locks, because GRE had changed it, about a week after we changed the locks. GRE had apparently spoken to the neighbors telling them to call the cops on anyone who would approach the house. A cop approached the locksmith and made him leave.

16. I ended up having to get another locksmith to change the locks. I finally saw the eviction papers and the default judgment on September 5th 2009.

17. I have tried repeatedly to inform Silverstein of the pre-existing complaint and Charles Lincoln did it through emails. He has consistently ignored us. I have never been served with any eviction suit myself as an interested party though I have told Silverstein that I am Lincoln's trustee.

Further Declarant sayeth nought,

September 15th, 2009,

Peyton Freiman
603 Elmwood #5
Austin, TX 78705
512.923.1889
freimanthird@gmail.com

EXHIBIT D:

"3 Day Notice"

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

# EXHIBIT E:
## "Silerstein's Eviction Suit"

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HAL KUDER JR., CHARLES LINCOLN, MICHAEL HARRIS; DOES I
TO 5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRE DEVELOPMENT, INC., AS TRUSTEE OF THE VIA CORBINO
TRUST

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
23141 MOULTON PKWY., 2ND FLOOR
LAGUNA HILLS, CA 92653-1206
HARBOR JUSTICE CENTER-LAGUNA HILLS

**CASE NUMBER:**
*(Número del caso):*
30-2009
00291381

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEVEN D. SILVERSTEIN    86466            714-832-3651
ATTORNEY AT LAW
14351 REDHILL AVE., SUITE G
TUSTIN, CA 92780

3. *(Must be answered in all cases!)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:                           Clerk, by _____, Deputy
*(Fecha)* AUG 0 7 2009  ALAN CARLSON   *(Secretario)* C. Long   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)          [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**
*Legal Solutions*
Code of Civil Procedure §§ 4*2.20, 415.456, 1167

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN D. SILVERSTEIN      86466<br>ATTORNEY AT LAW<br>14351 REDHILL AVE., SUITE G<br><br>TUSTIN, CA 92780<br>TELEPHONE NO.: 714-832-3651      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  PLAINTIFF | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: COUNTY OF ORANGE
MAILING ADDRESS: 23141 MOULTON PKWY., 2ND FLOOR
CITY AND ZIP CODE: LAGUNA HILLS, CA 92653-1206
BRANCH NAME: HARBOR JUSTICE CENTER-LAGUNA HILLS

PLAINTIFF: GRE DEVELOPMENT, INC., AS TRUSTEE OF THE VIA CORBINO TRUST
DEFENDANT: HAL KUDER JR.,CHARLES LINCOLN,MICHAEL HARRIS

[X] DOES 1 TO 5

| **COMPLAINT — UNLAWFUL DETAINER\*** | CASE NUMBER: |
|---|---|
| [X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):* | |

**Jurisdiction** (*check all that apply*):

[X] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded    [X] **does not exceed $10,000**
                        [ ] **exceeds $10,000 but does not exceed $25,000**

[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)

[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint  *(check all that apply):*
     [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
     [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

*(handwritten: 30-2009  00291381)*

1. PLAINTIFF *(name each):* GRE DEVELOPMENT, INC., AS TRUSTEE OF THE VIA CORBINO TRUST

   alleges causes of action against DEFENDANT *(name each):* HAL KUDER JR.,CHARLES LINCOLN,MICHAEL HARRIS

2. a. Plaintiff is     (1) [ ] an individual over the age of 18 years.    (4) [ ] a partnership.
                     (2) [ ] a public agency.                    (5) [X] a corporation.
                     (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   4 VIA CORBINO,RANCHO SANTA MARGARITA, CA 92688,ORANGE COUNTY

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):*                defendant *(name each):* HAL KUDER JR.,CHARLES
    LINCOLN,MICHAEL HARRIS

    (1) agreed to rent the premises as a   [ ] month-to-month tenancy   [ ] other tenancy *(specify):*
    (2) agreed to pay rent of $        payable [ ] monthly   [ ] other *(specify frequency):*
    (3) agreed to pay rent on the   [ ] first of the month   [ ] other day *(specify):*
   b. This [ ] written   [ ] oral   agreement was made with
    (1) [ ] plaintiff.                      (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent.             (4) [ ] other *(specify):*

Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**   Legal<br>                                         Solutions

Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166

6. c. ☐ The defendants not named in item 6a are

    (1) ☐ subtenants.

    (2) ☐ assignees.

    (3) ☐ other *(specify)*:

  d. ☐ The agreement was later changed as follows *(specify)*:

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6I is checked. See Code Civ. Proc., § 1166.)*

  f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:

    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant *(name each)*: HAL KUDER JR.,CHARLES LINCOLN,MICHAEL HARRIS

    was served the following notice on the same date and in the same manner:

    (1) ☐ 3-day notice to pay rent or quit     (4) ☐ 3-day notice to perform covenants or quit

    (2) ☐ 30-day notice to quit     (5) ☒ 3-day notice to quit

    (3) ☐ 60-day notice to quit     (6) ☐ Other *(specify)*:

  b. (1) On *(date)*: 8-6-09     the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. ☒ The notice included an election of forfeiture.

  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) ☐ by personally handing a copy to defendant on *(date)*:

    (2) ☐ by leaving a copy with *(name or description)*:

       a person of suitable age and discretion, on *(date)*:     at defendant's

       ☐ residence ☐ business  AND mailing a copy to defendant at defendant's place of residence on

       *(date)*:     because defendant cannot be found at defendant's residence or usual place of business.

    (3) ☒ by posting a copy on the premises on *(date)*: 8-3-09     ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 8-3-09

       (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

       (b) ☒ because no person of suitable age or discretion can be found there.

    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:

    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name)*:

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.