Charles Edward Lincoln
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: 512-968-2500
Facsimile: 561-691-1423
E-Mail: charles.lincoln@rocketmail.com
Plaintiffs *in propia persona*



### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION
### (SANTA ANA)

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br>    Plaintiff,<br><br>v.<br><br>STEVEN D. SILVERSTEIN,<br>RON ELTER,<br>GRE DEVELOPMENT, INC., individually<br>and as agents, and all other defendants, et al,<br>And all JOHN & JANE DOES 1-20,<br>    Defendants. | Case No. SACV09-1072 DOC (Ex)<br><br>TRIAL-BY-JURY DEMANDED<br><br>LINCOLN'S RESPONSE TO<br>STEVEN D. SILVERSTEIN'S<br>MOTION TO DISMISS |

### PLAINTIFF'S RESPONSE TO 12(b)(1) & 12(b)(6)

Plaintiff Charles Edward Lincoln comes before the Court with this response to Steven David Silverstein's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### FIRST AMENDED COMPLAINT, TWO ADDITIONAL PLAINTIFFS

On Monday, December 7, 2009, original plaintiff Charles Edward Lincoln was joined in filing his First Amended Complaint by two additional plaintiffs, Christyna Lynn Gray and Renada Nadine March with parallel complaints against Steven David Silverstein arising from parallel actions for forcible detainer and evictions. The Plaintiffs submit that a class action can and should be certified in this case because of a common nucleus of operative fact and controlling law. Among these common elements of fact and law are (1) that Silverstein and the entities he represents apparently have a much closer relationship to the banks and servicers than described

by the term or phrase "Bona Fide Purchaser" as used in California Civil Code §2924, (2) Silverstein is not merely acting as an attorney for the bona fide purchaser of property sold at auction in each transaction.

## SILVERSTEIN NOT ACTING FOR BONA FIDE PURCHASERS

On the contrary, Silverstein appears to be either an interested party or an officer, director, or owner of an interested party, especially in the case of the actions taken in regard to Plaintiff Lincoln's property at 4 Via Corbina, in that Silverstein shares an office address with GRE Development/4 Via Corbina Trust, so that Silverstein is not entitled to the protections of California Civil Code §1714.10. Accordingly a class action can potentially be stated and should be certified with regard to the applicability of these two separate California Civil Code Sections, which are alleged to be either unconstitutional as a matter of federal law either "on their face" or "as applied."

In the case of Plaintiff Christyna Gray, it appears that Silverstein is a servant or independent contractor working under the direction of either Defendant JP Morgan Chase Bank, N.A., or Quality Loan Servicing, Inc.. Another issue for class certification is that all of the alleged "foreclosure sales" are in fact merely sham transactions to cut off Plaintiff's right, title, and interest on paper, utilizing the cited provisions of the insulating subsequent bona fide purchaser for value defense originating in §2924 as a cover up to fraud and deceit. It used to be said, at common law, that "a thief takes no title", but California Civil Code §2924 seems to solve that whole problem very neatly (for the fraudulent buyers and sellers, anyhow....).

The relationship between allegedly foreclosing seller JP Morgan Chase and First Newport Properties, LLC, and their attorney Steven David Silverstein appears to be one of "master and servant" rather even than a relationship of client/independent agent or contractor, in that JP Morgan Chase appears to have the

*PLAINTIFF'S DECEMBER 7, 2009 RESPONSE TO SILVERSEIN'S* - 2 -  
*MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(1)-(6)*  

*Charles E. Lincoln, Plaintiff, pro se*  
*c/o Peyton Yates Freiman*  
*603 Elmwood Pl., #6, Austin, TX 78705*

power, or to represent to Christyna Lynn Gray that they have the power, immediately to rescind both the sale of Plaintiff Gray's property and the forcible eviction and detainer action filed by Silverstein on a moment's notice, as of Monday, December 7, 2009.

In all these cases, the patterns of Silverstein's operation, his "m.o." is one of secrecy, surprise, and deceit. Plaintiffs submit that to the degree that the statutory law of the State of California insulates crooks and thieves by creating certain "conclusive presumptions" those provisions of statutory law constitute unconstitutional impairments of the rights and obligations of contract, operate as state assistance to deprive persons of property by fraud without due process of law.

### JURISDICTION and 12(b)(1)

The First Amended Complaint states several civil rights causes of action for declaratory judgment and injunction against Silverstein and the Orange County Sheriff's Department from enforcing forcible detainers obtained by fraud or in violation of constitutional rights. Plaintiff Lincoln has been joined by two long-time California Plaintiffs so there is no longer any question of diversity jurisdiction under 28 U.S.C. §1332.

### SILVERSTEIN (ROTHMAN) CONFUSES AFFIRMATIVE DEFENSES SUCH AS CALIFORNIA CIVIL CODE §§1714.10 & 2924 WITH 12(b)(6) FAILURE TO STATE CAUSES OF ACTION

Affirmative Defenses do not preclude the filing of complaints, if properly pled in an answer they merely raise defenses available to a Defendant, on which the Defendant bears the burden of proof. California Civil Code §§1714.10 and 2924 set up affirmative defenses which, if constitutional, must still be pled and proven by the Defendant or Defendants asserting them, in this case Silverstein, Elter, 4 Via Corbina Trust, and GRE Development, Inc.. It is more ambiguous whether the tender rule offer articulated by Silverstein on pages 9-1- is a 12(b)(6) "failure to state a claim"

*PLAINTIFF'S DECEMBER 7, 2009 RESPONSE TO SILVERSEIN'S*   - 3 -   Charles E. Lincoln, Plaintiff, pro se
*MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(1)-(6)*     c/o Peyton Yates Freiman
    603 Elmwood Pl., #6, Austin, TX 78705

issue or an affirmative defense, but in any case, Lincoln in the First Amended Complaint corrects Defendant's misinformation that no tender was made to Wells Fargo Bank, because tender was in fact made by Lincoln shortly after assuming the obligations, rights, and claims previously belong to Hal Kuder, Jr., in June 2008.

**CERTIFICATE OF SERVICE:**

Plaintiff Charles Edward Lincoln is the only Plaintiff under the First Amended Complaint with an interest or need to respond to Silverstein's Motion to Dismiss. Plaintiff Lincoln will serve this Motion immediately upon the Defendant's counsel by facsimile transmission to (714) 363-0229 as well as by electronic (e-mail) attachment to Larry Rothman's e-mail address shown as tocollect@aol.com on the cover sheet of Rothman's original filing for Defendant Silverstein.

Respectfully submitted,

Monday, December 7, 2009

Charles Edward Lincoln, III, pro se
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: 512-968-2500
Facsimile: 561-691-1423

charles.lincoln@rocketmail.com

PLAINTIFF'S DECEMBER 7, 2009 RESPONSE TO SILVERSEIN'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(1)-(6)   - 4 -   Charles E. Lincoln, Plaintiff, pro se
c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705