1
2
3  CHRISTYNA LYNN GRAY
   16351 Arlington Lane
4  Huntington Beach, Orange County
   California 92649
5  Tel: 714-846-4665
6  E-mail: christynagray@gmail.com
   Plaintiff *in propia persona*
7
   Charles Edward Lincoln, III
8  c/o Peyton Yates Freiman
   603 Elmwood Place, Suite #6
9  Austin, Texas 78705
   Telephone: 512-968-2500
10 Facsimile: 561-691-1423
   E-Mail: charles.lincoln@rocketmail.com
11 Plaintiff *in propia persona*
12 RENADA NADINE MARCH
   7 Bluebird Lane
13 Aliso Viejo, California 92656
14 Tel: 949-742-0436
   E-mail: renadajewel@gmail.com
15 Plaintiff *in propia persona*

16        **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**
17              **(SANTA ANA)**

18 CHRISTYNA LYNN GRAY,              §
   CHARLES EDWARD LINCOLN, III,     §
19 RENADA NADINE MARCH,             §
20        Plaintiff,                §
                                     §
21 v.                               §   Case No. SACV09-1072 DOC (Ex)
                                     §
22 STEVEN DAVID SILVERSTEIN,        §
   RON ELTER, JOHN RAMPELLO,        §
23 GRE DEVELOPMENT, INC., individually §   **FIRST AMENDED COMPLAINT**
   and as agents and trustees of the §
24 4 Via Corbina Trust, Christopher Archuleta, §
   MERS (Mortgage Electronic Registration §   **SUGGESTION OF CLASS for**
25 Services), other unnamed Attorney §   **CERTIFICATION UNDER**
   Defendants John & Jane Does 1-10, §   **FRCP RULE 23**
26 MEGLADON FINANCIAL, L.L.P.,      §
   ATLAS PROPERTIES REAL ESTATE,    §
27 JAMES RADWAN, ROCHELLE MATKIN §
   TRUSTEE CORPS, RUSSELL BELL,     §
28 QUALITY LOAN SERVICE Corp.,      §
   FIRST NEWPORT PROPERTIES, LLC,   §

*PLAINTIFF'S FIRST AMENDED COMPLAINT*                - 1 -
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  JOHN MURK, DIANNE D'AGNOLO,    §
   The Honorable SANDRA HUTCHENS,    §
4  THE SHERIFF OF ORANGE COUNTY,    §
   JP MORGAN CHASE (as successor in    §
5  Interest to WASHINGTON MUTUAL),    §
   ONEWEST BANK, N.A. (as successor in    §
6  Interest and Alleged assignee of Indymac),    §
   CAL-WESTERN RECONVEYANCE,    §    TRIAL-BY-JURY DEMANDED
7  WELLS FARGO BANK, N.A.,    §    OF ALL ISSUES SO TRIABLE
8  DENNIS STACY, COLDWELL BANKER, §    AT COMMON LAW, UNDER
   And JOHN & JANE DOES 11-20,    §    THE 7th AMENDMENT
9      Defendants.    §    28 U.S.C. §1861 *et seq.*
   §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§
10

11                    **FIRST AMENDED COMPLAINT**

12  **(1)**    Original Plaintiff Charles Edward Lincoln is now joined in this First Amended

13  Complaint by RENADA NADINE MARCH and CHRISTYNA LYNN GRAY, who

14  come together to complain jointly and severally of Attorney Steven David

15  Silverstein, the Honorable Sandra Hutchens, Sheriff of Orange County, three

16  mortgage finance "lending" banks (Chase, OneWest, Wells Fargo) their servicers

17  (Cal Western Reconveyance, Quality Loan Servicing, Trustee Corps), and an array

18  of investors, their officers, and real estate agents, employees, and co-conspirators.

19  **(2)**    Defendants have, together, utilized certain customs, practices, and policies

20  having the force of law of and in the State of California, and in particular of Orange

21  County and the California Superior Courts of Orange County, to effect numerous

22  violations of civil rights in connection with foreclosure of real estate notes and the

23  seizure ("forcible detainer" or "eviction") cases.

24  **(3)**    This court has Federal Question Jurisdiction under 28 U.S.C. §§1331, 1343,

25  and 42 U.S.C. §§1981, 1982, 1983, and 1988(a) to hear both suits for damages and

26  petitions for declaratory relief and venue is proper because most of the events giving

27  rise to the present causes of action took place in Orange County, California.

28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 2 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                          *c/o Peyton Yates Freiman*
                                                                  *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(4)**    Plaintiffs suggest under Fed. R. Civ. Pro. Rule 23 that this case involves issues

4    affecting such a large number of Plaintiffs, whose identity and whereabouts are

5    difficult to ascertain, that a class action is the most efficient, feasible, and judicially

6    economical means of resolving the issues herein raised, and that the Court should

7    utilize its discretion to appoint competent class counsel to represent the Plaintiffs in

8    this case and the class of plaintiffs of which they are members.

9                              **FACTUAL & LEGAL BACKGROUND**

10    **(5)**    Plaintiffs were brought together by their mutual horror and disgust at the

11    illegal actions and opprobrious conduct of one particular attorney, Steven David

12    Silverstein, who appears to be among the leading practitioners implementing the

13    following customs, practices and policies having the force of law in California which

14    effect a systematic deprivation of the fundamental constitutional rights of the

15    Plaintiffs, and thousands of other plaintiffs whose identity is unknown:

16    **(6)**    Conducting non-judicial foreclosure sales during negotiations for loan

17    modification in defraud and defeasance of the implied covenant of good faith and

18    fair dealing;

19    **(7)**    Conducting non-judicial foreclosure sales during the pendency of material

20    disputes, including actual pending litigation concerning title and standing to collect

21    debts under color of laws which effectively preclude contests to title & standing;

22    **(8)**    Initiating eviction proceedings in California Superior Court without any

23    reasonable prior notice of sale of property, as the primary and preferred means of

24    informing occupants/mortgagors or their assignees, of the existence of sales;

25    **(9)**    Imposing and conducting a system of judicial evictions in California Superior

26    Courts after non-judicial foreclosures, all of which are "rigged" in the sense of

27    outcomes predetermined in favor of evicting parties, in such a manner that title

28    disputes concerning the right to foreclose or evict from properties has been all but

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 3 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                    *c/o Peyton Yates Freiman*
                                                        *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  abolished; California stands almost alone in the United States of America in not
4  giving disputes over title legal superiority and priority to disputes over possession;
5  (10)   Imposing and conducting a system of judicial evictions in California Superior
6  Courts after non-judicial foreclosures which interfere with and impair the common
7  law and statutory obligations of contract in violation of the Constitution, and which
8  denies to certain classes of people, namely mortgagors, the equal rights to
9  (11)   inherit, purchase, lease, sell, hold, and convey real and personal property
10  (within the meaning of 42 U.S.C. §1982) and
11  (12)   to make and enforce contracts, to sue, be parties, give evidence, and to the full
12  and equal benefit of all laws and proceedings for the security of persons and property
13  (within the meaning of 42 U.S.C. §1981(a)).
14  (13)   For purposes of this complaint, the term "make and enforce contracts"
15  includes the making, performance, modification, and termination of contracts, and
16  the enjoyment of all benefits, privileges, terms, and conditions of the contractual
17  relationship (within the meaning of 42 U.S.C. §1981(b);
18  (14)   For purposes of this complaint, Plaintiffs contend that 42 U.S.C. §1981, and
19  42 U.S.C. §1982 are the key federal civil rights statutes because they together outline
20  and guarantee general, federally secured and specified, equal civil rights in the
21  making of contracts and ownership of property; Plaintiffs submit that these statutes,
22  regardless of their Reconstruction-era origins, should be construed as "color blind"
23  under modern Supreme Court interpretations of civil rights so that equal rights to
24  make and enforce contracts, to sue, be parties, and give evidence concerning the
25  rights arising therefrom, including the right to own property, should both be applied
26  and construed as though they did not contain the nearly identical phrase, "as is
27  enjoyed by white citizens" and/or "as is enjoyed by the white citizens thereof;"
28  Plaintiffs submit and contend that the law must be applied in fact to guarantee civil

PLAINTIFF'S FIRST AMENDED COMPLAINT     -4-     Charles E. Lincoln, Plaintiff, pro se
GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.     c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705

1
2
3   rights in the making and enforcement of contracts and the ownership of property to
4   all citizens, and not merely that non-white citizens may not be denied their civil
5   rights "any more" than such rights are denied to white citizens, which is a possible
6   construction of civil rights jurisprudence prior to 1989.
7   (15)   Plaintiffs submit, in brief that the situation in the California Superior Courts
8   relating to the enforcement and application of non-judicial foreclosures by judicial
9   evictions has reached a crisis of epidemic or even pandemic proportions, especially
10  in Orange County, and
11  (16)   that the civil rights of mortgagors to "to make and enforce contracts, to sue, be
12  parties, give evidence, and to the full and equal benefit of all laws and proceedings
13  for the security of persons and property" are being severely infringed under color of
14  California law and in particular the judicial norms
15  (17)   which apply to the conduct and resolution of Superior Court cases challenging
16  the standing of certain servicers or entities claiming standing to foreclose on real-
17  estate notes, such that the very right "inherit, purchase, lease, sell, hold, and convey
18  real and personal property" is being infringed or even curtailed.
19  (18)   In other words, the laws of the State of California as applied, in particular
20  §2924 of the Code of Civil Procedure and related statutes, are being so applied and
21  enforced as to effectively abolish both private property and the rights to full and
22  equal benefits of the laws for the security of persons and property.
23  (19)   Although the present Plaintiffs are all white Anglo-Saxon and Protestant, they
24  know of no racial elements to this epidemic of civil rights violations, because they
25  allege that the class which should be certified in this case will include tens if not
26  hundreds of thousands of African Americans, Hispanic Surname Americans, Asian
27  Americans, and Native Americans as well as whites, and accordingly, they submit
28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*      - 5 -      *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  that the essence of 42 U.S.C. §§1981, 1982, can be best preserved and applied

4  without the qualifying language "as is enjoyed by white citizens."

