1   LARRY ROTHMAN & ASSOCIATES
2   LARRY ROTHMAN – State Bar No. 72451
    City Plaza
3   1 City Boulevard West, Suite 850
    Orange, California 92868
4   (714) 363 0220  Telephone
5   (714) 363 0229   Facsimile
6   tocollect@aol.com   E-Mail

7

8   Attorneys for the Defendants:
    STEVEN D. SILVERSTEIN, RON ELTER, and GRE
9   DEVELOPMENT, INC. as agents and Trustee of the
10  Via Corbina Trust #4

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14                 **SOUTHERN DIVISION**

15

16

17  CHARLES EDWARD LINCOLN, III          CASE NO:  SACV09-1072 DOC(Ex)
18            Plaintiff,
                                          REPLY TO OPPOSITION TO MOTION
19       vs.                              TO DISMISS; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
20  STEVEN D. SILVERSTEIN, RON ELTER,     SUPPORT OF THEREOF
    GRE DEVELOPMENT, INC., Individually
21  and as agents for and Trustee of the
    Via                                   DATE:  December 21, 2009
22  Corbina Trust #4 JOHN MURK, DIANNE    TIME: 8:30 a.m.
    D'AGNOLO, The Honorable, SANDRA       COURTROOM: 9D
23
    HUTCHENS, THE SHERIFF OF ORANGE
24  COUNTY,  CAL-WESTERN
25  RECONVEYANCE, WELLS FARGO
    BANK, N.A., DENNIS STACY,
26  COLDWELL BANKER, and JOHN &
27
28

                                    1

JANE DOES 1-20,

           Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

the Defendants, , STEVEN D. SILVERSTEIN, RON ELTER, and GRE

DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4

Reply to the Opposition to the Motion to Dismiss on the grounds set forth as

follows:

**1     <u>STANDARD OF PLEADING FOR IN PRO PER (pro se) PLAINTIFF:</u>**

      A trial court applied same standard for determining whether to dismiss

prisoner's pro se complaint as it did in determining whether to dismiss civil

complaint pursuant to <u>Fed. R. Civ. P. 12(b)(6)</u>;    See <u>Lovett v Seniff (2003, ND

Ind) 277 F Supp 2d 896.</u>   In this case, Plaintiff has acted in Pro Per and the rules

of pleading apply to him at same standard as if he were an attorney.


**2     <u>THE OPPOSITION (RESPONSE) IS SOLELY TO DEFENDANT,
SILVERSTEIN</u>**

      Since, there is no response to the Motion as to RON ELTER, and GRE

DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4, the

Motion to Dismiss should be granted in favor of these Defendants without further

oral argument or hearing.

## THE MOTION TO DISMISS **FILED ON BEHALF OF SILVERSTEIN SHOULD BE GRANTED WITHOUT LEAVE TO AMEND**

Instead of arguing the law supporting his complaint, Plaintiff submits his unsupported thoughts that Silverstein is a "bad guy" thus Plaintiff should prevail even if the law in contrary to what Plaintiff believes is fair.  Upon motion by defendant for dismissal of complaint for failure to state claim upon which relief can be granted, it is duty of court to enter judgment forthwith when it appears that moving party is entitled to judgment as matter of law. Sheaf v Minneapolis, S. P. & S.S. M. R. Co. (1947, CA8 ND) 162 F2d 110.    The District Court's authority to dismiss case when it is frivolous or malicious under 28 USCS § 1915(b) is broader than its authority to dismiss case for failure to state claim under Rule 12(b)(6). See Montana v Commissioners Court (1981, CA5 Tex) 659 F2d 19, cert den (1982) 455 US 1026, 72 L Ed 2d 147, 102 S Ct 1730.

Before dismissing plaintiff's pro se complaint for failure to state claim upon which relief may be granted, the trial judge should have evaluate the complaint himself in order to determine if the complaint is frivolous.    See Johnson v Dencek (1989, CA7 Ill) 868 F2d 969, 49 BNA FEP Cas 357, 49 CCH EPD P 38836, 13 FR Serv 3d 152.   So as to not burden a defendant to substantial attorney fees in defending an action, facial challenges to legal sufficiency of claim

or defense, such as motion to dismiss based on failure to state claim for relief, should be resolved by court **before** discovery begins. <u>Chudasama v Mazda Motor Corp. (1997, CA11 Ga) 123 F3d 1353, 38 FR Serv 3d 1494, 11 FLW Fed C 609.</u>

Arguments which are in essence, contentions that plaintiff failed to state claim upon which relief could be granted is deemed waived for purposes of appeal where defendants fail to assert such argument in trial court.    See <u>Brule v Southworth (1979, CA1 RI) 611 F2d 406.</u>

