LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220  Telephone
(714) 363 0229  Facsimile
tocollect@aol.com   E-Mail


Attorneys for the Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE
DEVELOPMENT, INC. as agents and Trustee of the
Via Corbina Trust #4

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTYNA LYNN GRAY, CHARLES EDWARD LINCOLN, III, RENADA NADINE MARCH,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>STEVEN D. SILVERSTEIN, RON ELTER, GRE DEVELOPMENT, INC., Individually and as agents for and Trustee of the Via Corbina Trust #4 CHRISTOPHER ARCHULETA, MERS(Mortgage Electronic Registration Services), other unnamed Attorney, Defendants, John and Jane Does 1-10, MEGLADON FINANCIAL, LLP. ATLAS PROPERTIES REAL ESTATE, JAMES RADWAN, ROCHELLE MATKIN | CASE NO:  SACV09-1072 DOC(Ex)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BASED UPON RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br>(F.R. C.P. RULE 12)<br><br>DATE: January 25, 2010<br>TIME: 8:30 a.m.<br>COURTROOM: 9D |

1

| | |
|---|---|
| 1 | TRUSTEE CORPS, RUSSELL BELL, QUALITY LOAN SERVICE Corp. FIRST NEWPORT PROPERTIES, LLC., JOHN MURK, DIANNE D'AGNOLO, The Honorable, SANDRA HUTCHENS, THE SHERIFF OF ORANGE COUNTY, JP MORGAN CHASE (as successor in Interest to WASHINGTON MUTUAL), ONEWEST BANK, NA (As successor in Interest and Alleged assignee of Indymac, CAL-WESTERN RECONVEYANCE, WELLS FARGO BANK, N.A., DENNIS STACY, COLDWELL BANKER, and JOHN & JANE DOES 1-20,<br><br>Defendants. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

the Defendants, STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4 submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss:

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   December 31, 2009

_____
LARRY ROTHMAN,
Attorney for Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4

# TABLE OF CONTENTS

**PAGE**

| | | |
|---|---|---|
| 1 | INTRODUCTION | 6 |
| 2 | STATEMENT OF FACTS AND PROCEDURAL HISTORY | 7 |
| 3 | THE COMPLAINT MUST BE DISMISSED WHEN PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CAUSE OF ACTION | 8 |
| 4 | ALL CLAIMS AGAINST MOVANTS SHOULD BE DISMISSED SINCE THEY ARE BASED UPON A CONSPIRACY BETWEEN SILVERSTEIN AND HIS CLIENT AND PLAINTIFF FAILED TO OBTAIN PERMISSION FROM THIS COURT TO FILE THIS LAWSUIT | 9 |
| 5 | COUNT I FOR "CIVIL RIGHTS DECLARATORY JUDGMENT" DOES NOT STATE A CAUSE OF ACTION | 11 |
| 6 | COUNT II, V AND VI DO NOT SEEM TO APPLY TO THE MOVANTS | 11 |
| 7. | COUNT III AND IV SEEM TO ATTACK CIVIL CODE 1714.10 AND MOVANT, SILVERSTEIN, BUT DO NOT STATE A CAUSE OF ACTION. | 11 |
| 8 | COUNT VIII AND X TO VOID THE SALE DOES NOT STATE A CAUSE OF ACTION AGAINST THESE MOVANTS | 12 |
| 9 | COUNT IX DOES NOT STATE A CAUSE OF ACTION AGAINST THESE MOVANTS SINCE THESE MOVANTS HAVE NOT FILED AN ANTI-SLAPP MOTION. | 13 |
| 10 | COUNT XI FOR "SLANDER OF TITLE" AND "TORTUOUS INTERFERENCE" DO NOT STATE A CAUSE OF ACTION | 14 |
| 11 | COUNT XII FOR "FORCIBLE DETAINER" DOES NOT STATE A CAUSE OF ACTION | 15 |

