## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 09-1072 DOC (Ex)                                                Date: January 19, 2010

Title: Charles Edward Lincoln III, et al. v. Steven D. Silverstein, et al.

---

DOCKET ENTRY
       [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                  Date:_____   Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART PLAINTIFF MARCH'S *EX PARTE* MOTION TO EXTEND TIME

       The Court is in receipt of *pro se* Plaintiffs Renada Nadine March ("March") and Charles Edward Lincoln III's ("Lincoln") *Ex Parte* Motion to Extend Time to Respond to Defendants Steven D. Silverstein, Ron Elter, and GRE Development, Inc.'s Motion to Dismiss ("*Ex Parte* Application"). Plaintiffs request an extension of the time to respond to Defendants' Motion to Dismiss because Plaintiff March was out of the country to attend her father's funeral.

       Defendants oppose Plaintiffs' *Ex Parte* Application on the basis that the motion was not timely and, if well taken, should only apply to Plaintiff March. Defendants also allege that Plaintiff Lincoln is "actually practicing law and representing each of the Plaintiffs," which would constitute the unauthorized practice of law. Defendants request that they be permitted to depose Plaintiffs Gray and March regarding Lincoln's role in the litigation so that they can "report to the court their findings . . . for the Court to review to see if a crime (practicing law without a license) exists." Opp. at 3.

       Plaintiffs are reminded that the practice of law in California is defined as providing "legal

---

advice and legal instrument and contract preparation, whether or not these subjects were rendered in the course of litigation." *Birbower, Montalban, Condo & Frank, P.C . v Superior Court*, 17 Cal. 4th 119, 128 (Cal. 1998).  However, Defendants have provided no authority for the procedure they propose in which as civil defendants, they would be involved in the investigation of a violation of the criminal unauthorized practice of law statute.  As such, their request is denied at this time.

Plaintiff March has established that an extension of time to oppose the Motion to Dismiss is warranted due to the death of her father.  Plaintiff Lincoln does not explain why his Opposition was not filed on January 11, 2010 when it was due other than that Defendants made some vague overtures at settlement.  Plaintiff Lincoln shall be granted an extension in this instance, but he shall receive no further extensions absent extraordinary circumstances and is reminded that he is required to comply with all Local Rules.  *See* Local Rule 1-3.

*Pro se* Plaintiff Christyna Lynne Gray ("Gray") did not join in the motion to extend time.  As such, her opposition was due January 11, 2009.  The Court has received no opposition.  Accordingly, pursuant to Local Rule 7-12, the Motion to Dismiss is hereby GRANTED AS UNOPPOSED for Plaintiff Gray.  Plaintiff Gray's Complaint is hereby DISMISSED as to Steven D. Silverstein, Ron Elter, and GRE Development, Inc.

However, the extension requested is too lengthy given the Court's previous extensions given in this matter.  Plaintiffs March and Lincoln shall have until February 8, 2010 to file their opposition to the Motion to Dismiss, and the hearing on the Motion to Dismiss is CONTINUED to February 22, 2010 at 8:30 a.m.

The Clerk shall serve this minute order on all parties to the action.