**Charles Edward Lincoln, III**
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: 512-968-2500
Facsimile: 561-615-3105
E-Mail: charles.lincoln@rocketmail.com
Plaintiff *in propia persona*

**RENADA NADINE MARCH**
7 Bluebird Lane
Aliso Viejo, California 92656
Tel: 949-742-0436
E-mail: renadajewel@gmail.com
Plaintiff *in propia persona*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION
### (SANTA ANA)

CHARLES EDWARD LINCOLN, III, and §
RENADA NADINE MARCH, §
    Plaintiff, §
§
v. §  Case No. SACV09-1072 DOC (Ex)
§
STEVEN DAVID SILVERSTEIN, §  **PLAINTIFFS' FIRST AMENDED**
RON ELTER, GRE DEVELOPMENT, §  **RESPONSE with Brief and**
**INC.**, MEGLODON FINANCIAL, L.L.P., §  **MEMORANDUM OF**
*et al.*, including JOHN & JANE DOES 1-20,§  **POINTS & AUTHORITIES**
    Defendants. §
§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### Charles Edward Lincoln and Renada Nadine March's
### First Amended Response with Brief and Memorandum in
### RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS (DOC 22)

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*
   - i -   *Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

**TABLE OF CONTENTS**

3

4
                                                                         **PAGE**

5

6
1.     DISMISSAL UNDER F.R.C.P. 12(b)(6) REQUIRES FINDING OF IMPLAUSIBILITY.................................................2

7

8
2.     PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED UNDER 12(b)(6)..............................................3

9

10
3.     COUNT 111: CALIFORNIA CIVIL CODE SECTION 17.14 IS UNCONSTITUTIONAL & COUNT IV: CALIFORNIA CIVIL CODE 1714.10 DOES NOT IMMUNIZE SILVERSTEIN..........6

11

12

13
4.     COUNT V: CALIFORNIA CIVIL CODE 2924 UNCONSTITUTIONALLY IMPAIRS CONTRACT & COUNT VI: CALIFORNIA CIVIL CODE 2924 UNCONSTITUTIONAL AS APPLIED................................................................11

14

15
5.     COUNT VII: TO VOID THE SALE OF 16351 ARLINGTON LANE, HUNTINGTON BEACH...............................................13

16

17
6.     COUNT VIII: TO VOID THE SALE, ETC., 4 VIA CORBINA, RANCHO SANTA MARGARITA................................13

18

19
7.     COUNT IX: CALIFORNIA CODE CIVIL PROCEDURE IS UNCONSTITUTIONAL..............................................14

20

21
8.     COUNT X; TO VOID THE SALE OF 7 BLUEBIRD LANE, ALISO VIEJO..............................................15

22

23
9.     COUNT XI: SLANDER OF TITLE & TORTIOUS INTERFERENCE..............................................15

24
10.    COUNT XII: FORCIBLE DETAINER..............................15

25
11.    COUNT XIII: BREACH OF CONTRACT, RICO..................15

26

27

28

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     -ii     *Charles E. Lincoln, Plaintiff, pro se*
*-*                                                                  *c/o Peyton Yates Freiman*
                                                                  *603 Elmwood Pl., #6, Austin, TX 78705*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*

1
2
3
4

## TABLE OF AUTHORITIES

5
6

CASES

7
8
Ashcroft v. Iqbal, (2009) 129 S. Ct. 1937; 173 L. Ed. 2d 868....................2

9
Boyle v. U.S., (2009) 129 S. Ct 2237; 173 L. Ed. 2d 1265......................17

10
11
Dombrowski v. Pfister, 380 U.S. 479; 85 S. Ct. 1116, 14; 11 L. Ed. 2d 22
1965.....................................................................................................11

12
Greenwood v. Peacock, (1996) 384 U.S. 808, 828, 86 S.Ct. 1800, 1812......11

13
14
H.J., Inc., et al. v. Northwestern Bell Telephone Co. et al, (1989)
492 U.S. 229; 109 S.Ct. 2893; 106 L. Ed 2d 195...............................17

15
16
Mitchum v. Foster, 407 U.S. 225; 92 S. Ct. 2151; 32 L. Ed. 2d 705...........11

17
Monell v. Department of Social Services of the City of New York, (1978)
436 U.S. 658; 98 S. Ct. 2018; 56 L. Ed. 2d 6.....................................5

18
19
STRAUDER V. WEST VIRGINIA,
100 U.S. 303.........................................................................................11

20
21
Supreme Court in Sprint Communications Company, L.P et al. v. APCC Services,
(2008) Inc., et al., 128 S. Ct. 2531; 171 L. Ed. 2d 424...........................6

22
23
Twombly v Bell Atlantic, (2007) 550 U.S. 544; 127 S. Ct. 1955 at 1964-65;
167 L. ED. 2D 929.............................................................................2,4,8

