LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714)  363 0220  Telephone
(714)  363 0229   Facsimile
tocollect @aol.com e-mail


Attorneys for the Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III<br><br>          Plaintiff,<br><br>     vs.<br><br>STEVEN D. SILVERSTEIN, RON ELTER, GRE DEVELOPMENT, INC., Individually and as agents for and Trustee of the Via Corbina Trust #4 JOHN MURK, DIANNE D'AGNOLO, The Honorable, SANDRA HUTCHENS, THE SHERIFF OF ORANGE COUNTY,  CAL-WESTERN RECONVEYANCE, WELLS FARGO BANK, N.A., DENNIS STACY, COLDWELL BANKER, and JOHN & | CASE NO:   SACV09-1072 DOC(Ex)<br><br>**REPLY TO RESPONSE TO MOTION TO DISMISS**<br><br>DATE:  February 22, 2010<br>TIME:  8:30 a.m.<br>COURTROOM:  9D |

1

1  JANE DOES 1-20,

2          Defendants.

3

4      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

5  The Movants reply to the Response of the Plaintiffs to Movant's Motion to

6  Dismiss on the grounds set forth in this Reply.

7

8

9      The First Amended Complaint consists of generalities, purported

10 conclusions of law that all of the foreclosure and eviction statutes enacted in the

11 State of California are unconstitutional and unsupported conclusions of how

12

13 Plaintiffs' interpretation of the facts should be interpreted by this Court.

14

15

16     In the Response, the Plaintiffs admit that they were evicted under the laws of

17 the State of California from premises after foreclosure occurred after unilaterally

18 claiming some type of tenancy.    While they claim that the evictions occurred

19

20 based upon some conspiracy between the Movants and the State Court judges, they

21 focus on their conclusions that the foreclosure and landlord-tenant statutes of the

22

23 State of California are unconstitutional.   Nowhere in the First Amended

24 Complaint do these Movants claim that they "owned" the premises by some

25 contractual purchase agreement between the Plaintiffs and the lenders that they

26

27 now sue and which foreclosed against the premises due to lack of payment.

28

# 1
# THE FEDERAL COURT HAS NO JURISDICTION TO REVIEW A CASE THAT AS A RESULT OF SUBSEQUENT ACTS OR EVENTS HAS BECOME MOOT

According to DeFunis v Odegaard (1974)  416 U.S. 312, 94 S.Ct 1704, 1706, the federal courts have no jurisdiction to review a case that as a result of subsequent acts or events has become moot.   Both the First Amended Complaint and the "Response" to the Motion to Dismiss claim that the foreclosure and eviction statutes of the State of California are unconstitutional.   The foreclosures and evictions in the State of California have been completed according to the Plaintiffs.     There is no indication that Plaintiffs appealed these decisions through the Courts of California.   Since the cases are concluded, Plaintiffs have no standing to bring this action in the Federal Court since their State Court Actions have been concluded and the issues are now moot.   Under the United States Constitution, Article III, Section 2, jurisdiction of the federal courts extends only to cases and controversies.   Unless a proceeding comes within this classification, the federal courts will not take cognizance of it and will not declare constitutional rights.   See Diamond v Charles (1986) 476 U.S. 54, 106 S. Ct. 1697, 1704.

## **2**

## **THE STATE OF CALIFORNIA APPELLATE COURTS HAVE NOT DECLARED PLAINTIFFS' CODE SECTIONS UNCONSTITUTIONAL**

In appellate cases, the Courts of the State of California have not ruled that foreclosures, landlord –tenants, or petition to sue attorneys under a conspiracy theory as unconstitutional while ruling on merits of their individual facts.   With respect to California Civil Code Section 2924, the Court held that the provisions of this section do not violate the "due process" clause of the Federal Constitution.  See Curti v Pacific Mtg. Guaranty Co. (1936) 87 F2d 42.   Under California Code of Civil Procedure Section 1161,   Telegraph Ave. Corp. v Raentsch (1928) 205 Cal. 93  held that this section is not unconstitutional in that it deprives the lessee of equal protection of the law by denying to him the right of set-off, counterclaim or cross-complaint.   Under California Civil Code Section 1714.10, the courts held, that the absence of a provision for formal pretrial discovery prior to the hearing under California Civil Code Section 1714.10,  (judicial determination of reasonable probability of success required prior to filing action against attorney based on civil conspiracy with client) does not render the statute unconstitutional, since California Civil Code Section 1714.10,, is a special proceeding of a civil

nature and as such, is an "action" within the compass of the Civil Discovery Act of 1986 Code of Civil Procedure Section 2016 (b)(1) .    Hung v Wang (1992) 8 Cal App 4th 908   In addition, California Civil Code Section 1714.10, the judicial determination of reasonable probability of success required prior to filing action against attorney based on civil conspiracy with client), does not violate a plaintiff's right to due process by imposing a standard of proof applied at trial. The reasonable probability standard required by the statute is not higher than the preponderance of the evidence standard applied at trial.  See Hung supra.

## 3

## THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT DOES NOT APPLY SINCE ALL OF THE MOVANTS ACTS WERE ALLOWED BY LAW

18 USC 1961 specifically sets forth purported criminal acts that are included if a cause of action under this statute is pled.   There are no facts in the First Amended Complaint or even the " Response" that support any contention that the Movants committed any acts illegal in the State of California.

As such, the Motion to Dismiss should be granted without leave to amend.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   February 16, 2010

s/LARRY ROTHMAN
_____
LARRY ROTHMAN,
Attorney for Defendants:
STEVEN D. SILVERSTEIN, RON ELTER, and GRE DEVELOPMENT, INC. as agents and Trustee of the Via Corbina Trust #4

# PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: City Plaza, 1 City Boulevard West, Suite 850, Orange, California 92868

On February 16, 2010, served the foregoing document described as:

**REPLY TO RESPONSE TO MOTION TO DISMISS**

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 16, 2010, at Orange, California.

S/LARRY ROTHMAN

_____
LARRY ROTHMAN

1

## PROOF OF SERVICE LIST

2

3

4  **Charles Edward Lincoln, III**
   **c/o Peyton Yates Freiman**
5  **603 Elmwood Place, Suite #6**
   **Austin, Texas 78705**
6

7

8  **Renada Nadine March**
   **7 Bluebird Lane**
9  **Aliso Viejo, California 92656**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28