5  (20)  Further, the Plaintiffs submit that this United States District Court should

6  apply to 42 U.S.C. §§1981 and 1982 the principles articulated by the United States

7  Supreme Court repeatedly over the past twenty years that all government racial

8  classifications (including Federal classifications) must be analyzed by a reviewing

9  court under strict scrutiny in the modern line of equal protection cases going back to

10  the 1989 decision in *Richmond v. Croson. Adarand Constructors, Inc. v. Peña,* 515

11  U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), *Johnson v. California*, 336

12  F.3d 1117, 2003 Daily Journal D.A.R. 8295, (9th Cir., Jul 28, 2003), *Grutter v.*

13  *Bollinger*, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003 Daily Journal

14  D.A.R. 6800, (U.S., Jun 23, 2003), *Johnson v. California*, 543 U.S. 499, 125 S.Ct.

15  1141, 160 L.Ed.2d 949, 2005 Daily Journal D.A.R. 2118, (U.S., Feb 23, 2005), *City*

16  *of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854,

17  (U.S.Va., Jan 23, 1989).

18  (21)  Plaintiffs Gray, Lincoln, and March herein submit and suggest that (despite

19  their dispositive relevance to this case) the racial element of 42 U.S.C. §1981 has

20  largely if not entirely outlived its usefulness, and that if the word "white" (before

21  citizens) in 42 U.S.C. §1981 is replaced (at least conceptually) by the word "all free,

22  fully enfranchised", then the law will acquire new and magisterial vigor in the

23  modern world, and promote a more just and equitable society, especially in the

24  context of the last seven years, in which more and more people (of all racial origins)

25  have with increasing frequency and ferocity, been denied their equal right to access

26  to the courts and to the formal and substantive rights and procedures essential to

27  ensure true due process of law.

28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*                    - 6 -                    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                                            *c/o Peyton Yates Freiman*
                                                                                         *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3    (22)   The Plaintiffs in this case are, to be sure, White Anglo-Saxon Protestant
4    Suburbanite by racial and class categorization, but this classification itself is antique
5    and pointless.   The classes involved in this case are the mortgagors vs. the
6    mortgagees, those who use and enjoy private property against those who wish to
7    monopolize it, and on another level, real property holders vs. false debt collectors.
8    **COUNT I: Civil Rights Declaratory Judgment (42 U.S.C. §§1983, 1988(a))**
9    (23)   Plaintiffs reallege ¶¶ (1)-(22) as if fully copied and restated herein below.
10   (24)   Plaintiffs Lincoln, March, and Gray allege that it is the custom, practice, and
11   policy of Defendant Steven David Silverstein, other attorneys similarly situated
12   (Defendants Doe 1-10) the Sheriff of Orange County, and the Judges and Clerks of
13   the Superior Court of Orange County to violate 42 U.S.C. §§1981-1982 by
14   administering and imposing a judicial regime wherein mortgagors are always, in all
15   cases dispossessed by forcible detainers, often with no prior notice of sale or transfer
16   of interest in their properties.
17   (25)   The enforced consistent pro-Plaintiff results of Orange County evictions can
18   be demonstrated statistically and by narrative evidence to show that there is no
19   equality of access to the courts, nor any equal right "to sue, be parties, give evidence,
20   and to the full and equal benefit of all laws and proceedings for the security of
21   persons and property" all under color of law in violation of the First, Fifth, Ninth and
22   Fourteenth Amendments to the Constitution.
23   (26)   Wherefore, Plaintiffs pray that this Court declare and adjudge the nature of the
24   Orange County Superior Court custom, practice or policy concerning the resolution
25   of non-judicial foreclosures and judicial evictions, as well as the allied and related
26   policy of the Orange County Clerks and Sheriff's department in administering and
27   enforcing this policy, and that thereupon the Court
28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*          - 7 -          *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                                  *c/o Peyton Yates Freiman*
                                                                *603 Elmwood Pl., #6, Austin, TX 78705*

(27)   Declare and adjudge that these customs, practices, and policies administered and enforced in Orange County are wholly unconstitutional and offensive to principles of due process of law, the right to petition, and the rights of the people secured by 42 U.S.C. §§1981-1982, as well as the 5th and 14th amendments, such that

(28)   All such policies should be declared unconstitutional, null and void and all decisions reached and transfers of title thereunder during the past year likewise be declared null and void and finally that

(29)   Steven David Silverstein, Orange County Sheriff Sandra Huchens, and all of their agents or employees be now and forever enjoined from continuing or perpetuating these customs, practices, and policies in Orange County or elsewhere.

(30)   Wherefore, Plaintiffs pray for their costs of suit incurred in obtaining these declaratory judgments, and that a permanent injunction shall issue against all the Defendants, their employees, assigns, officers, and successors in interest never again to enforce unconstitutional non-judicial foreclosures and judicial evictions in violation of 42 U.S.C. §§1981, 1982.

**COUNT II: Declaratory Judgment re: Breach of Good Faith & Fair dealing**

(31)   Plaintiffs reallege ¶¶(1)-(30) as if fully copied and restated herein below.

(32)   Plaintiffs March and Gray allege that they were engaged in negotiations to modify their mortgages at the time that their homes were sold and eviction proceedings initiated, and that Defendants One West Bank and Chase Bank had agreed to extend these modifications as a full tender of payment on the loans.

(33)   Plaintiffs March and Gray further allege that they were engaged in bankruptcy proceedings, and that their alleged lenders One West Bank and Chase Bank had specifically agreed to accept the results of bankruptcy discharge as a basis for restructuring and modification of their loans, in tender of full discharge of the previous mortgage notes.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*
- 8 -
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    (34)   Plaintiffs March and Gray further allege that (respectively) One West and

4    Chase conducted secret sales of their property while bankruptcy and/or negotiations

5    were in full swing and pending, without any notice or disclosure to these Plaintiffs.

6    (35)   Plaintiff Lincoln alleges that he tendered payment in full to Wells Fargo prior

7    to sale, conditioned only on proof by Wells Fargo of Status as holder in due course

8    of Hal Kuder's note, which had been assigned to Lincoln, and that Wells Fargo

9    either affirmatively rejected his tender or implicitly rejected it by silence, and then

10   proceeded to conduct a secret sale of the property even when litigation was pending

11   without any notice to him.

12   (36)   Plaintiffs Lincoln, March, and Gray allege that the conduct of Chase Bank,

13   N.A., One West Bank, N.A., and Wells Fargo Bank, N.A., was outrageous and

14   unconscionable, and constituted such complete derogation from and violation of the

15   implied covenant of good faith and fair dealing under California Common and

16   Statutory Law that the sales effected for their respective properties are and ought to

17   be declared nullities without any legal force or effect, so that any evictions resulting

18   from these foreclosures was illegal and therefore subject to claims for all actual,

19   consequential, direct, derivative, and special damages.

20   (37)   WHEREFORE, Plaintiffs Lincoln, March, and Gray pray for declaratory

21   judgment in their favor and against Defendants Wells Fargo, One West, and Chase

22   Bank, to nullify the sales of the property concerned and

23   (38)   Plaintiffs further pray that the banks, servicers, and attorneys who conducted

24   these sales be assessed all of the Plaintiffs' actual damages, and that judgment be

25   entered rescinding, reversing, and/or voiding all three sales to GRE Development,

26   Megladon Financial, and Newport Properties or any party taking thereunder.

27   (39)   In addition, because of his actual and superior professional knowledge,

28   Plaintiffs pray that Defendant Steven David Silverstein be assessed treble their actual

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    -9-    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                  *c/o Peyton Yates Freiman*
                                                                *603 Elmwood Pl., #6, Austin, TX 78705*

damages and costs of suit as punitive and exemplary damages, to punish his outrageous conduct and serve as an example to deter others similarly situated from engaging in similar conduct.

### COUNT III: California Civil Code Section 1714.10 is UNCONSTITUTIONAL

(40)    Plaintiffs reallege ¶¶(1)-(39) as if fully recopied and restated herein below.

(41)    The California law providing that

> No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorneys' representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civili conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.

violates 42 U.S.C. §1981 in that it creates special classes of privileged citizenry and denies both equal protection of the law and due process of law to certain classes of citizens (non-lawyers). The Court should declare and adjudge that California Civil Code §1714.10 is facially unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution as a denial of the right to Petition, denial of due process, infringement upon the rights reserved to the people, and a violation of equal protection of laws by creating a privileged class.

(42)    The creation of this privileged class of attorneys also and further violates both Article 1, §9, Cl. 8 & §10, Cl. 1, of the United States Constitution by effectively creating a title of nobility, as well as violating the privileges and immunities clause of Article IV, §1, Cl. 2 by creating for California lawyers a special privilege and immunity not available to citizens of any other of the several states.