4      **COUNT I FOR "VOID TRUSTEE'S SALE & TRANSFER OF**
       **TITLE" DOES NOT STATE A CAUSE OF ACTION**

This cause of action appears to be based upon a cause of action for quiet title.    Lincoln first has to prove that he has standing to bring this action. To set aside the sale, Lincoln first has to tender the funds owed.  Under California law,  Plaintiff cannot properly allege a quiet title claim unless Plaintiff tenders all amounts due because a Plaintiff may not "quiet title without discharging [the] debt … the cloud upon his title persists until the debt is paid."   See <u>Aguilar v. Bocci</u> (1974) 39 Cal.App.3d 475, 477 citing <u>Burns v. Hiatt</u> (1906) 149 Cal. 617, 620.) In the Complaint, Lincoln has not alleged either a proposal to tender or the ability to tender and therefore fails to state sufficient facts to constitute a cause of action for quiet title.    Before any liability or damages can be imposed upon the Movants,

1    Lincoln first must support his contention that he is or should be the owner of the

2    premises.      However, a party seeking to set aside a foreclosure sale must plead

3
     and prove the ability to tender the obligation.    Lincoln's Response does not
4

5    contradict the arguments of Plaintiff.

6
          California courts have expanded the application of the tender rule to "any
7

8    cause of action" that is based upon allegations of wrongful foreclosure or that

9    seeks redress from foreclosure. (Abdallah v. United Sav. Bank, (1996) 43
10

11   Cal.App.4th 1101, 1109      The tender rule is strictly applied. (Nguyen v.

12   Calhoun, (2003) 105 Cal.App.4th 428, 439) Absent an alleged and actual tender,

13
     the complaint in its entirety fails to state a cause of action. (Karlsen v. Am. Sav. &
14

15   Loan Ass'n., (1971) 15 Cal.App.3d 112.) "A tender must be one of full

16   performance (California Civil Code § 1486) and must be unconditional to be

17
     valid." (Arnolds Mgmt. Corp., supra, 158 Cal.App.3d at 580.) Lincoln may not
18

19   just recite the language, but must actually have the means to make the tender, "if

20   the offeror '… is without the money necessary to make the offer good and knows it
21

22   …' the tender is without legal force or effect." (Karlsen, supra, 15 Cal.App.3d at

23   118.)    Lincoln has not tendered, nor has he offered to tender, the full amount
24

25   owing based upon the allegations in the Complaint. Therefore, Lincoln has no

26   standing to challenge the foreclosure sale or any related claims.

27

28

**5    COUNT II, III, AND VIII FOR "SLANDER OF TITLE" AND "TORTUOUS INTERFERENCE" DO NOT STATE A CAUSE OF ACTION**

Plaintiff fails to support any of the allegations in the complaint with law supporting these allegations in his response.   Instead, he claims that the laws must exist, but there are just not fair.   This philosophical argument does not defeat the substitutive arguments based upon the elements of the alleged actions set forth in the Motion.

**6    COUNT IV FOR "FORCIBLE DETAINER" DOES NOT STATE A CAUSE OF ACTION**

There are no arguments against the Movant's cited law and the absent elements of the tort e of forcible detainer in the Response.

**7    COUNT V FOR "BREACH OF CONTRACT" DOES NOT STATE A CAUSE OF ACTION**

There is no allegation of any contract between Lincoln and the Movants so there can be no cause of action for breach of contract.   This is not disputed in Plaintiff's Response.

**9    COUNT VI AND VII FOR "WRONGFUL EVICTION AS TORT AND CONSTITUTIONAL DECLARATORY JUDGMENT RE: STATE LAW, CUSTOM, PRACTICE & POLICY" DOES NOT STATE A CAUSE OF ACTION**

There are many statements in this combined Cause of Action and most are conclusionary allegations and citations which do not make any sense. Furthermore, they clearly don't support this non-existent cause of action.

**10    COUNT IX FOR "CIVIL RIGHTS DECLARATORY JUDGMENT" DOES NOT STATE A CAUSE OF ACTION**

There are many statements in this Cause of Action and most are conclusionary allegations and citations which do not make any sense. Furthermore, they clearly don't support this non-existent cause of action. Apparently, there are also RICO allegations relating to e-mails to Lincoln's attorney purportedly during the eviction action which are also privileged under California Civil Code Section 47.

## CONCLUSION

Based upon the arguments set forth in this Motion to dismiss, the

Complaint appears to be frivolous and  should be dismissed without leave to

amend.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:    December 9, 2009

LARRY ROTHMAN,
Attorney for Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as
agents and Trustee of the Via Corbina Trust #4

8

**PROOF OF SERVICE**

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is:  City Plaza, 1 City Boulevard West, Suite 850, Orange, California 92868

    On December 9, 2009, served the foregoing document described as:

REPLY TO OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed
envelope sent first class mail and  addressed as follows:


**Charles Edward Lincoln, III**
**c/o Dr. Orly Taitz, Attorney At Law**
**29839 S. Margarita Parkway**
**Rancho Santa Margarita, California 92688**


    I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.


    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

    Executed on December 9, 2009, at Orange, California.



           ————————————————————
             LARRY ROTHMAN