12 COUNT XIII FOR "BREACH OF CONTRACT" AND "RICO" DO NOT STATE A CAUSE OF ACTION ............ 15

CONCLUSION ............ 16

PROOF OF SERVICE ............ 17

# TABLE OF AUTHORITIES

**Cases**
Abdallah v. United Sav. Bank, (1996) 43 Cal.App.4th 1101, 1109 .......... 12
Aguilar v. Bocci (1974) 39 Cal.App.3d 475, 477 .......... 11
Arnolds Mgmt. Corp. v. Eischen, (1984) 158 Cal.App.3d at 579 .......... 12
Ashcroft v. Iqbal, No. 07-1015 (U.S. 5/18/2009) (2009). .......... 8
Burns v. Hiatt (1906) 149 Cal. 617, 620 .......... 11
California Civil Code § 1486 .......... 12
California Civil Code Section 47 .......... 14, 15
California Code of Civil Procedure Section 1160 .......... 14
Devereaux v Latham & Watkins (1995) 32 Cal. App 4th 1571, 1582 .......... 10
Guerrro v Gates (2006) 442 F.2d 697, 703 .......... 8
Jackson v Carey (2003) 353 F.3d 750, 758 .......... 8
Karlsen v. Am. Sav. & Loan Ass'n., (1971) 15 Cal.App.3d 112. .......... 12
Lopez v Smith (2000) 203 F.3d 1122, 1127 .......... 8
Nguyen v. Calhoun, (2003) 105 Cal.App.4th 428, 439 .......... 12
Seeley v. Seymour (1987) 190 Cal.App.3d 844, 858, 237 Cal.Rptr. 282 .......... 13
Stalberg v. Western Title Ins. Co. (1994) 27 Cal.App.4th 925, 929, 32 Cal.Rptr.2d 750 .......... 13
United States Cold Storage v. Great W. Sav. & Loan Ass'n, (1985) 165 Cal.App.3d 1214, 1225 .......... 12
Wilton v. Mountain Wood Homeowners Assn. (1993) 18 Cal.App.4th 565, 568, 22 Cal.Rptr.2d 471 .......... 13

**Statutes**

California Civil Code Section 1714.10 .......... 8, 10
F.R.C.P. Rule 8a and d .......... 8
Rules of Civil Procedure, Rule 12(b)(6) .......... 7
8 USC Section 1331 .......... 2, 6
28 USC Section 1332 .......... 6
42 USC Sections 1981, 1982, 1983, and 1988 (a) .......... 6

## 1  INTRODUCTION

CHARLES EDWARD LINCOLN, III, ("Lincoln") has filed another lawsuit with respect to the property located at 4 Via Cobina, Rancho Santa Margarita, California 92688 ("the Property"). This time he adds two more Plaintiffs, CHRISTYNA LYNN GRAY and RENADA NADINE MARCH "Gray", to his case who apparently are representing themselves and "claim" the same type of damages as Lincoln. This Court has been requested to take judicial notice of <u>Lincoln v Cal-Western Reconveyance Corporation</u> filed in this district as case SACV08-1334 DOC(Ex). In this case, Lincoln claims to request Class Action status against the purchasers of this property at a trustee sale and its unlawful detainer attorney, the foreclosure company, bank, Orange County Sheriff, and others.

This Motion has been filed on behalf of Steven D. Silverstein, the unlawful detainer attorney for the purchaser at the trustee sale ("Silverstein"), the Trustee of a Trust which was the purchaser at the trustee sale for the property, Gre Development, Inc. (" Gre"), and its shareholder, Ron Elter, ("Elter").

## 2 STATEMENT OF FACTS AND PROCEDURAL HISTORY

Lincoln and Gray claim subject matter jurisdiction for this case based upon a "Federal Question" 28 USC Section 1331 and 1343 as well as certain Civil Rights and Quasi Civil Rights violations to him under 42 USC Sections 1981, 1982, 1983, and 1988 (a) even though Paragraph 19 of the First Amended Complaint alleges that Plaintiffs are all white Anglo-Saxon and Protestant. While Lincoln alleged "Diversity" 28 USC Section 1332 in the original complaint, that jurisdictional issue has mysteriously vanished in the First Amended Complaint.

The gravamen of the complaint against these Movants is based upon a *conspiracy* between Silverstein and his client, Gre to evict Plaintiff(s) from property purchased by Gre at a trustee sale. Lincoln is requesting that the eviction be stopped and that he regains title to the property.

The Complaint in this action was filed September 16, 2009. These Movants responded with a Motion to Dismiss that was filed on October 13, 2009 and set for a hearing on November 16, 2009. After several ex-parte requesting an extension to respond, Lincoln filed a First Amended Complaint on December 7, 2009.

3  **THE COMPLAINT MUST BE DISMISSED WHEN PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CAUSE OF ACTION**

A Complaint (or its causes of action) must be dismissed under the <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must accept as true all factual allegations in the complaint and must draw all reasonable inference from those allegations, construing the complaint in the light most favorable to the plaintiff. See <u>Guerrro v Gates</u> (2006) 442 F.2d 697, 703. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cursed by amendment. See <u>Jackson v Carey</u> (2003) 353 F.3d 750, 758 and <u>Lopez v Smith</u> (2000) 203 F.3d 1122, 1127.