24
25
26
27
28

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STATUTES & RULES

18 USC §§1962(a), (b), and (c)…….....……………………………………17

18 USC 1961(4)-1964.……………………………………………………17

18 USC 1964(c).…………………………………………………………..17

28 USC 2201-2202.…………………………………………………………3

42 USC 1981-1982.……………………………………………3,10,11

42 USC 1981-2.…………………………………………………………2,4

42 USC 1983.……………………………………………..…….....……5

42 USC 1983 & 1988.……………………………………………3,5,10,11

Federal Rules of Civil Procedure, Rule 12 (b)(6)……………………………2,3

California Civil Code 1714.10, 2924…………………4,6,7,8,9,10,11,12,14

California Civil Code 2924.……………………………………....2,3,4,11

California Code of Civil Procedure 425.16…………………………………6

California Code Civil Procedure 425.16(c)…………………………………14

California Code Civil Procedure 424.16(c)…………………………………14

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*          - iv -          *Charles E. Lincoln, Plaintiff, pro se*
                                                                              *c/o Peyton Yates Freiman*
                                                                              *603 Elmwood Pl., #6, Austin, TX 78705*

*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*

**Charles Edward Lincoln, III**
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: 512-968-2500
Facsimile: 561-615-3105
E-Mail: charles.lincoln@rocketmail.com
Plaintiff *in propia persona*

**RENADA NADINE MARCH**
7 Bluebird Lane
Aliso Viejo, California 92656
Tel: 949-742-0436
E-mail: renadajewel@gmail.com
Plaintiff *in propia persona*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION
### (SANTA ANA)

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III, and RENADA NADINE MARCH,<br>　　　Plaintiff,<br><br>v.<br><br>STEVEN DAVID SILVERSTEIN, RON ELTER, GRE DEVELOPMENT, INC., MEGLODON FINANCIAL, L.L.P., *et al*., including JOHN & JANE DOES 1-20, Defendants. | Case No. SACV09-1072 DOC (Ex)<br><br>PLAINTIFFS' FIRST AMENDED RESPONSE BRIEF with MEMORANDUM OF POINTS & AUTHORITIES |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### <u>Charles E. Lincoln and Renada N. March's First Amended Memorandum in RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS (DOC 22)</u>

Come now the Plaintiffs RENADA NADINE MARCH and CHARLES EDWARD LINCOLN, **pro se**, with this First Amended Response to Defendants' Motion to Dismiss (Doc 22) filed December 31, 2009.

Defendants ask this Court to Dismiss Plaintiffs' First Amended Complaint without leave to amend, i.e., to dismiss all their causes of action with prejudice. Even

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*　　- 1 -　　*Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*　　　　　*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    in doing so, the Defendants admit: "Dismissal without leave to amend is appropriate

4    only when the Court is satisfied that the deficiencies in the complaint could not

5    possibly be cursed [*sic*] by amendment." (Doc. 22-2, Filed 12/31/2009, Page 8 of

6    18; *citations omitted*).

7    **Dismissal under F.R.C.P. 12(b)(6) Requires Finding of Implausibility**

8         Plaintiffs generally respond that Defendants Silverstein et al. have (a) not even

9    articulated or cited the proper 12(b)(6) standard for dismissal, (b) mixed affirmative

10   factual defenses which must be raised by proper pleading in an answer and then

11   proved (burden of proof on party raising the affirmative defense---i.e., the Defendants

12   themselves), and (c) they have not even begun adequately to address the substance of

13   the Plaintiffs' complaint. Plaintiffs have alleged and submit that they can prove by a

14   preponderance of the credible evidence that widespread corruption permeates the

15   California and in particular Orange County mortgage and finance industry,

16   generally, and Steven D. Silverstein's practice of forcible eviction by ambush,

17   specifically. Plaintiffs further allege and ask this Court to rule that neither the non-

18   judicial foreclosures authorized by California Civil Code §2924 nor the evictions

19   which follow them can be considered even remotely legal or constitutionally

20   acceptable methods of dispossession under the provisions of the Fifth or Fourteenth

21   Amendment nor under 42 U.S.C. §§1981-2.

22        In regard to the standard for dismissal, Defendants do not even once mention

23   the word "plausibility" which is the key (if highly subjective) grounds which must

24   underly any action under Federal Rule 12(b)(6) as construed recently in ***Ashcroft v.***

25   ***Iqbal***, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009), see also ***Twombly v. Bell***

26   ***Atlantic***, 550 U.S. 544; 127 S.Ct. 1955 at 1964-65; 167 L.Ed.2d 929 (2007). These

27   recent holdings by the Supreme Court augment the previous, more liberal standard

28   of pleading that merely required that all elements of a cause of action be identified or

---

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*          - 2 -          *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*                          *c/o Peyton Yates Freiman*
                                                                    *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  suggested by reference to evidentiary allegations. Rule 12(b)(6) is designed to weed
4  out what the Court finds to be speculative, implausible, or incoherent complaints.
5          There is nothing speculative, incoherent, or implausible about Plaintiffs'
6  allegations connecting Silverstein's modus operandi to California Civil Code §2924
7  as applied by the California Courts themselves in cases cited by Rothman and
8  Silverstein themselves.  Most of Plaintiffs' allegations relating to their Complaint for
9  Declaratory Judgment under 28 U.S.C. §2201-2202 and/or 42 U.S.C. §§1983 &
10 1988(a) to have certain California Statutes declared unconstitutional "as applied" are
11 founded on Silverstein's pleadings in the present case and in the related state court
12 case filed by Lincoln's former attorney Dr. Orly Taitz, D.D.S., Esquire in the
13 Superior Court of Orange County, California, under (Unlimited Jurisdiction)
14 Superior Court Case Number 30 2009 00310516.[1]
15         Silverstein and his associates clearly depend upon the "conclusive
16 presumption" of legitimacy which California Courts have afforded to the skillful
17 completion and filing of Deed of Trust Documents to overcome all allegations of
18 fraud in claiming standing to foreclose.  Plaintiffs allege, quite simply, that California
19 law closes the door to Plaintiffs' allegations of fraud and that this constitutes a
20 violation of their rights to Petition for Redress of Grievances under the First
21 Amendment, a denial of due process under the Fifth and Fourteenth Amendment,
22 and a denial of equal protection under the Fourteenth Amendment and 42 U.S.C.
23 §§1981-1982.
24
25
26
27
28