(43)    No state can grant to any of its citizens special privileges or immunities which discriminate against citizens of other states or create an inequality between citizens of one state and those of another, but Cal Civil Code §1714.10 has this precise effect.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*
- 10 -
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    (44)  WHEREFORE, Plaintiffs pray that California Civil Code §1714.10 be

4    declared unconstitutional, null and void for all purposes and applications, and will

5    grant them all their reasonable costs of suit as well as permitting them to sue

6    Silverstein for all their actual damages resulting from his collusion and conspiracy

7    with other Defendants and non-Defendants, including Superior Court Judges who

8    may be immune from suit.

9    **COUNT IV: Cal. Civil Code §1714.10 DOES NOT IMMUNIZE SILVERSTEIN**

10   (45)  Plaintiffs reallege ¶¶(1)-(44) as if fully copied and restated herein below.

11   (46)  Plaintiffs allege that Silverstein and Elter and several Defendants John Doe are

12   partners and investors in the real properties seized in eviction proceedings.

13   (47)  In particular, GRE Development shares an office with Steven David

14   Silverstein and the 4 Via Corbina trust, and Plaintiffs allege that Silverstein is acting

15   not merely in the course of representation of a client in Lincoln's case (4 Via

16   Corbina/GRE Development) at least, but on his own behalf and for his own benefit.

17   (48)  There was no arms length transaction involving the sale of 4 Via Corbina and

18   so GRE Development and/or the 4 Via Corbina Trust are not bona fide purchasers

19   for value---they could not have been bona fide purchasers in any event because they

20   took from Cal-Western Reconveyance nine months after Charles Edward Lincoln

21   tendered payment in full to Wells Fargo Bank and Cal-Western Reconveyance,

22   asking only for proof of Wells Fargo's status as "holder in due course" which is

23   merely "conditional" in the sense that Wells Fargo prove its entitlement to collect so

24   much as one dime on the subject property 4 Via Corbina in Rancho Santa Margarita.

25   (49)  Plaintiffs further allege that any rule, even if not facially unconstitutional, is

26   unconstitutional as applied according to a state judicial norm "which requires a

27   judicial determination of reasonable probability of success prior to permitting the

28   filing of an action against an attorney based on a claim of civil conspiracy with a

*PLAINTIFF'S FIRST AMENDED COMPLAINT*                    - 11 -                    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v.  SILVERSTEIN et al.*                                              *c/o Peyton Yates Freiman*
                                                                                              *603 Elmwood Pl., #6, Austin, TX 78705*

client" because such a rule (as articulated by Defendants) constitutes a per se denial of equal access to the courts due process and of equal access to the courts and legal processes in violation of 42 U.S.C. §1981.

(50)    Access to discovery of facts is a key element of due process of law and equal access to the Courts as discovery procedures are often critical to the determination of the accuracy or inaccuracy of any legal complaint, suit at law, or equitable action.

(51)    Plaintiffs allege that Steven David Silverstein's relationship with the Judges of the Orange County Superior court is so close and intimate that there exists a continuing and ongoing agreement and understanding between them in derogation of due process of law and equal protection of persons and property, in violation of 42 U.S.C. §§1981, 1982 and also of the 5th and 14th Amendments.

(52)    WHEREFORE, Plaintiffs pray that (in the alternative to the previous count) even if California Civil Code §1714.10 is not unconstitutional on its face, it is either unconstitutional as applied to Steven David Silverstein or simply does not, as a matter of fact or law, apply to Silverstein at all, and Plaintiffs pray that this Court will so declare and adjudge, granting them all their costs of suit, in addition to the full and unfettered right to recover from Silverstein all of their damages for civil conspiracy with other Defendants and non-defendants, including collusion or conspiracy with Superior Court Judges who may be otherwise immunized from suit.

### COUNT V: Cal. Civil Code §2924 Unconstitutionally Impairs Contract

(53)    Plaintiffs reallege ¶¶(1)-(52) as if fully copied and restated herein below.

(54)    California Civil Code §2924 is expressly designed to impair the obligations and rights of and arising under contracts relating to mortgages and promissory notes, and to create grossly favored and unfavored classes of property owners based in large part on willingness to lie and nothing else; any statute designed to create unequal classes of litigants in Court directly violates 42 U.S.C. §1981, and California

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 12 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  Civil Code §2924 irrationally and unfairly grants certain classes of individuals

4  superior rights "to make and enforce contracts, to sue, be parties, give evidence, and

5  to the full and equal benefit of all laws and proceedings for the security of persons

6  and property" and thereby also creates unequal classes of people with regard to the

7  rights "to inherit, purchase, lease, sell, hold, and convey real and personal property."

8  (55)  California Civil Code §2924 provides in part:

9        (c) A recital in the deed executed pursuant to the power of sale of
10          compliance with all requirements of law regarding the mailing of copies
             of notices or the publication of a copy of the notice of default or the
11          personal delivery of the copy of the notice of default or the posting of
             copies of the notice of sale or the publication of a copy thereof shall
12          constitute prima facie evidence of compliance with these requirements
13          and conclusive evidence thereof in favor of bona fide purchasers and
             encumbrancers for value and without notice.

14 (56)  This provision irrationally denies equal rights to sue and give evidence to

15 mortgagees whose properties were the victims of fraudulent foreclosures

16 (foreclosures instituted or prosecuted by any party, principal, witness, or attorney

17 willing either knowingly or negligently to present false recitations regarding

18 compliance with statutory provisions regarding service and delivery of notices).

19 (57)  All three Plaintiffs in this case can and truthfully do and will deny under oath

20 that Defendants Wells Fargo Bank, One West Bank, JP Morgan Chase, Cal-Western

21 Reconveyance, Quality Loan Service, or Trustee Corps, or Steven David Silverstein

22 or any of their agents or employees actually complied with all or in fact any of the

23 procedural requirements of noticing default or notice of sale or of three day notice to

24 quit prior to initiating eviction actions.

25 (58)  For a law to provide that mere recitation in a deed of certain facts will

26 constitute *conclusive evidence* which acts to bar or determine the outcome of any

27 judicial proceeding does itself constitute a statutory denial of due process of law and

28 a discriminatory disadvantage to those who are the victims of fraudulent foreclosures

*PLAINTIFF'S FIRST AMENDED COMPLAINT*        - 13 -
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

(foreclosure by parties, principals, witnesses and attorneys who make false statements of fact, such as claims to lawful right to fore, such as, Plaintiffs' evidence will show, are nearly all the foreclosures in California today, because in fact most foreclosures are conducted by parties without contractual entitlement to do so).

(59)    Plaintiffs submit that the non-judicial foreclosure laws of the state of California, especially but not limited to Civil Code §2924(c) quoted above, expressly and unequivocally constitute (1) an impairment of the right to make and enforce contracts and to give evidence for the security of persons and property, (2) deny due process of law in the making and enforcing of contracts and to give evidence regarding the same for the security of persons and property, (3) deny equal protection of the law in the making and enforcing of contracts and to give evidence regarding the same for protection of persons and of property.

(60)    WHEREFORE, Plaintiffs pray and request that this Court declare and adjudge that California Civil Code §2924(c) is unconstitutional on its face, and as such that all foreclosure sales against any of the Plaintiffs or persons similarly situated in the State of California are null and void and that Plaintiffs and persons similarly situated are entitled to a rescission of sale and restoration of their property.

(61)    WHEREFORE, additionally, Plaintiffs pray and request that this court declare and adjudge that all elements of contractual provisions, and of compliance with contractual and statutory requirements for the proof of compliance, are equally subject to challenge and the presentation of evidence by any party to a contract or person legitimately interested in the subject matter of the contract.

(62)    No non-judicial foreclosure should be upheld judicially if the truth of the underlying facts, including the status of a buyer as a bona fide purchaser for value, is disputed or contested by competent witnesses presenting competent evidence, and accordingly no presumptions which create either the certainty or even the strong

PLAINTIFF'S FIRST AMENDED COMPLAINT      - 14 -      *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                *c/o Peyton Yates Freiman*
                                                            *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  likelihoods that one side or another of any contractual dispute should prevail should

4  ever withstand challenge under 42 U.S.C. §§1981, 1982, or the Fifth or Fourteenth

5  Amendments to the Constitution of the United State, when (read as color blind)

6  statutes and constitutional provisions affording equal protection of the laws to all

7  citizens and legal residents of the United States of America.

8  **COUNT VI: CAL. CIVIL CODE §2924 UNCONSTITUTIONAL AS APPLIED**

9  (63)    Plaintiffs reallege ¶¶(1)-(62) as if fully copied and restated herein below.

10 (64)    Defendants, but especially Defendant Steven David Silverstein in his Express

11 Foreclosure business, all depend upon the California Courts' unconstitutional glosses

12 and applications of and upon California Civil Code §2924 in addition to the statute's

13 facial infringement upon the equal rights of all persons to make and enforce

14 contracts, to sue and present evidence.

15 (65)    Silverstein expressly relies upon the California case of ***Homestead Savings v.***

16 ***Darmiento***, 230 Cal.App.3d 424, 436, 437 (1991) which held that:

17          Where the evidence establishes that the trustee conveys title to a
18          bona fide purchaser and the trustee's deed contains the language
            specified in §2924, the sale is not voidable.
19 And

20          The purchaser's title is free and clear of all rights of the trustor or
            anyone claiming under or through the trustor, including liens that have
21          attached to the property after the execution of the foreclosed deed of
            trust.
22

23 (66)    These above-and-forgoing judicially formulated normative applications of

24 §2924 violate, respectively, the same equal right to make and enforce contracts and

25 to sue and give evidence for the security of persons and property secured by 42

26 U.S.C. §1981 and the equal rights of all persons to purchase, lease, sell, hold, and

27 convey real and personal property guaranteed by 42 U.S.C. §1982.