A Complaint must also be dismissed if this Court does not have subject matter jurisdiction. See <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(1). The First Amended Complaint is problematic jurisdictionally in that all of the claims have either been litigated in State Court already, or could be litigated there. In addition, the First Amended Complaint is basically a mish mash of arguments of law, anticipated arguments of law and verbose arguments of fact rather than plain statements of facts supportive of causes of action as required by <u>F.R.C.P.</u> Rule 8a

and d.    In addition the allegation in the Complaint do not comply with the pleading requirements of <u>Ashcroft v. Iqbal, No. 07-1015 (U.S. 5/18/2009) (2009)</u>.

### 4    ALL CLAIMS AGAINST MOVANTS SHOULD BE DISMISSED SINCE THEY ARE BASED UPON A CONSPIRACY BETWEEN SILVERSTEIN AND HIS CLIENT AND PLAINTIFF FAILED TO OBTAIN PERMISSION FROM THIS COURT TO FILE THIS LAWSUIT

**According to <u>California Civil Code</u> Section 1714.10,**  (a) No cause of action **against an attorney for a civil conspiracy with his or her client** arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.  The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based.  The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination.  The filing of the petition, proposed pleading, and

accompanying affidavits shall toll the running of any applicable statute of limitations until the final determination of the matter, which ruling, if favorable to the petitioning party, shall permit the proposed pleading to be filed.

In this case, Lincoln failed to Petition this Court for the right to file his claim for conspiracy. See Complaint paragraph 2 which is incorporated for all causes of action against these Movants as well as 5 through 10.

(b) Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for **civil** conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with **civil** conspiracy upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate. Failure to timely raise the defense shall constitute a waiver thereof.....

See also <u>Devereaux v Latham & Watkins</u> (1995) 32 Cal. App 4th 1571, 1582 which holds that <u>California Civil Code</u> Section 1714.10 "which requires a judicial determination of reasonable probability of success prior to permitting the filing of an action against an attorney based on a claim of civil conspiracy with a client."

5       **COUNT I FOR "CIVIL RIGHTS DECLARATORY JUDGMENT" DOES NOT STATE A CAUSE OF ACTION**

The rambling of words in this "Count" to state that customs, practices, and policies administrated and enforced in Orange County are wholly unconstitutional and offensive to due process of law do not provide any facts of specific wrongful illegal conduct or why the Plaintiffs have standing under 42 USC Sections 1981-1982. Count 1 should be summarily dismissed.

6. **COUNT II, V, AND VI DO NOT SEEM TO APPLY TO THE MOVANTS.**

7. **COUNT III AND IV SEEM TO ATTACK <u>CIVIL CODE</u> 1714.10 AND MOVANT, SILVERSTEIN, BUT DO NOT STATE A CAUSE OF ACTION**

Because Silverstein is an attorney, presumably, this Count applies. However, the First Amended Complaint fails to indicate any specific facts or illegal actions attributed to Silverstein. In addition, all facts and actions appear to already have been litigated in the State Court and not appealed thus far to the California Supreme Court. See also arguments in Section 4 above.

## COUNT VIII AND X TO VOID THE SALE DOES NOT STATE A CAUSE OF ACTION AGAINST THESE MOVANTS

Lincoln first has to prove that he has standing to bring this action. To set aside the sale, Lincoln first has to tender the funds owed. Under California law, Plaintiff cannot properly allege a quiet title claim unless Plaintiff tenders all amounts due because a Plaintiff may not "quiet title without discharging [the] debt ... the cloud upon his title persists until the debt is paid." See Aguilar v. Bocci (1974) 39 Cal.App.3d 475, 477 citing Burns v. Hiatt (1906) 149 Cal. 617, 620.) In this instance, Lincoln has not alleged either a proposal to tender or the ability to tender and therefore fails to state sufficient facts to constitute a cause of action for quiet title. Before any liability or damages can be imposed upon the Movants, Lincoln first must support his contention that he is or should be the owner of the premises. However, a party seeking to set aside a foreclosure sale must plead and prove the ability to tender the obligation.