---

[1] Dr. Taitz initially recommended and enthusiastically insisted on filing this Complaint in
Orange County Superior Court in addition to Plaintiff Lincoln's present complaint, the original
version of which was filed in this court in September shortly after eviction.  However, Dr. Taitz
subsequently neglected and finally (with Lincoln's agreement) voluntarily dismissed her Superior
Court complaint against Silverstein before Judge Horn entered any preliminary or final rulings on
any subjects or motions aside from Dr. Taitz' Motion to Withdraw as Counsel, and said voluntary
dismissal was therefore entered without prejudice or significance of any kind in the present action.

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     - 3 -     *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*     *c/o Peyton Yates Freiman*
                                                        *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3        Rothman and Silverstein are clearly past-masters of the use of California Civil

4    Code §§2924 and 1714.10 to carry out their mission of maintaining residential

5    instability and transitory lifestyles for the benefit of the Mortgage Finance Industry as

6    a whole and for the Foreclosure and Eviction "servicers" of this industry in

7    particular.    Their use and skillful manipulation of California law and procedure

8    could not happen in the absence of careful coordination amounting to outright

9    control over the California Superior Courts, of which Silverstein himself recklessly

10   but continuously boasts as a method of threatening and intimidating his victims,

11   including the Plaintiffs herein.

12       Aside from those allegations derived directly from the Defendants' motions

13   and briefs in this and other Courts, the remainder of Plaintiffs' allegations concerning

14   judicial corruption are based on what Plaintiffs' have seen with their own eyes or

15   heard with their own ears. These observations have been made in the Superior

16   Courts of Orange County whenever Silverstein appears, supplemented and

17   confirmed by reports from other individuals not parties to this lawsuit who also have

18   directly and personally observed Silverstein "in action."    Plaintiffs pray that this

19   Court will justly exercise the vast and subjective discretion with the ***Twombly*** and

20   ***Iqbal*** opinions afford to courts in evaluating the "plausibility" of complaints

21   presented to it by viewing the pleadings, as former 12(b)(6) law required, in the light

22   most favorable to the non-movants.

23   **Plaintiffs' Complaint Should Not Be Dismissed under 12(b)(6)**

24       Plaintiffs' First Amended Complaint consisted of 13 counts filed on behalf of

25   three Plaintiffs, one of whom, Christyna Lynn Gray, seems simply to have dropped

26   off the face of the earth or at least off the radar of this litigation, and it is impossible

27   for the remaining Plaintiffs to explain her absence, although they were in close touch

28

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     - 4 -      *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*                    *c/o Peyton Yates Freiman*
                                                         *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3      and contact with her until just before Christmas 2009.  The Thirteen Counts of the

4      First Amended Complaint filed December 7, 2009 were:

5              COUNT I: Civil Rights Declaratory Judgment (42 U.S.C. §§1983, 1988(a)).

6      The allegation that there exist a custom, practice or policy in the Superior Courts of

7      the State of California, or in Orange County in particular, implemented by the

8      Courts by and through Silverstein acting as an officer of the Court in a manner

9      shaped and determined at the local (Orange County) by Silverstein himself is a classic

10     civil rights allegation tracking **Monell v. Department of Social Services of the**

11     **City of New York**, 436 U.S. 658; 98 S.Ct. 2018; 56 L.Ed.2d 611 (1978), which held

12     that even municipal corporations and their employees were persons who could be

13     sued under the statute when execution of an official government policy or custom

14     inflicted the constitutional violation.  It is when, as Lincoln and March allege in this

15     case against Steven David Silverstein, that the execution of a government's policy or

16     custom (whether made by its lawmakers or by those whose edicts or acts may fairly

17     be said to represent official policy) inflicts the injury that the government as an entity

18     is responsible under 42 U.S.C.S. § 1983.  **Id.**  Silverstein is an officer of the

19     California Superior Courts in Orange County, but has no judicial immunity for his

20     actions in the present or similar cases, even if he has sometimes served as a judge

21     "pro tempore" for the Superior Courts of Orange County: this role and status

22     emphasizes his ability to make and enforce policy, at least at the local level, and this

23     is confirmed by observation of behavior and actions taken in Court.