28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*        - 15 -        *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                *c/o Peyton Yates Freiman*
                                                              *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  (67)  Silverstein also expressly relies on **Napue v. Gor-Mey West, Inc.**, 175 Cal.

4  App.2d 608, 620-621, 220 Cal.Rptr. 799 (Cal.App. 2nd Dist., Div. 3, 1985) as a

5  judicially articulated norm having the force and effect of law:

6  Section 2924 of the Civil Code creates a conclusive presumption in
favor of a bona fide purchaser at a trustee's sale that if the trustee's deed

7  recites that all requirements of law have been complied with regarding
the mailing, posting, publication, or personal delivery of the notice of

8  default and the notice of sale, the recital is conclusive. In other words,
failure to comply with the notice requirements is a ground to cancel the

9  sale only as against a party who is not a bona fide purchaser. A sale to a

10  bona fide purchaser is not voidable.

11  (68)  Conclusive presumptions which render certain transactions UNILATERALLY

12  non-voidable deny equal access to the courts to sue and give evidence and further

13  deny the equal right to purchase, sell, or convey property in plain and express

14  violation of 42 U.S.C. §§1981, 1982.

15  (69)  The entire California non-judicial foreclosure system implemented with

16  conclusive presumptions which cannot be rebutted either in forcible detainer or any

17  other judicial proceedings inevitable tends to the absolute destruction of private

18  property and the equal rights of all people to own and convey property, to make

19  contracts, and to invoke the protection of the courts in so doing.

20  (70)  In short, California Civil Code §2924, both on its face and as applied, is a

21  constitutional nightmare and a statute transitional to corporate-governmental

22  communism where citizens only hold property at the sufferance of corporate-

23  governmental financial services and property-holding conglomerates such as the

24  banking and mortgage servicing defendants in this case, backed up by attorney-pirate

25  operating under color of law such as Defendant Steven David Silverstein.

26  (71)  WHEREFORE, Plaintiffs Christyna Lynn GRAY, Charles Edward

27  LINCOLN, and Renada Nadine MARCH all pray that this Court will strike down

28  California Civil Code §2924 as constituting an unconstitutional abridgement and

*PLAINTIFF'S FIRST AMENDED COMPLAINT*          - 16 -          *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                      *c/o Peyton Yates Freiman*
                                                                *603 Elmwood Pl., #6, Austin, TX 78705*

impairment of the right to contract, own, and convey property, all in violation of 42 U.S.C. §§1981, 1982, as well as the U.S. Const. Fifth and Fourteenth Amendments.

**COUNT VII: TO VOID the sale(s) of 16351 Arlington Lane, Huntington Beach**

(72)    Plaintiffs reallege ¶¶(1)-(71) as if fully copied and restated herein below.

(73)    Defendant J.P. Morgan-Chase Manhattan has on at least three occasions sold or attempted to sell Christyna Lynn Gray's Property by and through its "servicer" or trustee Quality Loan Service Company.

(74)    On one occasion (February-March 2009) a sale was scheduled and then the sale cancelled or rescinded (Exhibit B).

(75)    However, on November 13, 2009, Christyna Gray's property was in fact sold to First Newport Properties LLC, as attested by Russell Bell, by Quality Loan Services, deed executed by Rochelle Matkin, Quality's assistant Vice-President.

(76)    Plaintiff Christyna Lynn Gray was in loan modification with Chase and had been assured that her home would not be foreclosed, which loan modification constituted a full and effective "tender" of the balance due on the mortgage within the meaning of California Common and Statutory Law.

(77)    JP Morgan Chase Bank, N.A., contracts for loan modifications and, accepts and takes loan modification payments on the false pretense that the loan will become "permanent", i.e., payment modifications maintained for the duration of the loans; instead JP Morgan Chase Bank, N.A., utilizes modification negotiations as a cover and pretext for initiating and completing non-judicial foreclosures.

(78)    In initiating and completely non-judicial foreclosures followed by pre-emptive all but conclusively pre-determined evictions JP Morgan Chase-Bank utilizes the special privileges and immunities afforded to trustees and their attorneys by the unconstitutional presumptions, formulas and norms derived from the provisions of California Civil Code §§1714.10 and 2924 as judicially interpreted and applied.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                - 17 -                *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  (79)  While Plaintiff Christyna Lynn Gray actually received no notice of her
4  foreclosure sale in derogation of her loan modification negotiations, she did receive
5  multiple notices confirming that her "trial plan" has been approved and that her
6  payments had been received (Christyna Gray's notices from WAMU/Chase Bank are
7  attached under the label of Exhibit A to this Complaint).
8  (80)  Christyna Lynn Gray never received any notice of default under her
9  modification plan, but was suddenly informed (Exhibit B) that her Loan
10  Modification had been denied even as it had been reaffirmed by Chase's acceptance
11  of Modification first payments, and as Chase continued, as late as November 23, 2009, to
12  express confusion and a willingness to help; the simple truth is that the Modification
13  was an inducement to Plaintiff effectively to permit a cover for eviction.
14  (81)  The November 13, 2009, sale by Quality Loan Servicing was accordingly a
15  breach of the modification agreement, on the part of JP Morgan Chase-Manhattan, as
16  well as a tortious breach of the implied duty of good faith and fair dealing, for which
17  breaches Plaintiff prays for her actual and punitive damages, in addition to a
18  rescission or cancellation of the November 13, 2009, sale, and for quiet title.
19  (82)  WHEREFORE, Plaintiffs pray that this Court will void and set aside the sale
20  conducted by Quality Loan Service Corporation as null and void, conducted under
21  color of unconstitutional law as alleged above and under circumstances and for
22  purposes which constituted a breach of contract and/or a fraudulent inducement to
23  contract or change position in reasonable reliance upon false representations and/or a
24  breach of the implied covenant of good faith and fair dealing between the Plaintiff
25  Christyna Lynn Gray and the Defendants **JP Morgan Chase Bank, N.A., and its**
26  **agent or "trustee" Quality Loan Service Corporation.**
27  (83)  WHEREFORE, Plaintiff Christyna Lynn Gray prays for all her actual,
28  consequential, and special damages in the full (but redacted/undisclosed) amount of

*PLAINTIFF'S FIRST AMENDED COMPLAINT*     - 18 -     *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*     *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

the sale price specified on Trustee's Deed Upon Sale recorded on 11/25/2009, plus such punitive and exemplary damages against Steven David Silverstein as may be justly necessary adequately to punish this Defendant and to serve as an example to others similarly situated.

**COUNT VIII: to Void the Sale, etc., 4 Via Corbina, Rancho Santa Margarita**

(84)    Plaintiffs reallege ¶¶(1)-(83) as if fully copied and restated herein below.

(85)    In July and August, 2008, Plaintiff Charles Edward Lincoln repeatedly and formally tendered full payment of the obligations to Wells Fargo Bank, N.A., which he assumed from Hal Kuder, Jr., in June 2008, conditioned only upon the provision by Wells Fargo Bank of proof of status as holder in due course of Hal Kuder's note.

(86)    To Plaintiff Charles Edward Lincoln's tender of payment, offers made by telephone and in writing, Wells Fargo Bank, N.A., did not respond at all.

(87)    Plaintiffs allege that in this era of securitized mortgages, it is customary for Banks to refuse to prove their status as holder in due course of mortgage notes, because in fact, banks and finance companies all immediately sell their notes into pools or bundles either before or after receiving the note, which must be recorded as a deposit in cash under 12 U.S.C. §1813(l).

(88)    After August 23, 2008, Lincoln made no further tender offers to Wells Fargo, but the foreclosure sale, whether legal or illegal, is not alleged to have taken place until 8 months later, on April 24, 2009.

(89)    Rather than waiting for the foreclosure sale, however, Lincoln filed a Complaint in this Court (SA08-cv-01334 DOC(Ex)) against Wells Fargo and California Reconveyance on or about November 21, 2008, to which Defendants appeared subject to motions under Rule 12(b) in or about January or February 2009.

(90)    Cal-Western Reconveyance had received Lincoln's First Amended Complaint in this case filed on or about April 17, 2009, one week before the April 24, 2009,

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 19 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

sale, of which Lincoln had absolutely and positively NO NOTICE despite the fact that he was in regular and more-or-less continuous contact with Cal-Western Reconveyance's attorneys.

(91)   There is absolutely no possibility, under these circumstances, that Defendants GRE Development, 4 Via Corbina Trust, Ron Elter, John Rampello, or Steven David Silverstein acted in good faith in purchasing the property, and in fact these defendants took whatever interest in 4 Via Corbina they acquired by paying Wells Fargo (which had already sold the note) through Cal-Western Reconveyance (which had no legal chain of title at all) on the foreclosure of a note which had been sold to third parties in the securitization and pooling process, and so there was no way that such a thing as a bona fide purchase was remotely possible.

(92)   Defendant Steven David Silverstein relies upon the tender rule as a precondition to alleging wrongful foreclosure, fraud, and negligence relating to defective notice of foreclosure sale, together with his reliance on California Civil Code §§1714.10 and 2924.