California courts have expanded the application of the tender rule to "any cause of action" that is based upon allegations of wrongful foreclosure or that seeks redress from foreclosure. (Abdallah v. United Sav. Bank, (1996) 43 Cal.App.4th 1101, 1109 [in affirming the sustaining of a demurrer without leave to amend the court explained that the tender rule applies to "any cause of action for irregularity in the sale procedure"]; United States Cold Storage v. Great W. Sav. &

Loan Ass'n, (1985) 165 Cal.App.3d 1214, 1225 [affirming judgment of non-suit]; Arnolds Mgmt. Corp. v. Eischen, (1984) 158 Cal.App.3d at 579 [affirming sustaining of demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to defective notice of foreclosure sale.])

The tender rule is strictly applied. (Nguyen v. Calhoun, (2003) 105 Cal.App.4th 428, 439) Absent an alleged and actual tender, the complaint in its entirety fails to state a cause of action. (Karlsen v. Am. Sav. & Loan Ass'n., (1971) 15 Cal.App.3d 112.) "A tender must be one of full performance (California Civil Code § 1486) and must be unconditional to be valid." (Arnolds Mgmt. Corp., supra, 158 Cal.App.3d at 580.) Lincoln may not just recite the language, but must actually have the means to make the tender, "if the offeror '… is without the money necessary to make the offer good and knows it …' the tender is without legal force or effect." (Karlsen, supra, 15 Cal.App.3d at 118.)   Lincoln has not tendered, nor has he offered to tender, the full amount owing. Therefore, Lincoln has no standing to challenge the foreclosure sale or any related claims.

9       **COUNT IX DOES NOT STATE A CAUSE OF ACTION AGAINST THESE MOVANTS SINCE THESE MOVANTS HAVE NOT FILED AN ANTI-SLAPP MOTION.**

## 10   COUNT XI FOR "SLANDER OF TITLE" AND "TORTUOUS INTERFERENCE" DO NOT STATE A CAUSE OF ACTION

The elements of slander of title occur when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss. (Stalberg v. Western Title Ins. Co. (1994) 27 Cal.App.4th 925, 929, 32 Cal.Rptr.2d 750.) "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." (Seeley v. Seymour (1987) 190 Cal.App.3d 844, 858, 237 Cal.Rptr. 282.) What makes conduct actionable is not whether a defendant succeeds in casting a legal cloud on plaintiff's title, but whether the defendant could reasonably foresee that the false publication might determine the conduct of a third person buyer or lessee. (Wilton v. Mountain Wood Homeowners Assn. (1993) 18 Cal.App.4th 565, 568, 22 Cal.Rptr.2d 471.)

In the case before this Court and as discussed above, Lincoln would have to have tendered the funds owed prior to the foreclosure sale. Once the trustee sale occurred, the trustee's deed's recitals validate the sale and the purchaser at the sale cannot disparage the title of the property nor its unlawful detainer attorney. See also California Civil Code Section 47.

## 11   COUNT XII FOR "FORCIBLE DETAINER" DOES NOT STATE A CAUSE OF ACTION

The elements of forcible detainer require a person to take possession of real property without permission or right.   See California Code of Civil Procedure Section 1160.   The only claims made in the compliant that relate to this cause of action refer to Lincoln's contention that Gre does not have legal title.   Based upon the arguments set forth above, Lincoln has to first state a cause of action in Counts I trough III in order to prove that he has standing and a right to possession of the property.

## 12   COUNT XIII FOR "BREACH OF CONTRACT - RICO" DOES NOT STATE A CAUSE OF ACTION

There is no allegation of any contract between Lincoln and the Movants so there can be no cause of action for breach of contract.   Lincoln alleges that the Movants induced a breach of contract or breached the implied covenant of good faith.  Lincoln fails to allege any facts supporting this conduct.  There are many statements in this Cause of Action and most are conclusionary allegations and citations which do not make any sense. Furthermore, they clearly don't support this non-existent cause of action.   Apparently, there are also RICO allegations

relating to e-mails to Lincoln's attorney purportedly during the eviction action which are also privileged under California Civil Code Section 47.

## CONCLUSION

Based upon the arguments set forth in this Motion to dismiss, the Complaint should be dismissed without leave to amend.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   December 31, 2009

_____
LARRY ROTHMAN,
Attorney for Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: City Plaza, 1 City Boulevard West, Suite 850, Orange, California 92868

On December 31, 2009, served the foregoing document described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BASED UPON RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 31, 2009, at Orange, California.

_____
MONIQUE PINKS

Charles Edward Lincoln, III
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

Christyna Lynn Gray
16351 Arlington Lane
Huntington Beach, California 92649

Renada Nadine March
7 Bluebird Lane
Aliso Viejo, California 92656