24             COUNT II: Declaratory Judgment re: Breach of Good Faith & Fair dealing.

25     The Plaintiffs allege that Silverstein and the other Defendants in this case as a single

26     coordinated enterprise or association-in-fact.  In this sense, Silverstein is clearly

27     acting as an agent for the banks and finance companies who foreclose and then sell at

28     auction in bad faith to buyers who are fully aware of the fraudulent facts underlying

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*      - 5 -          *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*          *c/o Peyton Yates Freiman*
                                                              *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   and defining the circumstances of sale (namely, the lack of standing to foreclose as

4   holders-in-due course of any note by purchase or legal transfer by appointment or

5   assignment of any kind).  There are no "bona fide purchasers for value" within the

6   letter of California Law, and Silverstein knowingly disguises this well-known fact by

7   executing the paper as "double agent" for both buyers and sellers in a "fixed" set

8   order of transactions involved in the California/Orange County customary,

9   practical, and political structure of non-judicial foreclosures.  The law of agency or

10  assignment has recently been clarified or set forth by the **Supreme Court in Sprint**

11  **Communications Company, L.P et al. v. APCC Services, Inc., et al.**, 128

12  S.Ct. 2531; 171 L.Ed.2d 424 (2008).

13  **COUNT III: California Civil Code Section 1714.10 is Unconstitutional &**
14  **COUNT IV: Cal. Civil Code §1714.10 does not immunize Silverstein**

15        At least in regards to the focus of his December 31, 2009 Motion to Dismiss

16  Plaintiffs' First Amended Complaint, Defendant Silverstein desperately continues to

17  rely on the viability of California Civil Code §1714.10 as his first-line key and

18  primary defense, even more than the provisions of §2924, as he did in his Motion to

19  Dismiss the original complaint. Silverstein and his attorney Rothman persist in this

20  strategy despite the fact that Plaintiffs have now amended their complaint to

21  challenge Civil Code §1714.10 both on its face and as applied (See First Amended

22  Complaint, Counts III and IV, pages 10-12, ¶¶40-52.  Plaintiffs' Complaint for

23  Declaratory Judgment to invalidate §1714.10 is parallel to but independent of

24  Plaintiffs' challenge to California Civil Code §2924 and California Code of Civil

25  Procedure §425.16 in Counts V, VI, and IX, all of which have to do with a single

26  general custom, practice or policy of the state of California: namely to shut the doors

27  of the California Courts to all but the wealthiest and best connected litigants who can

28  afford the wealthiest and best connected lawyers.

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     - 6 -
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

However, there is one very significant problem with Silverstein's use of §1714.10: **No part the factual basis nor legal argument alleged in support of Counts I, III. IV, V, or VI consists on any allegation or intimation of a "civil conspiracy" between Silverstein and any party.** Rather, these Counts focus on the unconstitutionality of California Civil Code §§1714.10 and §2924 both on their face and as applied to (and/or by) Silverstein in this case, by his own suggestion and construction. In light of Silverstein's emphatic reliance on §1714.10 as his chief line of defense the Court should observe that (1) the word "conspiracy" cannot be found anywhere in the Plaintiff's First Amended Complaint (even if Defendants should believe that either a conspiracy or certain elements of conspiracy, such as a private and illegal arrangement or agreement between Silverstein and certain Orange County Superior Court Judges are implied---to which allegations §1714.10 would not in any event apply, even if §1714.10 were constitutional and Silverstein were also acting on behalf of clients at the time he made these agreements) and (2) Plaintiff Lincoln alone alleges that Silverstein ever "conspired" with anyone.

With regard to the substance of Plaintiff's complaint, Silverstein's emphasis on §1714.10 is not only morally reprehensible and constitutionally oppressive but also suggests a massive mischaracterization of Plaintiffs' First Amended Complaint and Silverstein's identity and role in the career of wrongful conduct therein alleged. The Plaintiffs used the word "conspire" itself only twice in the entire First Amended Complaint, to wit on pages 24 and 31 in ¶¶117 and 145, which belong to Lincoln's Counts XI and XIII respectively. Likewise, in relation to Silverstein, the word "agree" occurs only in ¶¶128 and 145, in the same counts XI and XIII, and here the context alleges that Silverstein was acting directly and not as agent or attorney for anyone. Elsewhere in the First Amended Complaint, the word agree occurs only in ¶33 when Renada Nadine March alleges that One West Bank Agreed to her use of

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     - 7 -     *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*     *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    Bankruptcy as a discharge of the alleged debt giving rise to this suit (OneWest Bank

4    and other defendants have executed waivers of service).

5     While Silverstein is clearly correct that the U.S. Supreme Court is constantly

6    raising the standard for pleadings and expanding the discretion of each court to hear

7    or dismiss cases based on entirely subjective evaluations of "plausibility", ***Ashcroft***

8    ***v. Iqbal***, 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009)(supra), Plaintiffs' complaint in and

9    relating to Counts III-IV make the following entirely "plausible" allegations against

10   Silverstein which deprive him of protection: Defendant Steven D. Silverstein is a real

11   estate investor who both directly and indirectly collects foreclosed properties and as

12   such or in addition he serves as an owner/operator/director/officer/silent partner of

13   many real estate investment companies.

14    As such, Defendant Steven D. Silverstein has special direct and personal

15   relationships with all the judges of the Orange County Superior Courts who

16   routinely handle forcible detainer cases and furthermore he has a direct and personal

17   interest and financial stake in the outcome of some if not all of the forcible detainer

18   cases at issue in this case aside from and in addition to his fees for services as an

19   attorney. This last enumerated factor alone (the allegation of his personal interest

20   and stake in the outcome) operates and functions sufficiently to remove Defendant

21   Steven D. Silverstein from enjoying any personal immunity from or affirmative

22   defense to liability under this complaint even if §1714.10 were to be found

23   constitutionally valid.