(93)   Plaintiffs allege and submit that the "full tender offer" as a prerequisite to asserting claims for wrongful foreclosure, fraud, and negligence relating to defective foreclosure is but another unconstitutional impairment of the obligations and rights of contractual relations, especially as relating to state-assisted foreclosure as a means of enforcing debt, because the "full tender offer" pre-requisite denies equal protection of the laws and due process of the laws to victims of fraudulent foreclosure.

(94)   The "full tender offer" rule as outlined in California judge-made case law acts and operates as a plain violation of 42 U.S.C. §§1981, 1982 (read color-blind) as well as the Fifth and Fourteenth Amendments and Plaintiffs pray that this court will so declare and adjudge upon final trial of this cause.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    - 20 -    *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   (95)   It is particularly outrageous under 42 U.S.C. §§1981 and 1982 that claims for

4   fraud leading to wrongful foreclosure could or would be either cut off *ab initio* or

5   conclusively defeated by a "full tender offer rule" because (for example) a stranger

6   to an original loan transaction could, merely by false recitals in compliance with

7   §2924 and representation by counsel insulated by §1714.10, could purchase a

8   property at a sham foreclosure sale (as Silverstein and Ron Elter apparently did as

9   officers and representatives of the 4 Via Corbina Trust on or about April 24, 2009)

10  and then proceed through further false recitations to file and process a fraudulent

11  forcible detainer (eviction) case through the cookie-cutter/mass production eviction

12  line in the Superior Courts of Orange County, State of California.

13  (96)   Steven David Silverstein's utilization of unconstitutional (and in fact,

14  unconscionable) California Statutes and judicial norms of interpretation and

15  application having the force and effect of customary, practical, and political law

16  create a genuinely lawless world in which certain formulaic lies control the outcome

17  of non-judicial foreclosures and quasi-judicial (but effectively ministerial, merely

18  administrative) eviction proceedings.

19  (97)   In the culture of lawlessness fostered by Silverstein and his allies, in collusion

20  with the Mortgage Finance Banks and Servicers, it was completely normal for

21  Silverstein utterly to refuse to communicate with Lincoln's former, famous but

22  inexperienced attorney Dr. Orly Taitz, and to expect that he owed his fellow

23  professional neither candor nor any sort of disclosures about his activities or plans,

24  but that he simply utilize the cover provided by a nominal attorney (like loan

25  modification negotiations) as camouflage for his trickery and abuse of legal process.

26  (98)   WHEREFORE, Plaintiffs pray that this Court will void and nullify the April

27  24, 2009, sale of 4 Via Corbina to GRE Development, Ron Elter, John Rampello,

28  and Steven David Silverstein, thereby restoring title to Charles Edward Lincoln, III.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 21 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*        *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **COUNT IX: Cal. Code Civil Procedure §425.16(c) is UNCONSTITUTIONAL**

4    (99)    Plaintiffs reallege ¶¶(1)-(98) as if fully copied and restated herein.

5    (100)  California's anti-SLAPP law provides a civil action whose effect is to enhance

6    the freedom of speech and right to petition of defendants by limiting the right of

7    Plaintiffs to free speech and to petition.

8    (101)  California Code of Civil Procedure §§425.16 et seq. is perhaps the most

9    irrational and counterproductive law in the United States of America today.

10   (102)  Plaintiffs allege that the California anti-SLAPP law embodied in §425.16 et

11   seq. constitutes an unconstitutional infringement upon the First, Fifth, Ninth and

12   Fourteenth Amendments to the Constitution, as well as a plain violation of the right

13   to sue and give evidence secured by 42 U.S.C. §1981.

14   (103)  WHEREFORE, Plaintiffs pray that the Court will declare §425.16 et seq. to be

15   unconstitutional, null and void.

16   **COUNT X: to Void the sale of 7 Bluebird Lane, Aliso Viejo**

17   (104)  Plaintiffs reallege ¶¶(1)-(103) as if fully copied and restated herein below.

18   (105)  Like Plaintiff Christyna Lynn Gray, Plaintiff Renada Nadine March was

19   involved in serious forebearance and loan modification negotiations with her alleged

20   "lender" OneWest Bank, N.A., by and through NACA (Neighborhood Assistance

21   Corporation of America), and accordingly alleges that the October 9, 2009, sale was

22   a breach of contract, a tortious breach of the implied duty of good faith and fair

23   dealing, and happened without notice during a fraudulently induced period of sham

24   negotiations.

25   (106)  It was in fact on October 10, 2009, that Defendant learned (at the NACA

26   "Save the Dream Tour" Home Save Program in Las Vegas) that Indymac had sold

27   MARCH's property on October 9, 2009).   She then returned home to find

28   Silverstein's Three-Day Notice to Quit attached to her door.  Silverstein appears to

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 22 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  specialize in blitzkrieg evictions following illegal and secret non-judicial foreclosure

4  sales immunized by §2924.

5  (107) Thus the foreclosure sale was conducted in secrecy and in stealth behind

6  RENADA NADINE MARCH's back in such a manner that RENADA NADINE

7  MARCH defrauded of the implied covenant of good faith and fair dealing, which

8  was so extreme and outrageous as to constitute actual or constructive fraud on the

9  part of INDYMAC/ONE WEST, and this actual or constructive fraud right up until

10  the moment of sale, in that the allegedly foreclosing party had no advance notice of

11  when the final foreclosure was due to take place.

12  (108) Pursuant to the customs, practices, and policies of the State of California,

13  Plaintiffs allege defendants in Unlawful Detainer actions have no effective defense

14  or counterclaims whatsoever, especially regarding the legality of underlying non-

15  judicial foreclosures.

16  (109) Plaintiffs allege that California law or customary and political practice,

17  especially but not limited to Civil Code §§1714.10 and 2924 and Code of Civ. Pro.

18  §425.16 fix judicial process so that all evictions will be completed, regardless of the

19  existence or availability of valid legal objections, by preventing Plaintiff victims

20  from raising or immunizing Defendant perpetrators from liability, even for fraud.

21  (110) The combination of circumstances put Renada Nadine March on notice that

22  she was and would always "be denied [and] cannot enforce in the courts of [the

23  Superior Court of Orange County in the] State [of California any of his] right[s]

24  under any [and all] law[s] providing for the equal civil rights of citizens of the

25  United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1);

26  42 U.S.C. §§1981, 1982, 1983, 1988(a).

27  (111) Furthermore, Plaintiffs allege and will show that they are all single, divorced,

28  or separated persons living alone, and as such are subjects of targeted discrimination.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*     - 23 -     *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3     (112) In particular single women (Plaintiffs GRAY and MARCH) are subject to
4     targeted discrimination by the attorneys ("officers of the court") and Judges of the
5     Superior Courts of California, while LINCOLN and MARCH are both persons over
6     the age of 40, also belonging to age-disadvantaged groups.
7     (113) WHEREFORE, Plaintiffs pray that this court will void and nullify the sale of 7
8     Bluebird Lane in Aliso Viejo, Orange County, California by the Trustee Corps to
9     Meglodon Financial, L.L.C., and restore title free and clear of encumbrances to
10    Renada Nadine March.
11            **COUNT XI: SLANDER OF TITLE & TORTIOUS INTERFERENCE**
12    (114) Plaintiffs reallege ¶¶(1)-(113) as if fully copied and restated herein.
13    (115) The following counts are alleged and stated conditionally dependent upon the
14    favorable resolution to the Plaintiffs of their prayers for declaratory judgment that
15    California Civil Code §§1714.10 and 2924 be declared either facially
16    unconstitutional or unconstitutional as applied in this case.
17    (116) Immediately after the April 24, 2009, sale of which Plaintiff Charles Edward
18    Lincoln, III, was utterly unaware, Defendant John Murk represented Defendant
19    Deanna Dagnolo's interest in the property located at 4 Via Corbina by interacting
20    with the de facto property manager Peyton Yates Freiman, whereas Defendant
21    Dagnolo resided in said property as a tenant and Diane, as tenant is in breach of
22    contract by breaking the lease.
23    (117) Plaintiff alleges that these defendants conspired with Steven David Silverstein
24    and GRE Development to wrest control of the property from Lincoln after the illegal
25    foreclosure sale and transfer from Wells-Fargo and Cal-Western Reconveyance to
26    GRE Development/4 Via Corbina Trust.
27
28

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*            - 24 -            *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    (118)  Plaintiff accordingly sues Defendants Silverstein, Murk, and D'Agnolo for

4    Illegal Transfer under RICO, Slander of Title and Interference of Contract and

5    Advantageous Business Action and Breach of Contract.

6    (119)  Plaintiff Lincoln alleges and asserts that Defendants GRE Development Inc,

7    by and through their, then attorney Defendant Steven D. Silverstein bought a

8    property located at 4 Via Corbina, Rancho Santa Margarita illegally from Cal-

9    Western Reconveyance at a sale that should not have been allowed to transpire

10   during a pending lawsuit regarding a Clouded Title.

11   (120) Plaintiff filed a Lis Pendens with his Complaint for Quiet Title with the US

12   District Clerk and with the Orange County Recorder's office.

13   (121) Cal-Western has acted fraudulently by selling this property without any notice

14   that the title was clouded, keeping their mouth shut while selling lawsuits alongside

15   the property located at 4 Via Corbina; as noted above, Plaintiffs dispute the validity

16   of Cal. Civil Code §2924 to insulate any of the parties to this transaction.