24    With regard to the constitutional validity of the statute, §1714.10, Plaintiffs

25   allege it is unconstitutional on its face for creating a special privilege for a special class

26   in violation of both the privileges and immunities clause and the equal protection

27   clause of the original constitution of the United States and the Fourteenth

28   Amendment. Plaintiffs have further alleged that the privilege of immunity from suit

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST* - 8 -  *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*  *c/o Peyton Yates Freiman*
                    *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    for conspiracy will flunk every level of constitutional scrutiny, whether the Court

4    apply the lowest level ("rational basis") scrutiny, intermediate "substantial

5    relationship to an important governmental purpose", or strict scrutiny "tight means-

6    end fit to a compelling governmental objective."

7        To put it summarily, §1714.10 flunks rational basis scrutiny because the

8    purpose of licensing attorneys is to make them MORE accountable to the public

9    than the average person, not LESS accountable, so California Civil Code §1714.10 is

10   actually ANATHEMA to the legitimate governmental goal of protecting the public

11   from unscrupulous lawyers.    Likewise §1714.10 cannot show any substantial

12   relationship to an important governmental purpose (such as the statute's express

13   purpose of reducing litigation) because the injuries done will be multiplied and

14   aggravated by this grant of immunity to those best situated to perpetrate and hide

15   their clients' wrongdoing, namely the attorneys, and so litigation will increase even

16   though recovery against certain "deep-pocket" defendants who are also politically

17   well-connected (namely the attorneys, again) will be defeated.    Finally, under no

18   circumstances could any analysis of §1714.10 possibly pass strict scrutiny, because

19   this statute creates a de facto class of nobility in the United States (under the title of

20   "Esquire" perhaps?  The title "Esquire", given to attorneys being an obscure relic of

21   the knighthood and peerage of the Mother Country from whom we revolted in 1775-

22   6 and against the Empire against whom we resisted reincorporation in 1812-15)[1].

23

24

25

26

27

28

---

[1] Steven D. Silverstein boasts about his status and capacity as a shark and associates himself with Shark images and Shark names whenever possible; he is out to prove that, like the Hawaiian kings of old, he is a Shark who travels on land; it is the privilege of nobles to eat and consume the wealth produced by others that causes them always to assume as their emblems the imagery of predatory and/or carnivorous animals: lions, jaguars, leopards, eagles, hawks, and wolves are the animals most commonly associated with kings and rapacious noblemen and this is the psychological world to which Steven D. Silverstein seeks to identify himself with his "shark" fixation and his "big bad wolf" approach to eviction law.

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*    - 9 -    *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    Furthermore, the complaint generally, but especially Counts I, V, and VI
4    clearly allege facts sufficient to show that all defendants acting jointly and severally (in
5    concert but not necessarily in express agreement or "conspiracy". Plaintiffs suggest
6    that it appears from the strong circumstantial evidence that the coordination of all
7    parties Defendant is more likely the result of a common chain of command or
8    directive within the same "association in fact" between California mortgage finance
9    institutions, mortgage servicing companies, and foreclosure and eviction specialists,
10   such as Silverstein, acting on behalf of "insider" buyers and purchasers. Thus
11   Plaintiffs allege not a conspiracy but a business enterprise, which works together
12   under color of law to violate their constitutional rights guaranteed by 42 U.S.C.
13   §§1981, 1982, and made actionable by §1983 and 1988(a).

14   Specifically, although Defendants never address these points, Plaintiffs allege
15   that the use of §2924 in combination with Silverstein's close and personal relationship
16   with certain Orange Count Superior Court Judges permits Silverstein, on behalf of
17   HIMSELF AND his "clients," perpetrate fraudulent deprivations of property under
18   color of law by claiming to be or represent persons or entities with actual standing to
19   foreclose and evict a vast number of people who should neither be foreclosed upon
20   nor evicted from their homes if the legitimate law of contractual principles generally
21   and mortgage finance in particular were applied or available to be enforced.

22   The simple but, given the information available to Plaintiffs Lincoln and
23   March, undisputable and (by Defendant Silverstein & his attorney Rothman at least)
24   utterly undisputed fact is that, at least in Orange County, and apparently throughout
25   the State of California defendants to evictions following non-judicial foreclosures can
26   neither offer nor present evidence regarding their mortgage contracts, their
27   modification negotiations, and/or the widespread but multifarious and complex
28   frauds connected with both results in a situation where the rights guaranteed by 42

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*    - 10 -    *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

U.S.C. §§1981, 1982 will inevitably be denied by the operation and California Court approved application of California Civil Code §2924 (with or without §1714.10). This is the precisely situation envisioned by the United States Supreme Court in *Greenwood v. Peacock* to justify Civil Rights Removal to Federal Court or, in the alternative, Civil Rights injunctions under *Dombrowski v. Pfister* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and *Mitchum v. Foster*, 407 U.S. 225; 92 S.Ct. 2151; 32 L.Ed. 2d 705 (1972):

> Under β 1443 (1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and **explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.**

*Greenwood v. Peacock,* 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, **Bold emphasis added,** citing inter alia: *Strauder v. West Virginia, 100 U.S. 303.*

As the Court can see, Plaintiffs' complaint actually does not include even one SINGLE count alleging or involving a "Civil Conspiracy" in the entire complaint against Defendant Steven D. Silverstein or anyone else.