17   (122) The act of selling or transferring this property under such terms constitutes a

18   count of Racketeering, in violation of Title 18 of the US Code under RICO.

19   (123) GRE Development/4 Via Corbina Trust in collusion with Cal-Western and

20   Silverstein formed a corrupt enterprise in transferring, selling and buying the

21   property at 4 Via Corbina under RICO, 18 U.S.C. §1961 et seq..

22   (124) As of the date of his filing of forcible detainer and eviction proceedings

23   against Lincoln, Silverstein had not provided ANY purported deed of sale or

24   documents stating that his clients GRE actually obtained the property at a legal sale.

25   In fact his clients at GRE Inc, sent out their agents along with a local Constable and

26   tried to intimidate Tenant Dagnolo with threats of forcible eviction.

27   (125) They then called Lincoln's trustee, Peyton Yates Freiman, and told him that

28   they were in fact the new owners of 4 Via Corbina. When Lincoln's trustee Freiman

*PLAINTIFF'S FIRST AMENDED COMPLAINT*    - 25 -    *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    asked their lawyer Steven D. Silverstein if he could see the deed Silverstein refused

4    saying that he needed to see paperwork from Freiman;

5    (126) throughout this litigation and its antecedents, Silverstein relies upon

6    procedural immunity as an attorney, and Plaintiffs pray that this court will strip him

7    of all such immunity.

8    (127) Plaintiff contends that even if they COULD provide a recorded deed that it

9    should be rendered void because of the dispute of clouded title, and at the very least,

10   give good cause to sue for Slander of Title. The recordation of an instrument facially

11   valid but without underlying merit will, of course, give rise to an action for slander

12   of title (*Forte v. Nolfi* (1972) 25 Cal.App.3d 656, 685-686 [102 Cal.Rptr. 455]).

13   (128) GRE DEVELOPMENT/4 Via Corbina Trust, by and through their attorney

14   Silverstein questioned whether Plaintiff Lincoln ever owned the property in the first

15   place to Defendant Murk, who eventually agreed to move based on the allegations

16   and threats of criminal trespass of Defendant Silverstein.

17   (129) Lincoln submits that he has at all relevant times held the sole legal title in

18   hand in the form of an original deed from the previous owner, Hal Kuder, to him and

19   can provide the Court with a certified copy after he files the deed with the Recorder.

20   He simply thought filing a copy of the deed in multiple Courts in Complaints for

21   Quiet Title would be sufficient to assuage any doubts as to his right to Title. Besides

22   with possession, title is presumed.

23   (130) "Possession is not **title,** but only evidence from which **title** may be presumed."

24   *President & Trustees of San Diego v. Allison*, 46 Cal. 162 (Cal. 1873); 1873 Cal.

25   LEXIS 152. Plaintiff alleges that he had possession through an agreement with

26   Defendants John Murk and Deanna D'Agnolo in the form of a Lease (attached as

27   Exhibit B to Plaintiff's original complaint in this case).  The threats made by GRE

28   Development by and through their lawyer Steve Silverstein constituted a slander of

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

title, a threat of malicious prosecution, and a tortious interference with Plaintiff's right to possession and title.

(131) Assuming the invalidity of California Civil Code §§1714.10 and 2924, as alleged above, Defendant Steven David Silverstein acted without privilege to do so when he published to John Murk and Dianne D'Agnolo false statements that disparaged Plaintiff Lincoln's title to property constituted a Slander of Title by Disparagement under Cal. Civil Code § 40.81:

> A statement is disparaging if it casts doubt as to the ownership of property. Section 629 of the first Restatement, defining disparagement, states that "[m]atter which is intended by its publisher to be understood or which is reasonably understood to cast doubt upon the existence or extent of another's property in land, chattels or intangible things, or upon their quality, is disparaging thereto, if the matter is so understood by its recipient." Many California cases have cited this definition.
>
> Clearly, a direct denial of the plaintiff's title or claim of a leasehold interest in the property is actionable as slander of title. Thus, the defendant slandered the plaintiff's title to timber when he wrote a letter to a prospective buyer of the timber from the plaintiff which falsely said that the defendant was the owner of the timber. Defendant may cast "doubt" on the plaintiff's title without directly contesting it. Examples of indirect disparagement are (1) the filing by a developer of a master plan which falsely implied the right to use the plaintiff neighbor's property, (2) the recordation by the defendant of a document entitled "Rescission of Contract," falsely charging the seller-plaintiff with fraud, (3) the recordation of a fraudulently obtained deed of trust to the plaintiff's property, (4) the recording of a fraudulent grant deed to plaintiff's property, and (5) the wrongful recordation of a mining claim to property leased by the plaintiff.

(132) The Defendants Silverstein and GRE successfully intimidated Plaintiff Charles Edward Lincoln's tenant, threatening criminal prosecution if she does not leave the premises. They even went so far as to appear with a Police Officer to get this point across to the Tenant.

(133) These threats were made to influence and turn the Tenant against the owner Charles Lincoln, making it a "he said, she said" situation creating undue suspicion in

PLAINTIFF'S FIRST AMENDED COMPLAINT
GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.
- 27 -
Charles E. Lincoln, Plaintiff, pro se
c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705

the Tenant's mind towards the property owner, destroying Lincoln's relationship with his tenant.

(134) Another statement of definition of the tort, perhaps more pertinent to the facts of this case, is to be found in *Fearon v. Fodera* (1915) 169 Cal. 370, at pages 379 and 380 [148 P. 200], as follows: "**Slander** of **title**," as recognized by the law, may be defined to be defamation of **title** to property, real or personal, by one who falsely and maliciously disparages the **title** thereto, and thereby causes the owner thereof some special pecuniary loss or damage. "Admittedly under this definition **slander** of **title** may be committed by maliciously clouding the **title** to real property and causing damage to the owner thereof by the execution, willful acceptance, and malicious recordation of a deed, which falsely declares the **title** of the property involved to be in a person other than the true owner.

(135) In destroying this relationship GRE, by and through their attorney Silverstein have irreparably hurt Lincoln's relationship with his tenant through threats and subsequently deprived him from the rent that he would have other wise received from Defendant Diane Dagnolo.

(136) California has adopted the definition of the tort of slander of title set forth in section 624 of the Restatement of Torts, which provides: "One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land . . . under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." (*Howard v. Schaniel* (1980) 113 Cal.App.3d 256, 263-264 [169 Cal.Rptr. 678]; see *Gudger v. Manton* (1943) 21 Cal.2d 537, 541 [134 P.2d 217].

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*

- 28 -

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

(137) Nowhere does a California decision require that the published matter create a legal "cloud" upon plaintiff's title to constitute a disparagement. Indeed, the tort may be committed through the use of oral statements ( *Burkett* v. *Griffith* (1891) **90 Cal. 532, 537-538 [27 P. 527]**) or signs ( *Phillips* **v.** *Glazer* **(1949) 94 Cal.App.2d [\*\*\*19]** 673, 674 [211_P.2d 37]), neither of which involve any recordation whatsoever.

(138) Plaintiff asserts that in emailing Defendants John Murk and Diane Dagnolo repeatedly, Defendants GRE Development, by and through their attorney, Defendant Steven D. Silverstein have in fact published untrue and disparaging comments regarding the ownership of the land located at 4 Via Corbina through written word AND Orally as John Murk has purportedly talk to agents of GRE Development face to face. He accordingly sues Defendants GRE and Steven D. Silverstein for Tortious Interference under Restatement Second of Torts, § 629 and disparagement:

> § 629 Disparagement Defined
>  A statement is disparaging if it is understood to cast doubt upon the quality of another's land, chattels or intangible things, or upon the existence or extent of his property in them, and
> (a) the publisher intends the statement to cast the doubt, or
> (b) the recipient's understanding of it as casting the doubt was reasonable.

## COUNT XII: FORCIBLE DETAINER

(139) Plaintiffs reallege ¶¶(1)-(138) as if fully copied and restated herein below. Defendants GRE Development Inc and 4 Via Corbina Trust are guilty of a Forcible Detainer given that they have repeatedly, after having been informed of the clouded title by Plaintiff Lincoln, changed the locks of the property in question in an effort to take unlawful possession.

(140) Plaintiff Lincoln was in possession of the property before the locks were changed and has subsequently been forced to change the locks several times. The

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*    - 29 -    *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

Defendants are guilty of a Forcible Detainer pursuant to Cal. Code of Civ Proc §1160:

> **Every person is guilty of a forcible detainer who either:**
> **1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or**
> **2. Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant. The occupant of real property, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands.**

(141) When told that he would be prosecuted for interfering in the possession of the property Defendant Silverstein, as representative for GRE Development and 4 Via Corbina, remained defiant and curt, saying that he represented the new owner, without ANY PROOF OF ANY KIND as to GRE Development's ownership.

## COUNT XIII: BREACH OF CONTRACT, RICO

(142) Plaintiffs reallege ¶¶(1)-(141) as if fully copied and reinstated herein below.

(143) Lincoln further charges John Murk and tenant Diane Dagnolo with breach of contract who signed a leasing agreement stating that they would be at the property for another 6 months.

(144) Defendants Murk and Dagnolo's have acted in collusion with Defendants GRE and Silverstein by moving out and destroying the Plaintiff's possession of the property.