COUNT V: Cal. Civil Code §2924 Unconstitutionally Impairs Contract
COUNT VI: CAL. CIVIL CODE §2924 UNCONSTITUTIONAL AS APPLIED

Plaintiffs reiterate all that they have written about California Civil Code §2924 and California Non-Judicial Foreclosures generally: they allege and submit that Steven D. Silverstein's nuclear-powered eviction service is a part-and-parcel of a system designed to put an end to all the old capitalistic evils of private property and home ownership while eliminating the last relics of bourgeois family stability, so that all Americans in the future will effectively be tenants, renting from the gigantic governmental and financial consortium.

With regard to the balance of the First Amended Complaint, Plaintiffs Lincoln and March have effectively conceded that if the challenged statutes and related California statutes including Civil Code Section 2924 are valid, that neither they nor

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*    - 11 -    *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  anyone else in the State of California have now or every will have any obvious or

4  effective and readily available claims to defeat even the most evil, insidious,

5  deceitfully fraudulent criminal usurpations of rights in private property. The real

6  question before the Court is, does the state of California have the Constitutional

7  power to enact and apply statutes including but not limited to Civil Code §2924

8  which have the effect of bulldozing private property and residential stability out of

9  existence. The statistical evidence will show: 99-999%-100% of non-judicial

10  foreclosures result in judicial evictions of the sort administered by the Defendants in

11  this case as part of an association-in-fact with the Banks and Servicers, to create the

12  illusion of ordinary economic activity and "bona fide purchasers" by investors who,

13  far from being "bona fide" (i.e. independent and uninformed) buyers on an open

14  market are in fact system-controlling or system-employed or selected insiders.

15     Silverstein's reliance on §2924 is nowhere more succinctly stated than in his

16  response to Plaintiffs' Count XI:

17     "Once the trustee sale occurred, the trustee's deed's recitals validate the

18     sale and the purchaser at the sale cannot disparage the title of the

19     property nor its unlawful detainer attorney."

20  Silverstein's Motion, Doc. 22-2, Filed 12/31/2009, Page 14 of 18.

21     It is for this reason that the Plaintiffs have made California Civil Code §2924

22  the central focus of their first amended Complaint. In a Second Amended

23  Complaint, if allowed by this Court, the Plaintiffs would additionally allege that the

24  California non-judicial foreclosure scheme violates and/of permits violations of many

25  other provisions of the common law of trusts, contract, and property ownership. The

26  truth is that Plaintiffs intend to challenge the entire scheme of non-judicial

27  foreclosure in California, but their current pleading is focused only on the "immunity

28

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*    - 12 -    *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*    *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   for well-disguised, lawyer instituted fraud" provisions and effects of California Civil

4   Code §2924.

5   COUNT VII: TO VOID the sale(s) of 16351 Arlington Lane, Huntington Beach.

6        As noted, Christyna Lynn Gray has apparently dropped out of the case.

7   Accordingly, of the Thirteen Counts of the First Amended Complaint, only one

8   ("Count VII: TO VOID the sale(s) of 16351 Arlington Lane, Huntington Beach")

9   must now be dropped due to this Court's Minute Order of January 19, 2010 and

10   Christyna Gray's continued absence, since the remaining Plaintiffs have no direct or

11   indirect interest in the property, which is the sole subject of Count VII. Silverstein's

12   conduct in relation his direct and coordinated action taken with JP Morgan Chase

13   and the rapid foreclosure sale and institution of eviction concerning Ms. Gray's

14   property remains relevant evidence bearing to the issues presented in this case as

15   possible grounds for a class action, if only Plaintiffs can find suitable attorney to act as

16   class counsel. Count VII of the First Amended Complaint and all references to

17   allegations or claims by Christyna Gray as being before this court are accordingly

18   omitted from this response. The Court should note that Plaintiffs have dropped

19   Christyna Lynn Gray's name from the mast/heading of this case.

20        COUNT VIII: to Void the Sale, etc., 4 Via Corbina, Rancho Santa Margarita

21   Reiterating: Plaintiffs allege, on good information and belief, that Steven D.

22   Silverstein is acting as actual, direct or effective agent for banks and finance

23   companies engaged in bad-faith foreclosures and sales of property utilizing California

24   Non-Judicial Foreclosure procedures to circumvent the common law of holder in due

25   course and privity of contract. In that the foreclosures are alleged to be illegal scams,

26   Silverstein's repetitive invocation of the "tender" doctrine is irrelevant, especially in

27   light of the fact that (at least with regard to Lincoln and 4 Via Corbina) a valid tender

28   offer was made in July and August of 2008. This tender was alleged in the First

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*  - 13 -  *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*  *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    Amended Complaint but completely ignored by Rothman/Silverstein in their

4    Motion to Dismiss, which also ignores that a tender is NOT due to any party who is

5    NOT holder in due course of the commercial paper establishing the right to collect

6    the note in question.

7    COUNT IX: Cal. Code Civil Procedure §425.16(c) is UNCONSTITUTIONAL

8    (both on its face and as customarily utilized by Silverstein, and specifically asserted

9    against Charles Edward Lincoln in Orange County Superior Courts in the

10   voluntarily dismissed case filed by Dr. Orly Taitz, D.D.S., Esquire).