(145) Murk has repeatedly offered up emails showing his involvement with Silverstein in accordance with Silverstein's demands, instead of aiding Lincoln in his obvious ownership. Lincoln has provided Murk with a file marked copy of his Complaint for Quiet Title in which he shows a copy of the deed and an obvious dispute in title. Murk, for his part, simply remained reticent, and failed to show the

*PLAINTIFF'S FIRST AMENDED COMPLAINT*  — 30 —  *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*  *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3 complaint to Silverstein, instead appearing to take GRE's side (Plaintiff alleges and
4 submits that both Silverstein and Murk agreed and conspired regarding both the
5 sham play act involving D'Agnolo and Murk's pretense not to know of the April 24,
6 2009 sale, for the purpose of dislodging Lincoln from possession).
7 (146) When asked for a deed from GRE Murk provided only a list of properties
8 GRE Development had supposedly bought. Murk stated to Lincoln and Freiman that
9 he took this information as legally sufficient to advise or convince Tenant Diane
10 D'Agnolo that she should leave 4 Via Corbina, thus transferring possession of an
11 already clouded title to co-defendants who have yet to prove they actually own the
12 property.
13 (147) This collusion has simply augmented a criminal enterprise adding both
14 D'Agnolo and Murk to the 4 Via Corbina Trust, actionable under RICO.
15 (148) Subject to the favorable resolution of the Plaintiffs Counts for Civil Rights and
16 Constitutional Declaratory Judgment of this Complaint alleged above regarding the
17 constitutionality of Cal. Civil Code §§1714.10 and 2924, Plaintiff Charles Edward
18 Lincoln, III charges each of Defendants Silverstein, Elter, Rampello, Murk and
19 Dagnolo with liability under RICO and breach of contract in favor of aiding and
20 abetting Silverstein's 4 Via Corbina Criminal Enterprise under RICO, including parts
21 18 U.S.C. §§1962(a), (b), (c), and (d).
22 (149) The predicate acts of Racketeering are the several violations of 18 U.S.C.
23 §§1341 and 1343 (mail and wire fraud) committed between May and August, 2009,
24 by John Murk and Steven David Silverstein, by regular and electronic mail in
25 furtherance of a scheme to defraud Plaintiff Charles Edward Lincoln, injuring him in
26 his business and property interests by depriving him first of income from the tenancy
27 of Diane D'Agnolo and the later from his personal beneficial use and enjoyment of 4
28 Via Corbina, Rancho Santa Margarita, California 92688.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*
- 31 -
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  (150) Because of the Defendants' several violations of R.I.C.O., Plaintiff Charles

4  Edward Lincoln has been injured in his business or property, and requests all his

5  actual and punitive damages in the amount of $1.5 million U.S. dollars, as allowed

6  by 18 U.S.C. §1964(c).

7  ## CONCLUSIONS AND PRAYER FOR RELIEF

8  Defendant Steven David Silverstein alleges and contends that he acted

9  competently, ethically, and legally in representing GRE Development, Inc., Ron

10  Elter, and the 4 Via Corbina Trust in the eviction proceedings of which neither

11  Lincoln nor his former attorney Dr. Orly Taitz had any lawful notice or actual

12  knowledge prior to the appearance of Orange County Sheriff's Constables at the

13  door of 4 Via Corbina in mid-September 2009.  Likewise, Silverstein and Russell

14  Bell submit and contend that they are acting lawfully and legitimately in connection

15  with the sale of Christyna Lynn Gray's property at 16351 Arlington Lane,

16  Huntington Beach, Orange County, California 92649.  It is apparently the most

17  trivial of coincidences that there are repetitive patterns of similarity between

18  Silverstein's evictions: all involve filing forcible detainers filed after sales which

19  either (Lincoln) which took place during hotly contested Federal civil litigation or

20  (Gray and March) during intense and actively supported and acknowledged

21  negotiations ostensibly leading towards loan modifications.Silverstein depends

22  entirely upon the privileges and immunities granted to foreclosing parties and their

23  attorneys by California Civil Code §§1714.10 and 2924, augmented by Code of Civil

24  Procedure 425.16 and other miscellaneous privileges and immunities from suit,

25  which unconstitutionally tend to create foreclosing parties as a special elite inside

26  California Economic Society.  Plaintiffs reiterate their prayers stated in each count

27  above and pray for judgment accordingly after a trial-by-jury.  Plaintiffs pray that the

28  Court will reform the non-judicial foreclosure process in the State of California.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*     - 32 -     *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*          *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

## CERTIFICATE OF SERVICE:

Plaintiffs Charles Edward Lincoln, III, Renada Nadine March, and Christyna Lynn Gray certify that they have served a true and correct copy of this First Amended Complaint upon the Defendant's counsel by facsimile transmission to (714) 363-0229 as well as by electronic (e-mail) attachment to Larry Rothman's e-mail address shown as tocollect@aol.com on the cover sheet of Rothman's original filing for Defendant Silverstein, and by regular mail or courier deliver to the attorney for Steven David Silverstein:

Larry Rothman & Associates

Larry Rothman, State Bar No. 72451

City Plaza, 1 City Boulevard West, Suite 850

Orange, California 92868

Signed & Respectfully submitted,

Monday, December 7, 2009

Charles Edward Lincoln, III, pro se
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: 512-968-2500
Facsimile: 561-691-1423
E-Mail:
charles.lincoln@rocketmail.com

Respectfully submitted,

Monday, December 7, 2009

By: _____
CHRISTYNA LYNN GRAY,
*Pro se/in propia persona*
16351 Arlington Lane
Huntington Beach, Orange County
California 92649
Tel: 714-846-4665
E-mail: christynagray@gmail.com

PLAINTIFF'S FIRST AMENDED COMPLAINT
LINCOLN, MARCH, & GRAY V. SILVERSTEIN ET AL.      - 23 -      *Charles E. Lincoln, Plaintiff, pro se
c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully signed & submitted,

Monday, December 7, 2009

By: *[signature]*
RENADA NADINE MARCH,
*Pro se/in propia persona*
7 Bluebird Lane
Aliso Viejo, California 92656
Telephone: 949-742-0436
E-mail:
**renadajewel@gmail.com**

**Note on Exhibits:**
**Plaintiff Charles Edward Lincoln incorporates by reference all exhibits**
**previously submitted as attachments to the Original Complaint in this cause**
**and in SA08cv01334-Doc(Ex).**

*PLAINTIFF'S FIRST AMENDED COMPLAINT*          - 34 -          *Charles E. Lincoln, Plaintiff, pro se*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                          *c/o Peyton Yates Freiman*
                                                          *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:
# Christyna Gray's
# Loan Modification Correspondence
# with WAMU/Chase Bank, N.A.

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                        - 35 -                        *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**CHASE**

LM748

May 11, 2009

Christyna Gray
16351 Arlington Ln
Huntington Beach, CA 92649-2606

<u>We need additional information to process your request.</u>

RE: Loan Number:      0083276295
     Property Address: 16351 Arlington Ln
                       Huntington Beach CA 92647

Dear Christyna Gray :

Thank you for your interest in the Homeownership Preservation
Program.  We've received some of the documents needed to move your
request for borrower assistance forward, but we're still missing
important information.

<u>Act now to provide this information,</u> as we cannot continue processing
your application without it.  The documentation we are missing
is:

HARDSHIP LETTER

Please fax the information to 206-494-4666, or mail it to: WaMu
Homeownership Preservation, P.O. Box 44016, Jacksonville,
FL 32231-4016.  If we do not receive it within 30 days, or
at least 2 business days before the foreclosure sale date (whichever
comes sooner), we will not be able to process your request.

<u>If you cannot meet this deadline</u> or need help submitting the
additional information, please call us toll-free at 1-866-WAMU-YES
(1-866-926-8937), Monday through Friday, from 5 a.m. to 6 p.m.
Pacific time.  For faster service, have the loan number at the top of
this letter handy when you call.

# CHASE ⬦

May 28, 2009                                              LM035


Christyna Gray
16351 Arlington Ln
Huntington Beach, CA 92649-2606



WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT,
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WE HAVE TOLD A CREDIT BUREAU ABOUT A LATE PAYMENT, MISSED PAYMENT
OR OTHER DEFAULT ON YOUR ACCOUNT. THIS INFORMATION MAY BE
REFLECTED IN YOUR CREDIT REPORT.


RE: Loan Number: 0083276295
    Property Address: 16351 Arlington Ln
                      Huntington Beach CA 92647


Dear Christyna Gray :


We offer programs for customers who are experiencing hardships that
prevent them from making their home loan payments. We may be able to
assist you.

This plan is based on your reason for default: curtailment of income.

Since you have told us you're committed to pursuing a stay-in-home
option, you have been approved for a Trial Plan Agreement. If you
comply with all the terms of this Agreement, we'll consider a
permanent workout solution for your loan once the Trial Plan has
been completed.

Please sign and return the Trial Plan Agreement. We must receive the
signed Agreement at the following address on or before 7/1/09:

                    Washington Mutual Bank
                    7255 Baymeadows Way
                    Attn: Jose R. Vargas
                    Jacksonville, FL  32256

You may also fax your signed Agreement to us at 206-494-4666.


LA-LM035-010-EZ0.5676.083106

**CHASE ◻**

Page 2
Loan Number 0083276295

Thank you for your cooperation. If you have any questions, you can
call me at 1-866-288-7383, extension 866-926-8937.