11        Again, this count is not at all speculative or irrelevant to the present case

12   against Silverstein and in fact arises precisely from the fact that Silverstein raised the

13   SLAPP allegation and claim in his pleadings in State Superior Court case: 30 2009

14   00310516 initially filed, then neglected, and finally voluntarily dismissed without

15   ruling of any kind by Dr. Orly Taitz, D.D.S., Esquire.   Lincoln was not comfortable

16   litigating in the California State Courts of Orange County with Silverstein where he

17   claims to "own" the Courts, in addition to the fact that Lincoln is quite unfamiliar

18   with California Superior Court procedures.   However, so long as California Code of

19   Civil Procedure §424.16(c) remains on the books, it is a cocked pistol pointed at the

20   head of each and every California claimant without the budget to fight a "case within

21   a case within a case" concerning whether a suit attacking an illegal eviction following

22   an illegal foreclosure is in fact a suit to limit Steven D. Silverstein's access to public

23   process (e.g. SLAPP).   There is no time like the present to show the interconnected

24   and parallel structures and effect of Non-Judicial Foreclosure (Cal. Civil Code

25   §2924), attorney immunity for charges of conspiracy (Cal. Civil Code §1714.10), and

26   the infamous California SLAPP suit/motion to dismiss which all act together to

27   unconstitutionally limit, oppress, restrict, and violate both Plaintiffs' First

28

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*      - 14 -      *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*      *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    Amendment Right to Petition for Redress of Grievances and Fifth and Fourteenth

4    Amendment rights to substantive and procedural due process.

5            COUNT X: to Void the sale of 7 Bluebird Lane, Aliso Viejo

6            Renada Nadine March's complaint is in many ways stronger than Lincoln's.

7    March was the original obligor on a note concerning her property and as such has all

8    her original, personal, and not merely assigned or derivative, rights to defend her

9    property by alleging that the non-judicial foreclosure leading to her being sued for

10   forcible detainer by Silverstein (under his emblematic "Shark" name of Meglodon,

11   the name of the largest shark in the fossil record----an incredibly large acquatic

12   predator of the Oligocene, Miocene, and Pliocene Epochs of Geological prehistory).

13   Can it really be a coincidence that Silverstein wears Shark-decorated ties while

14   representing Meglodon in Court in proceedings against Plaintiff March?

15   COUNT XI: SLANDER OF TITLE & TORTIOUS INTERFERENCE
     COUNT XII: FORCIBLE DETAINER
16   COUNT XIII: BREACH OF CONTRACT, RICO

17           All these counts are closely related as describing Silverstein's general practice

18   by reference to the specific example of the alleged purchase at a foreclosure sale of

19   Lincoln's property at 4 Via Corbina [by and during a Federal action in this Court by

20   one one or more of the Defendants to that action, supposedly to an innocent

21   purchaser for value, namely GRE Development as Trustee for the 4 Via Corbina

22   Trust] and Lincoln's subsequent eviction from those premises by Silverstein in

23   September 2009 (during a foreclosure suit never served on Lincoln's attorney Taitz

24   during negotiations with Silverstein).

25           Plaintiffs vigorously oppose all of Defendant Silverstein's Motion to Dismiss as

26   consisting of little more than poorly articulated attacks on the remaining twelve

27   counts of this their First Amended Complaint.  If it is axiomatic that mere conclusory

28   allegations are insufficient as a matter of law, either as claims or contentions by a

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*     - 15 -     *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*     *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  Plaintiff or Defendant, many if not most of Rothman's and Silverstein's challenges to

4  Plaintiffs' First Amended Complaint amount to nothing more than mere conclusory

5  allegations.

6      A perfect example of such conclusory allegations or contentions used in place

7  of legal argument is Rothman's/Silverstein's attack on or challenge to the sufficiency

8  of RICO allegations contained Count XIII, which attack or challenge is quoted in

9  full herein below from Document 22-2, Filed 12/31/2009, Pages 15-16 of 18:

10         "Apparently, there are also RICO allegations relating to e-mails to

11         Lincoln's attorney purportedly during the eviction action which are also

12         privileged under California Civil Code Section 47."

13      In fact, Lincoln & March's First Amended Complaint generally and

14  Count XIII specifically allege (1) that Silverstein, Elter, & GRE invested

15  money in the acquisition of an interest in, and then operated or managed

16  and/or accepted employment regarding GRE and the 4 Via Corbina Trust,

17  (2) both of which were Enterprises operating in or affecting interstate

18  commerce, (3) which committed multiple acts of mail or wire fraud within a

19  two-to-three month period during the summer of 2009, (4) and that these

20  actions against Lincoln, together with the nearly parallel actions against

21  March, were not isolated incidents or single event criminal abuses of a civil

22  process, but rather, Silverstein and his associates GRE, Elter, Meglodon, and

23  all the rest are part of a long-term pattern of criminal activity constituting a

24  continuing threat of criminal injury to the Plaintiffs Lincoln, March, and the

25  general public.[1]  Plaintiffs have alleged that they have suffered injury to their

26

27      [1] With regard to the other Defendants Murk and D'Agnolo named in Counts XI and XIII,
Notices of Lawsuit and Request for Waivers of Service of Summons have been offered, and return

28  promised, but not yet effected, and Plaintiffs accordingly request reopening of the time to effect
service on these defendants, if calculated from the filing of Lincoln's Original Complaint in

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*   - 16 -   *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*   *c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  business and property interests which flow directly from Silverstein's several

4  predicate acts and violations of 18 U.S.C. §1962(a), (b), and (c).