Sincerely,


Jose R. Vargas
Loss Mitigation Department
Washington Mutual Bank

Enclosure

LA-LM035-010-EZ0.5676.083106

# CHASE

Page 3
Loan Number: 0083276295

## TRIAL PLAN AGREEMENT

* Your loan is now due for the months of 11/07 to 5/1/09.
* You must send $0.00 to reduce your total delinquency.
* We must <u>receive</u> the initial payment of $1599.46 along with your signed Trial Plan Agreement ("Agreement") by 7/1/09. After that, the payment schedule outlined below must be followed. If you do not make your payments on time, or if any of your payments are returned for non-sufficient funds, this Agreement will be in breach and collection and/or foreclosure activity will resume.

Your payments must be received in our office on or before the following dates:

    $1599.46    8/1/09
    $1599.46    9/1/09

Payments are subject to change due to escrow analysis and or interest rate changes, if applicable. If you are notified of a payment adjustment, please contact our office immediately so we can adjust the terms of your Agreement accordingly. If all payments are made as scheduled, we will reevaluate your application for assistance and determine if we are able to offer you a permanent workout solution to bring your loan current.

All of the original terms of your loan remain in full force and effect, unless specifically mentioned within this Agreement. If any part of this Agreement is breached, Washington Mutual has the option to terminate the Agreement and begin or resume foreclosure proceedings pursuant to your loan documents and applicable law.

You acknowledge that in the event you file a petition in bankruptcy, Washington Mutual may elect to take any and all actions necessary, including, but not limited to voiding this Agreement, filing a Motion for relief from the automatic stay or a Motion to dismiss or any permitted state law remedies, which in Washington Mutual's judgment are reasonably necessary to secure or protect our security, the value of the security and/or to enforce our rights under the original terms of your loan.

I/We agree to the above Agreement and will make payments as outlined above. I/We understand that foreclosure action can be taken if the terms of this Agreement are not met.

6/20/09

_____        _____
Christyna Gray                       Date

LA-LM036-004-EZ0.5797.071006

JPMorgan Chase Bank, N.A. · Home Lending · 7255 Baymeadows Way, Jacksonville, FL 32256

**From:** "Scoggin, Zachary J." <zachary.scoggins@chase.com>
**To:** ziggy gray <christynagray@yahoo.com>
**Sent:** Tuesday, July 14, 2009 3:02:51 PM
**Subject:** RE: Was my payment posted?

Yes we did receive the first payment, they should have sent you payment slips for future payments, did you receive the payment slips in your package?


*Zach Scoggin*
*Homeownership Advisor*
*Santa Ana Chase Home Ownership Center*
*1300 N. Main Street - 2nd Floor*
*Santa Ana, CA 92701*

| | |
|---|---|
| *714-967-7260* | *Direct Number* |
| *714-550-5201* | *Office Number* |
| *714-543-4470* | *Fax Number* |

*Zachary.scoggins@wamu.net*
*Wamu, Now Backed By The Strength Of JP Morgan Chase*

Hours & Location -https://www.chase.com/chf/mortgage/hrm_centers_santaana

**This communication may contain privileged or other confidential information. This message may be an attempt to collect a debt and any information obtained will be used for that purpose.**


**From:** ziggy gray [mailto:christynagray@yahoo.com]
**Sent:** Tuesday, July 14, 2009 11:21 AM
**To:** Scoggin, Zachary J.
**Subject:** Was my payment posted?

Hello Zachary,

I wanted to know if you would look up my account and let me know what the status was. Also, do I send my second payment to the same person/place??

Please let me know and thank you for your time,

Christyna Gray
16351 Arlington Lane
Huntington Beach, CA 92649

✂
Cut Here ------------------------------------------------------------------------------------------------------------------------

For customers who have received a discharge in bankruptcy, or who are subject to the protections of an automatic stay in a bankruptcy proceeding, this notice is for information only and is not a demand for payment.

DO NOT SEND CASH

Trial Period Payment  (Modification Continuation Payment)

CHRISTYNA GRAY

Loan Number:    **83276295**          **CHASE/WAMU PAYMENT PROCESSING**
Payment Due:    **$1,599.46**          **PO BOX 78148**
Due Date:                               **PHOENIX, AZ 85062-8148**

✂
Cut Here ------------------------------------------------------------------------------------------------------------------------

For customers who have received a discharge in bankruptcy, or who are subject to the protections of an automatic stay in a bankruptcy proceeding, this notice is for information only and is not a demand for payment.

DO NOT SEND CASH

Trial Period Payment  (Modification Continuation Payment)

CHRISTYNA GRAY

Loan Number:    **83276295**          **CHASE/WAMU PAYMENT PROCESSING**
Payment Due:    **$1,599.46**          **PO BOX 78148**
Due Date:                               **PHOENIX, AZ 85062-8148**

**Subject:** Fw: loan #83276295
**From:** ziggy gray <christynagray@yahoo.com>
**Date:** Mon, 23 Nov 2009 15:59:53 -0800 (PST)
**To:** mom <jacbri1@att.net>


----- Forwarded Message -----
**From:** Zachary Scoggin <zachary.scoggins@chase.com>
**To:** ziggy gray <christynagray@yahoo.com>
**Sent:** Mon, November 23, 2009 12:43:14 PM
**Subject:** RE: loan #83276295

*Christyna,*

*I am trying to do as much as I can, we still have not received a final answer on what they will or will not do, I am sorry for this but do not know what I can do for you. We have escalated this requesting the foreclosure to be rescinded but have not heard anything back. I just sent another urgent request for my Manager to try and find out you, I will let you know something as soon as I do.*


# CHASE ◆

Zach Scoggin
Homeownership Advisor
Santa Ana Chase Home Ownership Center
1300 N. Main Street - 2nd Floor
Santa Ana, CA 92701

714-967-7260 Direct Number
714-550-5201 Office Number
866-442-3935 Fax Number
zachary.scoggins@chase.com

Wamu, Now Backed By The Strength Of JP Morgan Chase

This communication may contain privileged or other confidential information. This message may be an attempt to collect a debt and any information obtained will be used for that purpose.

**From:** ziggy gray [mailto:christynagray@yahoo.com]
**Sent:** Saturday, November 21, 2009 1:35 PM
**To:** Zachary Scoggin; Keith Cross
**Subject:** Re: loan #83276295

I have just been served by First Newport Properties with a summons that says they are suing me. PLEASE HELP ME! This is not right.


**From:** ziggy gray <christynagray@yahoo.com>
**To:** Zachary Scoggins <zachary.scoggins@wamu.net>; Keith Cross <bernon.cross@wamu.net>
**Sent:** Sat, November 21, 2009 12:19:52 PM
**Subject:** Re: loan #83276295

Hello Zach,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B:
# Christyna Gray's November 5, 2009
# Notice of Rejection of Modification
# Even in midst of Modification
# Negotiations and Payments

*PLAINTIFF'S FIRST AMENDED COMPLAINT*
*GRAY, LINCOLN, & MARCH v. SILVERSTEIN et al.*                    - 36 -                    *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

# WaMu is becoming CHASE ⬡

**Washington Mutual (JAXA2000)**
7255 Bay Meadows Way
Jacksonville, FL 32256

11/05/09

CHRISTYNA GRAY
16351 ARLINGTON LN
HUNTINGTON BEACH CA 92649

**Statement of Eligibility for Loan Modification**
Account: 0083276295(the "Loan")
Property Address:    16351 ARLINGTON LN
                     HUNTINGTON BEACH CA 92647 (the "Property")

Dear Mortgagor(s):

Washington Mutual is writing in response to your recent request regarding a loan modification on the above-referenced account through the Making Home Affordable (MHA) program. After researching your account, we have determined that you do not qualify for a modification under the MHA program at this time for the following reason(s):

- Your income is insufficient for the amount of credit you have requested.

If your Loan is delinquent, we may be able to offer other alternatives to help avoid the negative impact a possible foreclosure may have on your credit rating, the risk of a deficiency judgment being filed against you, and the possible adverse tax effects of a foreclosure on your Property. If you are interested in discussing these possible alternatives, please contact us immediately at (877) 835-3019.

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right to receive a free copy of your report from the reporting agency, if you request it no later than sixty (60) days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency by contacting the agency at the number provided below:

        Equifax:      PO BOX 740241
                      Atlanta, GA 30374-0241
                      (800) 685-1111

FEDERAL ECOA NOTICE

http://de.mg41.mail.yahoo.com/dc/blank.html?bn=240.3&.intl=us&.lang=de-DE

**Von:** Jackie Brian L. (canyonrat@att.net)
**An:** Carla Brantley
**Datum:** Montag, den 7. Dezember 2009, 12:31:00 Uhr
**CC:** Christyna Gray
**Betreff:** Urgent!!! Chrstyna Gray

Loan #008327295

Carla,

First, thank you for rescinding the sale of Christyna's home.

However, I would like to know the loan amount before you send the loan docs to Christyna.

This is very important.

Loan amount and what went into the amount of the loan

Your immediate response is most apprciated

Thank you
Jackie Lesser



Re: loan 008327295 Christyna Gray - URGENT
Tue, December 1, 2009 4:25:15 PM
From: ziggy gray <christynagray@gmail.com>  View Contact
To: Carla Brantley <carla.brantley@chase.com>
Cc: canyonrat <canyonrat@att.net>

Hello Carla,
This is to inform you that Jackie Lesser has my permission to speak on my dehalf.

Thank you for your time and help.

Christyna