5      Plaintiffs submit that their First Amended Complaint, taken as a whole

6  contains sufficient factual allegations that it is not at all speculative and is in

7  fact entirely plausible that, after discovery, they can establish a continuity, or

8  threat of continuity, of activity embracing criminal acts having the same or

9  similar purposes, results, participants, victims, or methods of commission.

10  Nothing else is required to satisfy the pleading requirements for Civil R.I.C.O.

11  liability and trebled damages under 18 U.S.C. §1964(c). *H.J., Inc., et al. v.*

12  ***Northwestern Bell Telephone Co. et al.***, 492 U.S. 229; 109 S. Ct. 2893;

13  106 L. Ed. 2d 195 (1989).

14      That, twenty years later, the ***H.J., Inc.***, opinion and analysis of R.I.C.O. is

15  still good law was affirmed last year in ***Boyle v. U.S.***, 129 S.Ct. 2237; 173 L.Ed.2d

16  1265 (2009).  The Court was asked to decide whether the R.I.C.O. "enterprise" had

17  to be defined more restrictively than ***H.J.***, and other cases had required.  The ***Boyle***

18  ***v. U.S.*** decision clearly affirmed that the federal Racketeer Influenced and Corrupt

19  Organizations Act makes it unlawful for any person employed by or associated with

20  any enterprise engaged in, or the activities of which affect, interstate or foreign

21  commerce, to conduct or participate, directly or indirectly, in the conduct of such

22  enterprise's affairs through a pattern of racketeering activity or collection of unlawful

23  debt.  Even though the Act (18 U.S.C. §§1961(4)-1964) does not specifically define

24  the outer boundaries of the "enterprise" concept, it states that the term includes any

25

26

27  September 2009, or that the Court restart Rule 4's 120 day period counting only from the filing of
    the First Amended Complaint in December 2009.  The Court is well-aware of Lincoln's multiple

28  difficulties in September-November while working with his former counsel and employer, Dr. Orly
    Taitz, Esquire.

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*        - 17 -        *Charles E. Lincoln, Plaintiff, pro se*
                                                                        *c/o Peyton Yates Freiman*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*        *603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    individual, partnership, corporation, association, or other legal entity, and any union

4    or group of individuals associated in fact although not a legal entity.

5        This enumeration of included enterprises is obviously broad, encompassing

6    any group of individuals associated in fact. Congress' use of the term "any" ensures

7    that the definition has a wide reach, and the very concept of an association in fact is

8    expansive.  Thus, The Racketeer Influenced and Corrupt Organizations Act

9    provides that its terms are to be liberally construed to effectuate its remedial

10   purposes.  Plaintiffs submit that, in many regards, their ultimate goal in this litigation

11   is and must be to show that Silverstein is a Racketeer of a long-term criminal

12   dedication, and that he deserves to be punished accordingly by the imposition of

13   trebled damages.  If the Court should find that Counts XI, XII, and XIII are too

14   skeletal or insubstantial, these counts can be amended, because new witnesses and

15   complainants against Silverstein are coming forward every week and will shortly file

16   complaints to replace and augment the missing Christyna Lynn Gray as a Plaintiff in

17   this case.

18   **CERTIFICATE OF SERVICE:**

19       Plaintiffs Charles Edward Lincoln, III, and Renada Nadine March certify that

20   they have served a true and correct copy of this Motion for Extension of Time upon

21   the Defendant's counsel by facsimile transmission to (714) 363-0229 as well as by

22   electronic (e-mail) attachment to Larry Rothman's e-mail address shown as

23   tocollect@aol.com on the cover sheet of Rothman's original filing for Defendant

24   Silverstein, and by regular mail or courier deliver to the attorney for Steven David

25   Silverstein:

                         Larry Rothman & Associates
26                       Larry Rothman, State Bar No. 72451
27                   City Plaza, 1 City Boulevard West, Suite 850
                         Orange, California 92868
28

---

*RENADA N. MARCH'S AND CHARLES E. LINCOLN'S FIRST*      - 18 -       *Charles E. Lincoln, Plaintiff, pro se*
*AMENDED RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*               *c/o Peyton Yates Freiman*
                                                          *603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3                                        Signed & Respectfully submitted,
4   Monday, February 8, 2010
5
6                                        Charles Edward Lincoln, III, *pro se*
7                                        c/o Peyton Yates Freiman
                                         603 Elmwood Place, Suite #6
8                                        Austin, Texas 78705
                                         Telephone: 512-968-2500
9                                        Facsimile: 561-615-3105
10                                       E-Mail: **charles.lincoln@rocketmail.com**
11
12                                       Respectfully signed & submitted,
13  Monday, February 8, 2010
14
15                                       By:
16                                       RENADA NADINE MARCH,
                                         *Pro se/in propia persona*
17                                       7 Bluebird Lane
                                         Aliso Viejo, California 92656
18                                       Telephone: 949-742-0436
19                                       E-mail:   **renadajewel@gmail.com**
20
21
22
23
24
25
26
27
28

*RENADA NADINE MARCH'S AND CHARLES EDWARD*          - 19 -          *Charles E. Lincoln, Plaintiff, pro se*
*LINCOLN'S RESPONSE TO SILVERSTEIN'S MOTION TO DISMISS*          *c/o Peyton Yates Freiman*
                                                                  *603 Elmwood Pl., #6, Austin, TX 78705*