Charles Edward Lincoln, III
c/o Peyton Yates Freiman
Tierra Limpia/Deo Vindice
603 Elmwood Place, Suite #6
Austin, Texas 78705
CEL Telephone:    512-968-2500
PYF Telephone:    512-461-8192
E-Mail: charles.lincoln@rocketmail.com
lincoln_for_california@rocketmail.com
Plaintiff *in propia persona*

Renada Nadine March
7 Bluebird Lane
Aliso Viejo, California 92656
Tel: 949-742-0436
E-mail: renadajewel@gmail.com
Plaintiff *in propia persona*

Joseph Cohen, Carol Regina Cohen
11 Lighthouse Pt.
Aliso Viejo, California 92656
Tel: 949-300-1870
Email: mommieanie@aol.com
Plaintiff *in propia persona*

Daniel C. Mack
31321 Don Juan Avenue,
San Juan Capistrano, California, 92657
Tel: 949-278-2711
Email: mackassoci@aol.com
Plaintiff in *propia persona*

Alicia Singh
1394 Arrowhead Drive
Placentia, CA 92870
Plaintiff *in propia persona*

Richard Mendez
1394 Arrowhead Drive
Placentia, CA 92870
Tel: 714-269-3341
E-Mail: mendez_richard@hotmail.com
Plaintiff *in propia persona*

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 2 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN

-1-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION
### (SANTA ANA)

| | | |
|---|---|---|
| Charles Edward Lincoln, III,<br>Renada Nadine March,<br>Daniel Mack; Joseph Cohen; Carol Cohen,<br>Richard Mendez, Alicia Singh,<br>Plaintiffs,<br><br>v.<br><br>The State of California,<br>Jerry Brown, Attorney General of<br>California, in his Official Capacity<br>Arnold Alois Schwarzenegger, Governor of<br>The State of California, in his Official<br>Capacity,<br>Steven David Silverstein,<br>Ron Elter, John Rampello,<br>GRE Development, Inc., individually<br>and as agents and trustees of the<br>4 Via Corbina Trust, Christopher Archuleta,<br>MERS (Mortgage Electronic Registration<br>Services), other unnamed Attorney<br>Defendants John & Jane Does 1-10,<br>Megladon Financial, L.L.P.,<br>Lighthouse Trust #11 Catherine H.<br>Meyer LLC,<br>DNE associates LLP,<br>Atlas Properties Real Estate,<br>James Radwan, Rochelle Matkin<br>Trustee Corps, Russell Bell,<br>Quality Loan Service Corp.,<br>FIRST NEWPORT PROPERTIES, LLC,<br>John Murk, Dianne D'Agnolo,<br>The Honorable Sandra Hutchens,<br>The Sheriff of Orange County,<br>CAL-WESTERN Reconveyance,<br>Dennis Stacy, Coldwell Banker,<br>And JOHN & JANE DOES 11-20,<br>Eric Holder, United States Attorney<br>General, in his official capacity,<br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. SACV09-1072 DOC (Ex)<br><br>**THIRD AMENDED COMPLAINT**<br><br>**SUGGESTION OF CLASS** for **CERTIFICATION UNDER FRCP RULE 23**<br><br><br><br>TRIAL-BY-JURY DEMANDED OF ALL ISSUES SO TRIABLE AT COMMON LAW, UNDER THE 7th AMENDMENT 28 U.S.C. §1861 *et seq.* |

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
    -LEONARD COHEN

-2-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

### THIRD AMENDED COMPLAINT

Plaintiffs Charles Edward Lincoln and Renada N. March are now joined in this Third Amended Complaint by Daniel C. Mack, Richard Mendez, Alicia Singh, Joseph A. and Carol Cohen, who come together to complain jointly and severally of Attorney Steven David Silverstein (bar no: 86466), the Honorable Sandra Hutchens, Sheriff of Orange County, servicers working for and on the behalf of several banks (Cal Western Reconveyance, California Reconveyance, MTC Financial), and an array of investors, their officers, and real estate agents, employees, and co-conspirators.

(1)     Defendants have, together, utilized certain customs, practices, and policies having the force of law of and in the State of California, and in particular of Orange County and the California Superior Courts of Orange County, to effect numerous violations of civil rights in connection with foreclosure of real estate notes and the seizure ("forcible detainer" or "eviction") cases.

(2)     This court has Federal Question Jurisdiction under 28 U.S.C. §§1331, 1343, and 42 U.S.C. §§1981, 1982, 1983, and 1988(a) to hear both suits for damages and petitions for declaratory relief and venue is proper because most of the events giving rise to the present causes of action took place in Orange County, California.

(3)     Plaintiffs suggest under Fed. R. Civ. Pro. Rule 23 that this case involves issues affecting such a large number of Plaintiffs, whose identity and whereabouts are difficult to ascertain, that a class action is the most efficient, feasible, and judicially economical means of resolving the issues herein raised, and that the Court should utilize its discretion to appoint competent class counsel to represent the Plaintiffs in this case and the class of plaintiffs of which they are members.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-3-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

## ADDITIONAL DEFENDANTS

**(4)**     Plaintiffs, through their Second and Third Amended Complaints have added the following Defendants:

**(5)**     The State of California, a state of the United States that entered the Union as the 31st State in 1850.

**(6)**     Defendant Arnold Alois Schwarzenegger, is the Governor of California and is being sued in his official capacity. His office is located at the State Capitol Building Sacramento, CA 95814.

**(7)**     Defendant Edmund G. Brown, is the Attorney General of the State of California and is being sued in his official capacity.  His mailing address is: P.O. Box 944255 Sacramento, CA 94244-2550.

**(8)**     Defendant Eric Holder, is the US Attorney General for the United States of America and is being sued in his official capacity. His office is located at U.S. Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001. Also pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, U.S. Attorney General Eric Holder will be asked to waive citation and summons under Rule 4.

**(9)**     Defendant Lighthouse Trust #11, Catherine H. Meyer LLC  ("#11 Lighthouse Trust") a limited liability corporation and the alleged "equity purchaser" of Plaintiffs Joseph and Carol Cohen's property. The corporation is unregistered in the state of California therefore their address is unknown. Defendant Steven Silverstein represented the entity during Plaintiff Joseph and Carol Cohen's Unlawful Detainer action.

**(10)**    Defendants Catherine H. Meyer and Kenneth Meyer are together the beneficiaries, trustees, managers or "heads" of Lighthouse Trust #11 LLC. Their address is unknown.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-4-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(11)**    Defendant Paul Margolis, aka Paul Margolis Management Retirement Trust is

4    the entity that foreclosed on the 2nd mortgage attached to Plaintiff Singh's property.

5    Margolis' address being: PO Box 3461 Santa Barbara, CA 93130.

6    **(12)**    Defendant National T.D. Service is the entity that sold Plaintiff Singh's

7    property at a trustee's sale. They are located at:  950 County Square Drive, Suite

8    106, Ventura, CA 93003.

9    **(13)**    NJB Investment LP, is a limited partnership and entity that purportedly bought

10    Plaintiff Singh's home located at: 1394 Arrowhead Dr. Placentia, CA 92870. NJB

11    Investment LP was represented by their attorney Defendant Steven Silverstein in the

12    pending UD Action.

13    **(14)**    Defendant DNE associates LLP is a limited liability partnership unregistered

14    in the state of California as a business. It is the "equity purchaser" of Plaintiff Daniel

15    Mack's property. Their address is unknown. Defendant Steven Silverstein

16    represented the entity during Plaintiff Mack's Unlawful Detainer action.

17    **(15)**    AEGIS Wholesale Corporation (from hereon referred to as "Aegis") is a

18    lender bank headquartered in Houston, Texas. It is a subsidiary of Aegis Mortgage

19    Corporation. The bank completely refinanced the loan/debt for Plaintiff Daniel (Dan)

20    Mack. CT Corporation System accepts service for Aegis at 818 W 7th St., Los

21    Angeles CA 90017.

22    **(16)**    Wells Fargo Bank Corporation is the originating lender/bank for Hal Kuder

23    who assigned his rights and obligations arising from his execution of a mortgage,

24    deed of trust, and promissory note to Plaintiff Charles Lincoln. Corporation Service

25    Company is Wells Fargo's registered agent in the state of California, located at 2730

26    Gateway Oaks Dr. Suite 100, Sacramento CA 95833.

27    **(17)**    Defendant Chase Bank is a lender bank headquartered in New York, New

28    York. The bank foreclosed on the loan/debt of Plaintiff Joseph Cohen. CT

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-5-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

Corporation System accepts service for Aegis at 818 W 7th St., Los Angeles CA 90017.

**(18)**   IndyMac Bank, a.k.a. OneWest Bank ("IndyMac") is a federal savings bank backed by the FDIC. IndyMac originated Plaintiff Renada March's loan subject to this suit.  Corporation Services Company is IndyMac's registered agent to accept service in the state of California. CSC is located at: 2730 Gateway Oaks Dr., Suite 100, Sacramento CA 95833.

**(19)**   Defendant MTC Financial aka "Trustees Corps" is the acting servicer Defendant IndyMac. Richard Reynolds accepts service on the company's behalf, his address is: 16485 Laguna Canyon Road Suite 250.

**(20)**   Defendant California Reconveyance Company is the servicer for Chase Bank. CT Corporation System accepts service for them at 818 W 7th St., Los Angeles CA 90017.

## FACTUAL & LEGAL BACKGROUND

**(21)**   Plaintiffs were brought together by their mutual horror and disgust at the illegal actions and opprobrious conduct of one particular attorney, Steven David Silverstein, who appears to be among the leading practitioners implementing the following customs, practices and policies having the force of law in California which effect a systematic deprivation of the fundamental constitutional rights of the Plaintiffs, and thousands of other plaintiffs whose identity is unknown:

**(22)**   Conducting non-judicial foreclosure sales during negotiations for loan modification in defraud and defeasance of the implied covenant of good faith and fair dealing;

**(23)**   Conducting non-judicial foreclosure sales during the pendency of material disputes, including actual pending litigation concerning title and standing to collect debts under color of laws which effectively preclude contests to title & standing;

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-6-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(24)**   Initiating eviction proceedings in California Superior Court without any reasonable prior notice of sale of property, as the primary and preferred means of informing occupants/mortgagors or their assignees, of the existence of sales;

**(25)**   Imposing and conducting a system of judicial evictions in California Superior Courts after non-judicial foreclosures, all of which are "rigged" in the sense of outcomes predetermined in favor of evicting parties, in such a manner that title disputes concerning the right to foreclose or evict from properties has been all but abolished; California stands almost alone in the United States of America in not giving disputes over title legal superiority and priority to disputes over possession;

**(26)**   Imposing and conducting a system of judicial evictions in California Superior Courts after non-judicial foreclosures which interfere with and impair the common law and statutory obligations of contract in violation of the Constitution, and which denies to certain classes of people, namely mortgagors, the equal rights to

**(27)**   inherit, purchase, lease, sell, hold, and convey real and personal property (within the meaning of 42 U.S.C. §1982) and

**(28)**   to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property (within the meaning of 42 U.S.C. §1981(a)).

**(29)**   For purposes of this complaint, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship (within the meaning of 42 U.S.C. §1981(b);

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-7-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

# PART 1:
## "RACE-BASED INITIATIVES
## &
## UNCONSTITUTIONAL FEDERAL LAWS
### Which cannot survive Strict Scrutiny"

**PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"**
-LEONARD COHEN

-8-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

# I. INTRODUCTION

**(30)**   For purposes of this complaint, Plaintiffs contend that 42 U.S.C. §1981, and 42 U.S.C. §1982 are the key federal civil rights statutes because they together outline and guarantee general, federally secured and specified, equal civil rights in the making of contracts and ownership of property;

**(31)**   Plaintiffs submit that these statutes, regardless of their Reconstruction-era origins, should be construed as "color blind" under modern Supreme Court interpretations of civil rights so that equal rights to make and enforce contracts, to sue, be parties, and give evidence concerning the rights arising therefrom, including the right to own property, should both be applied and construed as though they did not contain the nearly identical phrase, "as is enjoyed by white citizens" and/or "as is enjoyed by the white citizens thereof;"

**(32)**   Plaintiffs submit and contend that the law must be applied in fact to guarantee civil rights in the making and enforcement of contracts and the ownership of property to all citizens, and not merely that non-white citizens may not be denied their civil rights "any more" than such rights are denied to white citizens, which is a possible construction of civil rights jurisprudence prior to 1989.

**(33)**   Plaintiffs submit, in brief that the situation in the California Superior Courts relating to the enforcement and application of non-judicial foreclosures by judicial evictions has reached a crisis of epidemic or even pandemic proportions, especially in Orange County, and

**(34)**   that the civil rights of mortgagors to "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" are being severely infringed under color of California law and in particular the judicial norms

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-9-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(35)**   which apply to the conduct and resolution of Superior Court cases challenging the standing of certain servicers or entities claiming standing to foreclose on real-estate notes, such that the very right "inherit, purchase, lease, sell, hold, and convey real and personal property" is being infringed or even curtained.

**(36)**   The State of California has enacted these statutes as applied, in particular §2924 of the Code of Civil Procedure and related statutes, are being so applied and enforced as to effectively abolish both private property and the rights to full and equal benefits of the laws for the security of persons and property.

**(37)**   Governor Schwarzenegger, US Attorney Eric Holder and California Attorney General Edmund G. Brown, are both named in this suit to comply with the Federal Rules of Procedure Rule 5.1[1].

---

[1] **RULE 5.1**

(a) Notice by a Party.

    A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

    (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

        (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

        (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

    (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned — or on the state attorney general if a state statute is questioned — either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) Certification by the Court.

    The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.

(c) Intervention; Final Decision on the Merits.

    Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-10-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(38)**    Although the present Plaintiffs are all white Anglo-Saxon and Protestant, they

4    know of no racial elements to this epidemic of civil rights violations, because they

5    allege that the class which should be certified in this case will include tens if not

6    hundreds of thousands of African Americans, Hispanic Surname Americans, Asian

7    Americans, and Native Americans as well as whites, and accordingly, they submit

8    that the essence of 42 U.S.C. §§1981, 1982, can be best preserved and applied

9    without the qualifying language "as is enjoyed by white citizens."

10    **(39)**    Further, the Plaintiffs submit that this United States District Court should

11    apply to 42 U.S.C. §§1981 and 1982 the principles articulated by the United States

12    Supreme Court repeatedly over the past twenty years that all government racial

13    classifications (including Federal classifications) must be analyzed by a reviewing

14    court under strict scrutiny in the modern line of equal protection cases going back to

15    the 1989 decision in ***Richmond v. Croson. Adarand Constructors, Inc. v. Peña,*** 515

16    U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), ***Johnson v. California,*** 336

17    F.3d 1117, 2003 Daily Journal D.A.R. 8295, (9th Cir., Jul 28, 2003), ***Grutter v.***

18    ***Bollinger,*** 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003 Daily Journal

19    D.A.R. 6800, (U.S., Jun 23, 2003), ***Johnson v. California,*** 543 U.S. 499, 125 S.Ct.

20    1141, 160 L.Ed.2d 949, 2005 Daily Journal D.A.R. 2118, (U.S., Feb 23, 2005), ***City***

21    ***of Richmond v. J.A. Croson Co.,*** 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854,

22    (U.S.Va., Jan 23, 1989).

23    **(40)**    Plaintiffs Lincoln, March, Mack, Joseph and Carol Cohen herein submit and

24    suggest that (despite their dispositive relevance to this case) the racial element of 42

25

26    _____

      (d) No Forfeiture.

27        A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a
          constitutional claim or defense that is otherwise timely asserted.

28

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-11-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

U.S.C. §1981 has largely if not entirely outlived its usefulness, and that if the word "white" (before citizens) in 42 U.S.C. §1981 is replaced (at least conceptually) by the word "all free, fully enfranchised", then the law will acquire new and magisterial vigor in the modern world, and promote a more just and equitable society, especially in the context of the last seven years, in which more and more people (of all racial origins) have with increasing frequency and ferocity, been denied their equal right to access to the courts and to the formal and substantive rights and procedures essential to ensure true due process of law.

**(41)**   Several of the Plaintiffs in this case (Lincoln, Mack, & March) are, to be sure, WASPS (i.e. "White Anglo-Saxon Protestant Suburbanites") by racial and class categorization, but this classification itself is antique and pointless (and two Jewish Plaintiffs [Joseph & Carol Regina Cohen], one Hispanic [Richard Mendez] and one subcontinental Indian Plaintiff [Singh] all join in this Third Amended Complaint). The classes involved in this case are the mortgagors vs. the mortgagees, those who use and enjoy private property against those who wish to monopolize it, and on another level, real property holders vs. false debt collectors, all the while using the legislative enactments of the State as a shield to continue doing so.

## COUNT I: CONSTITUTIONAL DECLARATORY JUDGMENT REGARDING FEDERAL LAW: STRICT SCRUTINY APPLIES TO ALL RACE-BASED SCHEMES

**(42)**   Plaintiffs reallege ¶¶1-41 and incorporate the same by reference here below.

**(43)**   Plaintiffs submit that there are two discriminatory federal race-based schemes which must be invalidated in light of the strict scrutiny in the modern line of equal protection cases going back to the 1989 decision in *City of Richmond v. J.A. Croson*

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-12-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

*Co.*, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854, (U.S.Va., Jan 23, 1989), *Adarand Constructors, Inc. v. Peña,* 515 U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), *Johnson v. California,* 336 F.3d 1117, 2003 Daily Journal D.A.R. 8295, (9th Cir., Jul 28, 2003), *Grutter v. Bollinger*, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003 Daily Journal D.A.R. 6800, (U.S., Jun 23, 2003), *Johnson v. California*, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949, 2005 Daily Journal D.A.R. 2118, (U.S., Feb 23, 2005).

**(44)** The race-based limitations on the application of 28 U.S.C.§1443(1)[1] must be discarded, because there is no rational basis for any race-based limitation on civil-rights removal. Much less the Defendants or any other governmental party ever come forward in this or any other case to show, to contend seriously, or even to allege that the purely judicial "racial" gloss imposed on the non-racial language of 28 U.S.C. §1443(1) serves any compelling governmental interest or objective.

**(45)** So the race-based bias imposed on 28 U.S.C. 1443(1) has no basis in the actual statutory text, but is a purely judicial creation, limiting to cases of express statutory racial discrimination the full and broad potential impact of 28 U.S.C. §1443(1) in the language actually adopted by Congress, entirely predates *J.A. Croson* and even *Bakke v. Regents of the University of California*, so that strict scrutiny must now be applied to see whether the *Greenwood v. Peacock* and *Johnson v. Mississippi* limitations on civil rights removal ought to be tolerated by

---

[1] 28 U.S.C. 1443(1) provides, in broad, racially neutral, colour-blind terms:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-13-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   any modern court or judge, in light of the OVERWHELMING subsequent

4   jurisprudence against such meaningless and archaic race-based schemata which just

5   sully and retard, and in no way advance or modernize the law or justice.

6   **(46)**   Likewise, Plaintiffs submit that strict scrutiny should be applied to the texts of

7   42 U.S.C. §§1981 and 1982, and that a color bind notion of civil rights should be

8   applied by this court, so that equal rights shall be available to ALL citizens, and

9   these statutes can be used to enforce discrimination against the state-mandated

10  statutory creation of disadvantaged classes of a non-racial nature and origin, such as

11  defendants   in   forcible   eviction/unlawful   detainer   proceedings   following

12  constitutionally intolerable non-judicial foreclosures as these have been created by

13  the California legislature.  Otherwise the concept of civil rights in a race-free and

14  color blind America becomes nugatory.

15  **(47)**   The Supreme Court has mandated that ALL statutory race-based schemes

16  should be examined in the light of strict scrutiny, and no rational, much less

17  compelling, reason for applying 42 U.S.C. §§1981 and 1982 to racial minorities only

18  can be advanced, and these statutes should accordingly be construed "free of all

19  racial bias and prejudice, free of all of the incidents and badges of slavery" including

20  the heritage of 20th Century "Jim Crow" and *de jure* segregation in the south.  It is

21  time for the Courts to recognize and announce, clearly and plainly, that ALL

22  Americans are entitled to civil rights, not just racial minorities, and that ALL

23  Americans who are deprived of equal access to the courts, or equal rights to make

24  and enforce contracts, or give evidence concerning the same, or equal rights to

25  possess and enjoy property, have the right to use the Federal Civil Rights laws to

26  challenge and overturn invidiously discriminatory state statutory plans.

27  **(48)**   Plaintiff Renada N. March has previously tried to remove her state court claim

28  three separate times now and been denied each time, and this Court appears to have

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN

-14-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

relied on the racial construction of 28 U.S.C. §1443 which is a judicial imposition of affirmative action racial discrimination in favor of African-Americans on a statute which is facially broad and completely racially neutral.

**(49)**   Plaintiffs Joseph and Carol Cohen and other Defendants in Orange County (of diverse ethnic backgrounds) have also removed their Unlawful Detainer cases to U.S. District Court on the grounds that the outcome in California Superior Court is predetermined, and they have been denied on similar grounds.

**(50)**   Plaintiff Daniel Mack would like to exercise and *have the clear right* to remove their state court cases based on civil rights violations but are threatened with remand and subjugation to oppressive and predetermined outcomes in the California Superior Courts.

**(51)**   Plaintiff Charles Edward Lincoln would have removed Silverstein's forcible detainer action against 4 Via Corbina in Rancho Santa Margarita, Orange County, California, if his attorney in the summer of 2009, Dr. Orly Taitz, had paid sufficient attention to her communications with Silverstein regarding that property to realize that Silverstein was planning and had instituted a forcible eviction action.

**(52)**   So all the Plaintiffs in this case have standing because they have been in a position to utilize 28 U.S.C. §1443 removal, and they may be in the position to need to use this provision again.

**(53)**   The California Superior Courts, among other considerations, may be largely "bought and paid for", denying any hope of honest judicial decision-making, due to the extension and forgiveness or third-party repayment of real-estate secured loans to the very Superior Court judges who must preside over the majority of California Unlawful Detainer cases and/or state court forum challenges to wrongful foreclosure and evictions.

**(54)**   Plaintiffs submit that the racially biased affirmative action "gloss" or

PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010
"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."
-LEONARD COHEN
-15-
*Charles E. Lincoln, Plaintiff, pro se
c/o Peyton Yates Freiman
603 Elmwood Pl., #6, Austin, TX 78705*

coloration of law imposed on 28 U.S.C. §1443 cannot survive strict scrutiny under post *Bakke v. Regents of the University of California* developments in equal protection law. The Supreme Court now commands that the civil rights laws of the United States be construed in a racially neutral manner instead of the prevailing political mindset of racial confrontation and division which dominated the several social-reconstruction and civil rights movements of the sixties (both the 1860s and the 1960s).

**(55)**   By contrast, 42 U.S.C. §§1981-1982 are facially racially discriminatory, but the racial language could be easily expunged from these statutes to their benefit and to the greater dignity of the law, while altogether enhancing their majestic sweep as pronouncements of values to be envied the world over.

**(56)**   WHEREFORE, Plaintiffs move and request that this Court declare and adjudge that the racial phrase 42 U.S.C. §1981, which now reads:

> **(a) Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> **(b) "Make and enforce contracts" defined**
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> **(c) Protection against impairment**
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

**(57)**   Should be ordered stricken, so that 42 U.S.C. §1981(a), will henceforth read:

All persons within the jurisdiction of the United States shall have the

**PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010**
**"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."**
-LEONARD COHEN

-16-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(58)** Similarly, the racially discriminatory, "affirmative action" phrase of 42 U.S.C. §1982, which now reads:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**(59)** Should be stricken so that 42 U.S.C. §1982 should henceforth read:

All citizens of the United States shall have the same right, in every State and Territory, thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**(60)** Finally, Plaintiffs pray that Civil Rights Removal statute be given its full facial breadth, and that the racially limiting constructions of *Rachel v. Georgia*, *Greenwood v. Peacock*, and *Johnson v. Mississippi* be forever eliminated and declared constitutionally erroneous.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-17-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

# PART II:
# "CONSTITUTIONALITY OF STATE LAWS AND HOW THEY ARE SUBSEQUENTLY APPLIED"

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-18-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

## II. INTRODUCTION

**(61)**   Plaintiffs reallege ¶¶(1)-(60) as if fully copied and restated herein.

**(62)**   Plaintiffs assert that statutory laws that have been enacted by state legislatures can do a variety of things in relation to common law and the US Constitution such as: 1) augment existing common law doctrines, 2) "fill in the gaps" where common law doctrines either do not apply or do not specifically engage in certain localized developments and modernizations in society, 3) abolish common law doctrines through statute, in favor of new language replacing conceivably "old fashioned" or outdated ideals, 4) codify and enforce common law and constitutional law through local language.

**(63)**   Plaintiffs assert that California laws pertaining to foreclosures and especially subsequent evictions do none of the above, preferring instead to simply ignore existing common law and the US Constitution. Doctrines and ideals that are essential elements of US law (right to petition, to due process, privity of contract, etc.) are circumvented in direct and blatant conflict with the Plaintiffs' rights.

**(64)**   The constitution will not tolerate the construction of paths through the maze of law, apparently open to all, from which there is no exit, or only one possible exit. The construction of such pre-determined outcomes or dead ends is anathema to due process of law, yet it is for such purposes that the California Superior Courts of Limited Jurisdiction, California Code of Civil Procedure §§1161-1162, and California Civil Code §§2924-2934 were constructed.

**(65)**   The California Superior Courts of Limited Jurisdiction come into existence not pursuant to the California Constitution but to statutory provisions codified as California Code of Civil Procedure §§85-89. Plaintiffs now ask the Court to declare these sections of the Code of Civil Procedure Unconstitutional both on their face and as applied. These statutes in the Code of Civil Procedure created courts designed to

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-19-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

protect institutional liars and thieves involved in the legal profession. These statutory provisions deny both due process of law and equal access, for the selective benefit of a certain class of tortfeasors, namely powerful fraudulent schemers involved in deceptive credit finance applications, credit issuance, and collections, against honest but situationally disadvantaged credit applicants or "debtors".

**(66)**   Central among the themes of unconstitutionality of California and Federal laws relating to this case is that a constellation or coincidence of related statutes deny due process by denying equality of meaningful opportunity to access to the courts, i.e. availability of remedies, among arbitrarily or intentionally selected classes of litigants in such a way as to determine outcomes.

**(67)**   The United States Supreme Court redesigned U.S. Code Title 28 U.S.C. §§1443(1) & 1447(b) from a statute of broad application available, according to its facial language, to all Americans, into a statute of limited application available, in effect, only to African-Americans expressly oppressed by state laws and expressly relieved from such oppression by Federal Law. Thus, the judicial construction of Civil Rights Removal is a fraud: the statute appears on its face to offer remedy and relief, but no sooner did Congress open the door to the courthouse to the people, broadly, for removal of state violations of federal rights than did the Justices shut it in the face of all but a tiny minority of the people.

**(68)**   Plaintiffs submit that it is a violation of both due process of law and equal protection when a right opened by one law is foreclosed by another: due process must mean that where a path begins in a maze, there must be a way out; equal protection must mean that this path is open to all who are similarly situated without regard to race, creed, colour, or other circumstances of birth, and that all fundamental rights (such as equal access to the Courts for redress of grievances and to due process of law once admitted therein, including a right to a trial-by-jury and application of

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-20-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

the common law as modified by constitutional statutes) must be available to all who are similarly situated without regard to economic status or relative wealth or even education or literacy. Certain political rights may well, perhaps, be circumscribed, but fundamental human rights must be afforded to all.

**(69)** Like 28 U.S.C. §§1443(1) and 1447(b), the California Courts of Limited Jurisdiction are dead end paths, made NOT pursuant to fundamental law but to statutes expressly designed to circumvent and circumscribe access to and enforcement of the rights provided by fundamental constitutional law.

**(70)** The Courts of Limited Jurisdiction, by the terms of the statutes creating them, "limit" only defendants by proscribing the presentation of evidence concerning many issues and in effect preclude fair adjudication of many disputes. These Courts do not limit but simultaneously ratify and empower the massive culture of lawlessness and fraud inherent in the administration of non-judicial foreclosures under California Civil Code §§2924-2934.

**(71)** The Courts of Limited Jurisdiction in this sense are expressly designed to impair the obligations of contract by authorizing decisions in Unlawful Detainer cases to which no defenses are allowed, and in which equality of access or treatment by the judges is all but utterly unknown.

**(72)** In this Complaint, the Plaintiffs allege and will show to the Court that the Non-Judicial system of foreclosures in California speaks, on its statutory face, a self-perpetuating lie (namely the presumption of judicial foreclosure in the statute's first paragraph followed by a conditional "until" clause in that same paragraph, which by §2924i has effectively eaten the entire presumption of due process and passed it out onto the midden heap of history). Likewise, the Courts of Limited Jurisdiction constitute the sole apparent concession to due process of law, but that this concession wears only the false face of justice.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-21-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(73)**    In fact, Courts of Limited Jurisdiction "perfect" the claims of false creditors

4    and their even falser agents in the traditional manner by which secured claims or

5    liens are "perfected", which is to say by taking possession.  In this sense, Courts of

6    Limited Jurisdiction designed to coerce surrender of real property by honest

7    homeowners to land pirates, such as Steven D. Silverstein and his clients in this

8    case.  Land-pirates are those who take the fraudulent results of California fraudulent

9    non-judicial foreclosures (which themselves are often the result of "predatory

10    lending" or "solicited credit application" practices.

11    **(74)**    The California Superior Courts of Limited Jurisdiction act to insulate and

12    immunize all the frauds and failures of the non-judicial foreclosure system from

13    effective judicial scrutiny by the conclusive presumptions of §2924i and judicial

14    constructions such as [those cited by Silverstein & Rothman] rendering a trustee's

15    word an "irrebuttable presumption" of validity, and precluding inquiry even into

16    such matters as whether bona fide purchasers for value are in fact acting in good

17    faith and without knowledge or notice of competing claims or disputes.

18

### COUNT II: CIVIL RIGHTS DECLARATORY
19
### JUDGMENT & DAMAGES FOR ALL PLAINTIFFS
20
### CAL. CIVIL CODE §§85-86

21    **(75)**    Plaintiffs reallege ¶¶(1)-(74) as if fully copied and restated herein.

22    **(76)**    The California Civil Code §§85-86 frame the jurisdiction of the California

23    Superior Courts of Limited Jurisdiction in a manner which gives unequal power to

24    Plaintiffs and defendants to establish issues which may and frequently are

25    controverted. For example, with regard to the jurisdictional amount, which amount

26    alone defines entry into a court of limited jurisdiction, California law gives the

27    Defendant absolutely no say. The fact that after passing the gateway, set by a

28    Plaintiff, a Defendant's ability to raise defenses, offer and introduce evidence, lodge

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN
-22-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

counterclaims and cross-claims is so severely limited in a California Court of Limited Jurisdiction as to constitute a systemic bar and systematic barrier to the exercise of substantive or procedural due process rights, which is to say that the procedural structure of the California Superior Courts of Limited Jurisdiction act as a full and final bar to enjoyment of equal access to the courts in full-blown violation of 42 U.S.C. §§1981-1982 and the Fifth and Fourteenth Amendments.

**(77)**  As has been discussed in relationship to Federal Court diversity jurisdiction, the amount in controversy in suits for non-monetary remedies (such as *"possession"* emphasized repeatedly by Plaintiffs seeking to defeat the removal to federal court in Unlawful Detainer cases based on diversity), every Defendant must always and in all cases have the option to answer and contradict (and ultimately to disprove) each material allegation of any Plaintiff's complaint, including those necessary to establish jurisdiction. For every pathway into court, there must be at least two ways out so long as there are two adverse parties, and a fifty-two year old California law review seems never have been surpassed in its analysis, and should be applied by this court as a constitutional test for equal protection under the laws concerning equal access to courts and ability to make demands, offer defenses, and seek relief as may be appropriate:

> The test of jurisdictional amount has been called the "pecuniary result to either party." *Ronzio v. Denver & R.G.W.R.R.*, 116 F.2d 604, 606 (10th Cir. 1940), relying on *Smith v. Adams*, 130 U.S. 167, 175 (1889), and *Elliott v. Empire Natural Gas Co.*, 4 F.2d 493, 497, (8th Cir. 1925). Presumably, "result" therefore refers to the damage either party would sustain in the event of an adverse decree. Limitations on the extent to which future damage may enter into calculation of the jurisdictional amount have therefore been suggested. One limitation distinguishes immediate or direct results (which may be valued) from collateral results (which may not). *Healy v. Ratta,* 292 U.S. 263, 268 (1934); *Elliott v. Empire Natural Gas Co.,* 4 F.2d 493, 500 (8th Cir.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-23-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1925). But what constitutes a "collateral" as opposed to a "direct" result is uncertain. A similar difficulty arises from a distinction between "primary" and "secondary" rights as testing jurisdictional amount. (further citations omitted).

*California Law Review*, **Vol. 46, No. 4, (Oct. 1958), pp. 601-609.**

**(78)** In a case for unlawful detainer/forcible eviction, the "pecuniary result to either party" should be measured not merely by the amount of money which Plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of "*possession*." Each of Plaintiffs' individual houses alone have a current market value, even in this depression, exceeding $75,000.00 in value.

**(79)** 4 Via Corbina is currently listed, in spite of this lawsuit for example, for $699,000.00.

**(80)** Where Defendants in an Unlawful Detainer case allege correctly that a Plaintiff conducted a wrongful foreclosure, those Defendants should be allowed to seek and indeed protected by the courts in their efforts to seek to assert that fact as a defense, but California Civil Code §2924i and the statutory and customary, practical, and political structure of the California Courts of Limited Jurisdiction all therefore coordinate and conspire to permit a Plaintiff to compound the injuries of a wrongful foreclosure by committing a wrongful eviction.

**(81)** In the modern real estate market in California, there is quite simply no realistic scenario (aside, perhaps, from the sale of a doghouse on one sixteenth of an acre of land) where it can be said that the complaint or petition filed by unlawful detainer Plaintiffs ever seek or demand a pecuniary result to the Defendants which will amount to a deprivation of less than $25,000.00 in property, and the Defendants' right to assert this should be, but is not, protected in real estate foreclosure and eviction circumstances.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-24-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(82)**   Such a lack of protection means that, in violation of 42 U.S.C. §§1981-1982, Unlawful Detainer defendants in the California Superior Courts of Limited Jurisdiction, both black and white, yellow, red, and brown equally, are uniformly denied their rights to be free of state statutes impairing the obligations and rights of contract, in violation of Article I, §10 of the Constitution, the right to petition for redress of grievances in violation of the First Amendment, the right to due process of law under the Fifth Amendment, the right to trial-by-jury under the Seventh Amendment, the right to enforce the common and statutory law of contracts and negotiable instruments reserved to the people by the Ninth Amendment, and the equal protection of the laws under the Fourteenth Amendment.

**(83)**   The language of California Code of Civil Procedure §86(a)(6) provides an exception to the $25,000.00 limitation which ought to be, but as a matter of California Superior Court of Limited Jurisdiction never is, allowed to be asserted as a defense to limited court jurisdiction or to the claims of Plaintiffs generally in Unlawful Detainer actions. The second sentence of Cal. Code Civ. Pro. §86(a)(6) states "However, where an action to enforce the lien affects property that is also affected by a similar pending action that is not a limited case, or where the total amount of the liens sought to be foreclosed against the same property aggregates an amount in excess of twenty-five thousand dollars ($25,000.00), the action is not a limited civil case." This provision is never allowed to interfere, as a matter of custom, practice, and policy, with the exercise of limited Superior Court jurisdiction over unlawful detainer cases, precisely because these cases always take as conclusive the deceptive and outright fraudulent misrepresentations made by trustees and their attorneys in California non-judicial foreclosures.

**(84)**   As a matter of fact, Unlawful Detainer actions permits fraudulent tortfeasors and their attorneys in California to lie with impunity, immunity, and security from all

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN

-25-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   threats of liability for their conduct, and this culture of lawlessness is simply

4   intolerable in a civilized society under a constitutional regime which purports to

5   guarantee the fundamental rights herein enumerated above from the Constitution

6   itself and the civil rights statutes designed to enforce them.

7   **(85)**   WHEREFORE Plaintiffs pray for this Court to find §§ 85-86 of the California

8   Civil Code unconstitutional and a breach of their rights to due process, rights to

9   petition the court and their right for a jury trial.

10   ## COUNT III: CALIFORNIA SUPERIOR COURTS OF LIMITED

11   ## JURISDICTION IN UNLAWFUL DETAINER CASES

12   **(86)**   Plaintiffs reallege ¶¶(1)-(85) as if fully copied and restated herein.

13   **(87)**   Plaintiffs now ask that this Court declare the California Superior Courts

14   authority over debtor/creditor UD actions unconstitutional because they are designed

15   to deny due process of law and to prevent equal access to Plaintiffs and Defendants

16   in different types of cases, thus denying the full equality of access to judicial process

17   to all residents of California demanded by 42 U.S.C. §§1981-1982.

18   **(88)**   The superior courts of the state of California are in essence designed

19   deceptively so as to give the appearance of affording due process and meaningful

20   opportunity for hearing of parties who were "brought together" by the non-judicial

21   foreclosure process adjudicating the rights secured party/credit-applicant/borrower

22   issues and is a dishonest, prejudiced forum of predetermined outcomes, essentially

23   fixed by statutory law and/or custom, practice, and policy having the force and effect

24   of law for trying complicated ownership issues because of its summary nature. *See*

25   ***Mehr v Superior Court*** *(1983) 139 CA3d 1044, 1049.*

26   **(89)**   Where any title defense issue comes before a UD judge, it is limited to

27   determining who is the owner of record [see CJER website]. As a result, the debtor

28   will be systematically deprived of their "day in court" to offer and interpose contract-

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-26-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

and-chain of title defenses, or any other affirmative defenses and counterclaims to properties, titles, rights, liens and interests when the alleged secured party takes possession as an "incident" of the UD action.

**(90)**   Plaintiffs herein submit that the customary, practical, and political limitations placed on California Superior Courts of Limited Jurisdiction permit the determination and "perfection" of secured claims to property by summary or "incidental" actions, officially ignoring (while daily reaffirming) the reality that eviction proceedings, in this case, are and were conclusions of Non-Judicial foreclosure proceedings and that they effectively complete those administrative proceedings because UD actions discern possession of properties.

**(91)**   Plaintiffs submit that today as in Blackstone's era, possession is "nine points of the law" in regards to ownership and the mortgages tied to those homes constitute,

**(92)**   "chattel property" as defined in the Uniform Commercial Code Article 9 § 9-03(a) which states "(1) A security interest in chattel paper or negotiable documents may be perfected by filing.  A security interest in money or instruments (other than certificated securities or instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in subsections (4) and (5) of this section and subsections (2) and (3) of Section 9-306 on proceeds."

**(93)**   In short, the Creditor must take possession to "perfect" the wrongful foreclosure through illegal possession in a strange parody the California Commercial Code's provisions relating to the "perfection" of a security interest (such as liens) through taking possession.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
*-LEONARD COHEN*

-27-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  **(94)**   Because a debtor/tenant can assert ownership or allege ownership through

4  possession the amount in controversy almost always exceeds the limited jurisdiction

5  of the lower courts as outlined in California Civil Code § 85[1] (25,000.00).

6  **(95)**   For example, Plaintiffs Mendez and Singh specifically contend and submit

7  that in their case the UD Court almost certainly did not exercise any sort of

8  constitutionally valid jurisdiction because Defendant Paul Margolis foreclosed on a

9  loan that was the 2nd mortgage on Singh's property located at 1394 Arrowhead

10 Drive, Placentia, CA 92870.

11 **(96)**   Plaintiffs Mendez and Singh submit and contend that the 1st mortgage on the

12 house was worth more than 200K and WAS CURRENT. Defendant Margolis

13 foreclosed on the house for a fraction of the cost meaning that there was still an

14 outstanding debt of 200,000.00 plus and the UD Court HAD NO

15 CONSTITUTIONALLY LEGITIMATE JURISDICTION, (nor even facially valid

16 jurisdiction by the letter of California statutes in the Code of Civil Procedure) but the

17 exercise thereof was utterly unconstitutional because the Plaintiffs herein, as

18 Defendants in the California (Orange County) Limited Jurisdiction Superior Court,

19 were not given equal rights to offer defenses or evidence in support of their defenses-

20 --they were not even permitted to contest the jurisdiction---even in the face of

21 Silverstein's misappropriation of the forum in defiance of law, logic, and any

22 traditional notice of justice and "fair play."

23

24

25  [1] An action or special proceeding shall be treated as a limited civil case if all of the following conditions are satisfied,
    and, notwithstanding any statute that classifies an action or special proceeding as a limited civil case, an action or

26  special proceeding shall not be treated as a limited civil case unless all of the following conditions are satisfied:   (a)
    The amount in controversy does not exceed twenty-five thousand dollars ($25,000). As used in this section, "amount in

27  controversy" means the amount of the demand, or the recovery sought, or the value of the property, or the amount of
    the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs.   (b) The relief sought is a
    type that may be granted in a limited civil case.

28

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-28-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3   **(97)**   Plaintiffs submit that is an unconstitutional denial of due process to allow non-

4   judicial foreclosure to determine ownership absolutely, when ACTUAL ownership

5   of property depends upon possession, which is left to be determined by the sham

6   proceedings carried out in California Superior Courts of Limited Jurisdiction.

7   **(98)**   Because of this travesty the limited jurisdiction superior courts of California

8   are the deciding factor in determining or "proving" the facts and legal relationships

9   established by non-judicial foreclosure, and in so doing, these courts "perfect" the

10   crimes and constitute a state-assisted form of racketeering or "land-piracy" which is

11   unconstitutional, unconscionable.

12   **(99)**   Plaintiffs Lincoln and Mack had their properties taken, first by non-judicial

13   foreclosures performed by stealth (without service of any meaningful kind in

14   Lincoln's case, during the pendency of an automatic stay in Bankruptcy during

15   Mack's case), but such events were only possible in the California Superior Courts

16   of Limited Jurisdiction where unlawful detainer actions are completed according to

17   superior court rules and regulations that quite simply preclude and prevent the

18   presentation of evidence and assertion of legal and equitable defenses of chain of

19   title and privity of contract that prevent any parties from addressing adequately, or

20   even "at all" the true complexities created by the intersection of common and

21   statutory commercial laws with financial and real estate customs, practices, and

22   policies which, although government-endorsed and sponsored, simply cannot be

23   reconciled with law without admitting the politically impalatable realities of the

24   credit-financed social-welfare state.

25   **(100)** The remaining Plaintiffs in this case (March, Cohen, and Mendez-Singh)

26   remain for the time being in their homes, but stand to have theses properties actually

27   and literally taken via unlawful detainer actions in superior courts so the same

28   allegations apply for their futures without any opportunity to offer up meaningful

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-29-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

defenses, unless this court should justly, legally, and equitably intervene as allowed under, for example, the provisions of 42 U.S.C. §1988(a) which allows the District Court to fashion special remedies appropriate to the ends

**(101)** Given that California non-judicial foreclosure laws do not give a proper platform for a Debtor to petition a Court to stay the proceedings, unlawful detainer actions become de facto judicial foreclosures, and as such they deserve a proper court, with proper jurisdiction to hear the case.

**(102)** Plaintiffs Lincoln and Mack can and truthfully do and will deny under oath that they knowingly, willing or voluntarily accepted the incompetent services of California Superior Courts, whereas Plaintiff March has tried repeatedly to remove her UD action for civil rights violations.

**(103)** Plaintiffs Lincoln and Mack as well as many other Californians were denied even the very limited due process that is nominally afforded in the summary eviction action: 1) they were not granted a jury trial, a violation of the 7th amendment[1]; 2) while Californians all over the state were denied discovery, 3) ratification of commencement, and other evidence required to support a claim.

**(104)** Form EJ–130 titled "Writ of Possession" is a form that is approved by the judicial council that is usually served by the Sheriff and is not for mandatory use. Given that it is an "optional" form and not mandatory, Plaintiffs assert that these forms are not bound by any existing law and are used to directly circumvent, dumb down and destroy Debtor/tenants' rights to due process.

---

[1] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-30-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   **(105)** On page 2 item 24a(1) of the form there is a check box which should be
4   checked if: "The Prejudgment Claim of Right to Possession was served in
5   compliance with CCP 415.46." The sheriff also serves a Notice to Vacate that states,
6   that it is the "Final Notice..." and goes on to say that "No claim of right to
7   possession can be filed if box 24a(1) located on the back of the writ is checked."
8   **(106)** The Judicial Council is also responsible for the training of court personnel to
9   the "one size fits all" by setting policies, customs, procedures and the rules of court.
10  Such policies, customs, procedures and rules of court are implemented as if they
11  have the force of law, and thus Plaintiffs are constantly told to seek counsel in
12  response to almost any question.
13  **(107)** Plaintiffs are often subjected to intimidation, humiliation, given false
14  information and belittled, all in the furtherance of the objectives of the Defendant
15  Co-conspirators. Each and every one of the Plaintiffs believe that no matter what is
16  written in their pleadings, no matter what evidence they present, they will not be
17  given a fair hearing and are therefore denied due process within the State Courts as a
18  result of the policies, customs and procedures such as those complained of herein.
19  **(108)** The Judicial Council has an extraordinary duty to prevent, or aid in the
20  prevention of, constitutional violations, of which they have refused or neglected to
21  do so. It also has a duty to protect the honor of our courts, the integrity of the law and
22  its processes, and the Plaintiffs' rights and owes a duty to act with due care; to not
23  intentionally cause Plaintiffs injury and to not deprive the Plaintiffs of the due
24  processes of the law to which they are entitled as an operation of the law and the
25  very fabric of our system of law.
26  **(109)** It is unlawful to interfere with the official duties of our public officers who are
27  conducting the People's business and are informed by a victim of a crime that a
28  material misrepresentation of the facts has been written on the face of an instrument

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-31-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

that is intended to be filed in the official records of a court.  In pursuit thereof, Plaintiffs have had their rights to due process violated in the furtherance of the obtainment of the *object,* which is their property, both real and personal, their title, rights, lien and interests, equal protection of the law and due diligence.

**(110)** It is unreasonable to deprive the Plaintiffs of a forum that is of competent jurisdiction.  Judicial officers are well trained and knowledgeable of the law and independent of the other branches of government, but are compelled by Defendant-JC in the pursuit of "judicial economy" and the obligations of the UD Court, to get 90% of the cases off its books in 30 days and 100% in 45 days, as stated in the following:

> "2009 CALIFORNIA RULES OF COURT
> Standard 2.2. Trial court case disposition time goals
> **(i) Unlawful detainer cases**
> The goals for unlawful detainer cases are:
> (1) 90 percent disposed of within 30 days after filing; and
> (2) 100 percent disposed of within 45 days after filing.
> *(Subd (i) adopted effective January 1, 2004.)"*

**(111)** This practice encourages the court to ignore claims of due process violations and punishes the victims whose complaints fall on deaf ears, while the mostly professional violators know they will get away with such violations, which are inline with the courts objectives of a speedy process. They are repeatedly rewarded for such bad faith acts and Plaintiffs' injuries are the result of the policies, customs and procedures implemented by Judicial Council; as such, they are jointly and severally liable with the State and other Defendant–Principals for the damages proximately and legally resulting from each of their actions.

**(112)** WHEREFORE,  Plaintiffs pray that this Court declare and adjudge to be unconstitutional and thereby invalidate the California statutory provisions granting

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-32-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

the Superior Court jurisdiction over debtor/tenant eviction proceedings that were explicit augmentations and conclusions of non-judicial foreclosures. Furthermore, Plaintiffs pray that this Court specifically makes this change of venue mandatory, acknowledging the inherent complexities of such UD actions.

### COUNT IV: DUE PROCESS EFFECT OF CALIFORNIA CIVIL CODE §§1695.13-1695.14 against and to RESCIND TRANSACTIONS EFFECTED BY CALIFORNIA CIVIL CODE §2924i

**(113)** Plaintiffs reallege ¶¶1-113 and incorporate the same by reference herein.

**(114)** Each of the Plaintiffs Charles Edward Lincoln, Renada Nadine March, Joseph & Carol Regina Cohen, and Daniel Christian Mack are all claimants to property taken from them by wrongful foreclosure by non-judicial procedures which omitted or ignored large portions of the protections ostensibly afforded by California Civil Code §§2924-2924i and other rights and procedural restrictions including so-called "safeguards" set forth in California Civil Code §§2923-2934.

**(115)** Accordingly, the actions of Silverstein and the Bank Defendants and alleged "Equity Purchaser" Defendants have infringed upon and violated the substantive federally guaranteed rights of each of the Plaintiffs by and through the exercise of the procedures of the California Superior Courts of Limited Jurisdiction described in Count III acting under the provisions of California Code of Civil Procedure §§1161-1162 and Civil Code §§1146, 2924 *et seq.*, as described in Count IV and the unconstitutional immunities provided under California Civil Code §1714.10 & §2924i, described in Counts V and IV respectively.

**(116)** Plaintiffs Renada Nadine March, Joseph & Carol Regina Cohen, & Daniel Christian Mack have each prepared Notices of Rescission pursuant to California Civil Code §§1695.13-1695.14 and attempted to file the same with the county recorder for Orange County, California, being the county in which their property is located, within the meaning and intention of California Civil Code §1695.14(b), all

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-33-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3   acting within less than one year of the non-judicial foreclosure and sale of their
4   properties as required by §1695.14(a).

5   **(117)** Plaintiffs March, Cohen, and Mack attach their proposed Notices of
6   Rescission as <u>Exhibits A, B, and C</u> but they allege, submit, and will testify that they
7   each have attempted, prior to the signing of this Third Amended Complaint, and
8   have been attempting, in the case of March since approximately September 7, 2010,
9   and in the case of Mack since approximately September 13, 2010, to file their
10  respective Notices of Rescission with the county recorder for Orange County,
11  California, but that these filings required by law to be filed in the County Recorder's
12  office have been refused, repeatedly and consistently, by the County Recorder,
13  apparently for the purpose of frustrating and defeating the legislative purpose in
14  enacting California Civil Code §1695.14(b).

15  **(118)** Plaintiffs March, Cohen, and Mack reserve the right to amend their pleadings
16  in this case to request a writ of mandamus to the County Recorder or Clerk of
17  Orange County to record these documents as required by law.

18  **(119)** Plaintiff Charles Edward Lincoln submits that he filed a lawsuit with this very
19  court and sued Wells Fargo Bank and California Reconveyance (as servicer) six
20  months prior to the sale of his property at 4 Via Corbina in Rancho Santa Margarita,
21  California 92688.

22  **(120)** Plaintiff Lincoln alleges, contends, and submits that his Federal lawsuit (08-
23  cv-01334-DOC, file in this Court and answered and disputed by the Defendants) was
24  adequate and sufficient notice to the public that the sale of his property should never
25  have taken place until and unless the litigation was completed.

26  **(121)** Plaintiff Lincoln accordingly also alleges, contends, and submits that his
27  lawsuit should be deemed to take the place of and did in fact give equivalent and
28  equally effective notice to the public actually taking the place of the recording of a

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN                    -34-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

mere notice pursuant to §1695.13-§1695.14(b), that the sale of his property during the pendency of such litigation was, in and of itself, unconscionable conduct, and that in general the circumstances of the allegedly "arms length" sale in April 2009 were such that NEITHER the GRE DEVELOPMENTS, INC., nor the 4 Via Corbina Trust NOR ANY PURCHASER OF 4 Via Corbina from either Wells Fargo Bank or California Reconveyance COULD EVER POSSIBLY BE OR HAVE BEEN A BONA FIDE PURCHASER FOR VALUE WITHIN THE MEANING OF §1695.14(c), because the sellers had a duty to disclose the pendency of the lawsuit to potential purchasers, even if the lawsuit were not a matter of easily accessible public record, which it was (and is).

**(122)** If the filing of a Federal Lawsuit is not sufficient notice to the world of a claim, and if the Orange County Clerk refuses to file such notices of rescission pursuant to Civil Code §1695.14(b), then this Court must construe and define the meaning and effect of the words notice, knowledge, and unconscionable actions under §§1695.13-14.

**(123)** Plaintiff Lincoln submits further that GRE Developments and the 4 Via Corbina Trust are entities owned by, in privity with, or exist as mere alteregos of Defendant Steven D. Silverstein because they share (or shared in 2009) office space with Silverstein at and before the time of the April 2009 foreclosure sale, also precluding the immunities of California Civil Code §§1714.10 and 2924i to Silverstein, GRE Developments, or the 4 Via Corbina Trust.

**(124)** Plaintiff Renada Nadine March alleges and submits that she was in ongoing modification negotiations with OneWest as successor to Indymac and that the sale of her property was unconscionable, and that no purchaser of this Plaintiff's property could have been a bona fide purchaser for value within the meaning of §1695.14(c).

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-35-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(125)** Plaintiffs Joseph & Carol Regina Cohen allege and submit that Carol H.

4    Meyer, Kenneth Meyer, and the 11 Lighthouse Trust were never properly authorized

5    to do business in California, that these individuals are like "shape-shifters" who

6    constantly change their identity for purposes of making fraudulent purchases in bad

7    faith, acting often if not always in concert with Steven D. Silverstein, such that no

8    purchaser of these Plaintiffs' property could have done so in good faith, or otherwise

9    qualified as bona fide purchasers for value within the meaning of §1695.14(c).

10   **(126)** Plaintiff Daniel Christian Mack alleges and submits that there were multiple

11   forgeries in the paperwork constituting the closing documents of his loan, that these

12   forgeries were either actually known or constructively known by operation

13   of ***respondeat superior*** to the originators and grantors of his last mortgage, who were

14   urging him to invest his equity funds with them. Accordingly Plaintiff Mack also

15   alleges and submits that no purchaser from anyone in actual or apparent privity with

16   his lenders could have been a bona fide purchaser for value within the meaning of

17   §1695.14(c).

18   **(127)** Finally, all plaintiffs, each jointly and severally, allege, contend, and submit

19   that each and every one of the purchasers of their respective several properties, either

20   directly or indirectly through their association with Attorney Steven D. Silverstein,

21   possessed actual knowledge of the fraudulent nature of the transactions to which they

22   were parties, that they agreed with Silverstein and the "foreclosing party sellers" to

23   effect the unlawful ends of these sales, and that

24   **(128)** Each and every one of the Defendants were then and there completely aware

25   and cognizant of the lack of legal privity of contract and the utter and complete

26   equitable failure of any of the banks, agents, trustees, or their servicers to maintain

27   holder-in-due course status of any of the relevant mortgage notes.

28

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-36-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3  **(129)** To establish their rights and obligations as a matter of due process of law

4  under the 5th and 14th Amendments, Plaintiffs seek a declaratory judgment pursuant

5  to 42 U.S.C. §§1983 & 1988(a) that California Civil Code §§1695.13-1695.14

6  partially but generally nullifies California Civil Code §§2924-2924i.

7  **(130)** Plaintiffs further seek a declaratory judgment that the provisions of California

8  Civil Code §§1695.13-1695.14 authorize and create a judicially enforceable right of

9  rescission in defiance of the facial provisions and California appellate-judicial

10  construction of California Civil Code §§2924-2924i where a transaction, and

11  **(131)** Plaintiffs ask this Court to declare and adjudge that California Civil Code

12  §§1695.13-1695.14 cover and include the unilateral power of a distressed

13  homeowner or homeowner faced with or victimized by a wrongful exercise of the

14  power of non-judicial foreclosure under §§2924-2924i resulting from one or more

15  unconscionable actions taken in advantage of property owner in foreclosure, even

16  where such unconscionable actions would otherwise be protected and immunized

17  from civil liability or prosecution under California Civil Code §1714.10 and §2924i.

18  **(132)** Plaintiffs accordingly ask and pray that this United States District Court

19  declare and adjudge the rights and obligations of all parties pursuant to California

20  Civil Code §§1695.13-1695.14, that the Court define the effect of actual notice and

21  knowledge of competing claims on the concept of bona fide purchaser, and the effect

22  of actually knowledge of industry customs, practices, and policies regarding the

23  enforcement or verification of equitable standing as holders-in-due-course of notes

24  (pursuant to California Business & Commere Code and of privity of contract under

25  and pursuant to the common law.

26  **(133)** In particular, the Court must distinguish between the effect of "Notice" under

27  California Civil Code §1695.14(b) and actual knowledge or other constructive

28  notice, such as the filing of federal lawsuits now universally available officially

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-37-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

through PACER and JUSTITIA websites and often "SCRIBBED" and blogged additionally on the world-wide web.

(134) The Court should evaluate the legislative purpose of §§1695.13-14, and declare and adjudge what exactly are the contours of "rescission" under this provision with regard to transactions which were neither constitutional, consensual nor bi-lateral (i.e. the non-judicial foreclosures and sales pursuant to §§2924-2924i wherein fundamental rights such as freedom from impairment of the obligations of contract and freedom to petition for redress of grievances, etc., are all denied as an express, facial, and generally well-known and understood purpose of a state statutory program, and the construction of the same by the State Courts of California).

(135) It has become obvious that the purpose of California statutory Unlawful Detainer actions is merely to "perfect" the unlawful taking of property in wrongful foreclosure proceedings, already all but insulated from review by "illegal privileges * & immunities" combination of California Civil Code Sections 1710.14 with 2924i).

(136) The core illegality of Unlawful Detainer procedure is that it creates ("lies into being") an unconstitutional legal fiction which straddles the line between an involuntarily imposed contract and involuntary status: a bizarre landlord-tenant "contract of adhesion" which is so strong as to effectively constitute the former homeowner as an involuntary servant of the new purchasing "master" for purposes of the Unlawful Detainer action, thereby rendering the provisions unconstitutional by violating the Thirteenth Amendment to the Constitution)(when a servant has no power to opt out of an inferior non-equal economic relationship, even if this is temporary, it is certainly a taking of both his liberty and property analogous to imprisonment or slavery).

(137) Plaintiffs submit that at least two California State Courts have previously approached the construction proposed here that §§1695.13-14 trump §§2924-2924i,

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-38-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

namely ***Boquilon v. Beckwith***, 49 Cal.App.4th 1697, 57 Cal.Rptr.2d 503 (1996) and ***Salma v. Capon***, 161 Cal.App.4th 1275, 74 Cal.Rptr.3d 873 (2008).

**(138)** Plaintiffs pray for judgment in their favor on these matters, and for judgment as a matter of Fifth and Fourteenth Amendment due process, and Fourteenth Amendment Equal Protection of the law, as well as pursuant to a racially unbiased construction of 42 U.S.C. §§1981-1982, that §§1695.13-14 trump and eviscerate the unconstitutional portions of §§2924-2924i, *et seq.*, along with related portions of §§2923-2934.

**(139)** Similarly and finally Plaintiffs pray that this Court apply the same analytical procedures to California Civil Code §2923.5-2923.52 which have been construed to create a common law action for wrongful foreclosure against the balance of §§2924-2924i, see ***Mabry v. Superior Court,*** **185 Cal.App.4th 208 (2010)** 110 Cal.Rptr.3d 201, 10 Cal. Daily Op. Serv. 6885, 2010 Daily Journal D.A.R. 8169 (Orange County, California 2010).

## COUNT V: CIVIL RIGHTS DECLARATORY
### JUDGMENT & DAMAGES FOR ALL PLAINTIFFS
### (42 U.S.C. §§1981, 1982, 1983, 1988(a))

**(140)** Plaintiffs reallege ¶¶ (1)-(139) as if fully copied and restated herein below.

**(141)** Plaintiffs Lincoln, March, Mack, Mendez, Singh, Joseph and Carol Regina Cohen allege that it is the custom, practice, and policy of Defendant Steven David Silverstein, other attorneys similarly situated (Defendants Doe 1-10) the Sheriff of Orange County, and the Judges and Clerks of the Superior Court of Orange County to violate 42 U.S.C. §§1981-1982 by administering and imposing a judicial regime wherein mortgagors are always, in all cases dispossessed by forcible detainers, often with no prior notice of sale or transfer of interest in their properties.

**(142)** These customs, practices and policies are upheld by State laws that circumvent the federal supremacy upheld in Article VI, clause 2 of the United States

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN
-39-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

Constitution[1]. California, through its horrible policies have violated the laws of the land, the Plaintiffs accordingly request that this Court invalidate them by holding them to be unconstitutional.

**(143)** The consistently enforced pro-Plaintiff results of Orange County evictions can be demonstrated statistically and by narrative evidence to show that there is no equality of access to the courts, nor any equal right "to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" all under color of law in violation of the First, Fifth, Ninth and Fourteenth Amendments to the Constitution.

**(144)** Silverstein utilized his self-proclaimed status as a specialized eviction attorney, who has been licensed and admitted to the California Bar since May 1979, to violate each Plaintiff's constitutional rights under the First, Fifth, Ninth and Fourteenth Amendments, as well as 42 U.S.C. §§1981, 1982, to equal access to the courts, the right to enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property including the right assert lawful defenses to claims, have due process notice and opportunity to object to proceedings for the taking of liberty and property interests, including several episodes relating to each defendant exemplified by (but not limited to) Silverstein's surreptitious eviction suit conducted by stealth, in occult manners, without actual notice to Lincoln or his attorney Orly Taitz, likewise including the equally abusive but in this case continuous and unremitting assault on Renada Nadine March and her mother Fay March, and further including but not limited to

---

[1] This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the *supreme Law of the Land*; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN

-40-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3  Silverstein's specifically and patently illegal eviction against Plaintiff Daniel Mack
4  in violation of Federal Law, in that Plaintiff Mack's automatic stay which he
5  received from his chapter 13 bankruptcy petition (*see* <u>Exhibit D</u>).

6  **(145)** Title 11 of the United States Code provides relief from all actions that might
7  convey, transfer or sell assets of a bankruptcy Debtor.

8  **(146)** Plaintiff Daniel C. Mack is a resident of Orange County, California, his
9  homestead property address is 6 Carey Court, Aliso Viejo, California 92656.
10 California Recoveyance Company, based in Chatsworth California, sold Plaintiff
11 Daniel C. Mack's property in June 2010.  On July 20th, 2010 Plaintiff Mack filed a
12 Chapter 13 Bankruptcy Petition with the US Bankruptcy Court (case no: 8:10-bk-
13 19917-TA, *docket attached as* <u>Exhibit E</u>) at 10:30, Tuesday morning.

14 **(147)** Mack was scheduled for eviction at 5:00 the same day, but the Sheriff, upon
15 receiving a notice of bankruptcy from Mack stayed the eviction proceedings, but
16 expressly advised only for another week. The house was bought by Defendant DNE
17 associates LLP, an unregistered California business represented by Defendant Steven
18 D. Silverstein.

19 **(148)** Plaintiff Mack has tried to find Defendant DNE associates' address through
20 the Secretary State's website and could not find them as a registered business in the
21 state of California. Defendant DNE associates did not ask for relief from stay from
22 the United States Bankruptcy Court (evident by the docket sheet, see Exhibit). They
23 are not registered to do business in the state of California. And they are both in
24 violation of the California Professionals Code and title 11 of the United States
25 Bankruptcy Code.

26 **(149)** DNE associates obtained the property illegally through an invalid unlawful
27 detainer process, which was filed by their attorney (and Defendant in this case)
28 Steven D. Silverstein.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-41-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

**(150)** Plaintiffs allege that Defendants DNE associates, GRE development, #11 Lighthouse Trust, Megladon Financial, NJB Investment LP are "shell" companies with no recorded or real documentation proving that they are actual, legal entities, corporations or partnerships.

**(151)** California state statutes coupled with the UD Courts that uphold them allow for gross misconduct and illegal actions from non-entities such as the Defendants listed in this complaint.

**(152)** Superior Courts in the State of California do not recognized the complexities of eviction cases are collateral actions related to eviction cases, and because of their willful ignorance, routine assessment and power regarding evictions the Plaintiff's homes have been taken from them with little or no due process.

**(153)** The State of California is guilty of upholding and encouraging the wantonly frivolous and extreme nature of the Superior Courts through protective legislation that violates the Supremacy clause in Article IV section II of the US Constitution.

**(154)** Plaintiff Charles Lincoln held possession over his home by creating lease with a tenant on 4 Via Corbina. Lincoln went further by clouding the title with a Federal Complaint for Quiet Title regarding his property on 4 Via Corbina.

**(155)** Silverstein used both the Anti-SLAPP statutes of California and his status of a card carrying member of the bar to undermine and ignore the 1) lease Lincoln had with his tenant and 2) the Federal Complaint Lincoln had pending, and take control over the house.

**(156)** Furthermore, by talking directly with Lincoln's then tenant was tortious interference with contract and

**(157)** His subsequent illegal transference of the property located at 4 Via Corbina through the sale and eviction system constitutes a conspiracy to Slander Title of the property through his co-conspirators GRE Development and Megladon.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-42-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(158)** Silverstein represented a company named NJB Investment LP in an unlawful

4    detainer action against Plaintiff Alicia Singh. The UD action was filed on or about

5    July 28, 2010. On or about August 2nd, 2010 Plaintiff Singh, as defendant in the UD

6    action filed a notice of motion and motion to dismiss scheduling a hearing for

7    September 2nd, 2010 pertaining to those motions.

8    **(159)** After getting notice that the Clerk had somehow "misplaced" her motion

9    Singh refilled the motion to dismiss and notice of motion to dismiss and ended up

10   setting up an ex-parte hearing for August 18th, 2010.

11   **(160)** Her boyfriend, Plaintiff Richard Mendez, went with Singh to the hearing for

12   support. Mendez handed file marked copies of Singh's motions only to have

13   Silverstein quickly hand write an opposition (*see* Exhibit F) to Singh's motion to

14   dismiss, in which he alleged that Mendez was guilty of UPL.

15   **(161)** Silverstein was whisked back into the Judges' chambers and came out 15

16   minutes later with word from the Judge that Singh's motion to dismiss had been

17   denied.

18   **(162)** Plaintiffs Singh and Mendez allege that Silverstein knew or should have

19   known that the amount in controversy exceeded 200K because of the outstanding

20   debt relating to the 1st mortgage that was not foreclosed on or sold. Plaintiffs Singh

21   and Mendez accuse Silverstein of knowingly ignoring the fact that the UD Court

22   HAD NO JURISDICTION TO HEAR THE CASE.

23   **(163)** All Plaintiffs in this case accuse Silverstein of upholding unconstitutional

24   policies of the State of California.

25   **(164)** Wherefore, Plaintiffs pray that this Court declare and adjudge the nature of the

26   Orange County Superior Court custom, practice or policy concerning the resolution

27   of non-judicial foreclosures and judicial evictions, as well as the allied and related

28

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-43-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

policy of the Orange County Clerks and Sheriff's department in administering and enforcing this policy, and that thereupon the Court

**(165)** Declare and adjudge that these customs, practices, and policies administered and enforced in Orange County are wholly unconstitutional and offensive to principles of due process of law, the right to petition, and the rights of the people secured by 42 U.S.C. §§1981-1982, as well as the 5th and 14th amendments, such that

**(166)** All such policies should be declared unconstitutional, null and void and all decisions reached and transfers of title thereunder during the past year likewise be declared null and void and finally that

**(167)** Steven David Silverstein, Orange County Sheriff Sandra Huchens, and all of their agents or employees be now and forever enjoined from continuing or perpetuating these customs, practices, and policies in Orange County or elsewhere.

**(168)** Wherefore, Plaintiffs pray for their costs of suit incurred in obtaining these declaratory judgments, and that a permanent injunction shall issue against all the Defendants, their employees, assigns, officers, and successors in interest never again to enforce unconstitutional non-judicial foreclosures and judicial evictions in violation of 42 U.S.C. §§1981, 1982.

## COUNT VI: CALIFORNIA CIVIL CODE
## SECTION 1714.10 IS UNCONSTITUTIONAL

**(169)** Plaintiffs reallege ¶¶(1)-(168) as if fully recopied and restated herein below.

**(170)** Plaintiffs allege that each of them, individually, jointly, and severally, have been personally and directly injured by Silverstein's actual or perceived, *de facto* and/or *de jure*, immunity provided by Civil Code §1714.10.

**(171)** Plaintiffs allege that §1714.10 bestows upon attorneys a special class of privileges and immunities to a certain class of professional practitioners whose membership is controlled by "admission to the bar" under terms mandated and

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-44-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3    outlined by the state of California itself, such that §1714.10 has the force and effect
4    of a law erecting or defining a title of nobility, unconstitutionally impairing the
5    obligations of contract by exempting certain actors from contractual ethics or duties
6    including but not limited to the implied duty of good faith and fair dealing in
7    contractual dealings, as well as the general obligation to abstain from common law
8    tortuous or civil law delictual conduct which leads to civil injuries arising not from
9    but from Anglo-America tort or Continental Civil [aka "Napoleonic"] Code delict.

10   **(172)** The California law providing that

11       No cause of action against an attorney for a civil conspiracy with his or
         her client arising from any attempt to contest or compromise a claim or
12       dispute, and which is based upon the attorneys' representation of the
         client, shall be included in a complaint or other pleading unless the
13       court enters an order allowing the pleading that includes the claim for
         civil conspiracy to be filed after the court determines that the party
14       seeking to file the pleading has established that there is a reasonable
15       probability that the party will prevail in the action.

16   **(173)** violates 42 U.S.C. §1981 in that it creates special classes of privileged
17   citizenry and denies both equal protection of the law and due process of law to
18   certain classes of citizens (including all non-lawyers who might be defrauded by
19   lawyers or non-lawyers who have hired lawyers to assist them in the commission of
20   their frauds, and/or breaches of contract and/or the implied duty of good faith and
21   fair-dealing in contractual relations).

22   **(174)** The Court should declare and adjudge that California Civil Code §1714.10 is
23   facially unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments to
24   the Constitution as a denial of the right to Petition, denial of due process,
25   infringement upon the rights reserved to the people, and a violation of equal
26   protection of laws by creating a privileged class.

27   **(175)** The creation of this privileged class of attorneys also and further violates both
28   Article 1, §9, Cl. 8 & §10, Cl. 1, of the United States Constitution by effectively

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN
-45-
*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

creating a title of nobility, as well as violating the privileges and immunities clause of Article IV, §1, Cl. 2 by creating for California lawyers a special privilege and immunity not available to citizens of any other of the several states.

**(176)** No state can grant to any of its citizens special privileges or immunities that discriminate against citizens of other states or create an inequality between citizens of one state and those of another, but Cal Civil Code §1714.10 has this precise effect.

**(177)** Plaintiffs allege that BUT FOR the provisions of §1714.10, Steven David Silverstein would not have been free (or perceived himself as free) to engage in fraud or assist his multiple clients in committing fraud. Thus the provisions of §1714.10 are the direct and proximate, and therefore legal, causes of Plaintiff's injuries. This provision of California statutory law (along with Civil Code §§1946, 2924 and Code of Civil Procedure §§1161-1162) has so deprived Plaintiffs of their common law rights in violation of the fundamental guarantees of the United States Constitution that these provisions must all be struck down.

**(178)** Plaintiffs do not here allege that the common law cannot be changed by statute. Rather Plaintiffs submit that the statutes cannot indirectly impair the obligations of contract without straightforwardly modifying the nature of contractual obligations *ab initio*, which is to say prior to the decision to enter into or agree to certain contractual relations or not. In short, statutes cannot transform contracts into licenses to STEAL, without the expressed knowledge and consent of all (potentially) contracting parties.

**(179)** Plaintiffs submit that because both the California legislature and the United States Congress never abrogated common law contractual doctrines (such as "holder in due course" or "privity of contract") that means that the State of California cannot insulate anyone from violating the law as it still exists (through statutory provisions

PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010
"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."
-LEONARD COHEN

-46-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

or the judicial construction of those statutory provisions, cf. e.g. 42 U.S.C. §§1981-1982).

**(180)** The laws cannot essentially reverse the actual action. It's as if the State of California is in full view of a standard transaction between two parties, from one to the other, only to give the complete opposite account of the event itself afterward.

**(181)** If the State of California or the United States should wishes to abrogate the law of trusts, so that trustees no longer owe duties to grantors as potential beneficiaries under deeds in trust, or the laws defining "holders in due course" or "privity of contract," it can do so, but all borrowers must henceforth be advised, so that they may recognize, that they are paying servicers or entities who have no legal or equitable interest or stake in the original contracts or "loan" transactions.

**(182)** WHEREFORE, Plaintiffs pray that California Civil Code §1714.10 be declared unconstitutional, null and void for all purposes and applications, and will grant them all their reasonable costs of suit as well as permitting them to sue Silverstein for all their actual damages resulting from his collusion and conspiracy with other Defendants and non-Defendants, including Superior Court Judges who may be immune from suit.

## COUNT VII: CALIFORNIA CIVIL CODE §1714.10 DOES NOT IMMUNIZE SILVERSTEIN

**(183)** Plaintiffs reallege ¶¶(1)-(182) as if fully copied and restated herein below.

**(184)** Plaintiffs allege that Silverstein and Elter and several Defendants John Doe are partners and investors in the real properties seized in eviction proceedings.

**(185)** In particular, GRE Development shares an office with Steven David Silverstein and the 4 Via Corbina trust, and Plaintiffs allege that Silverstein is acting not merely in the course of representation of a client in Lincoln's case (4 Via Corbina/GRE Development) at least, but on his own behalf and for his own benefit.

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-47-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1

2

3    **(186)** There was no arms length transaction involving the sale of 4 Via Corbina and

4    so GRE Development and/or the 4 Via Corbina Trust are not bona fide purchasers

5    for value---they could not have been bona fide purchasers in any event because they

6    took from Cal-Western Reconveyance nine months after Charles Edward Lincoln

7    tendered payment in full to Wells Fargo Bank and Cal-Western Reconveyance,

8    asking only for proof of Wells Fargo's status as "holder in due course" which is

9    merely "conditional" in the sense that Wells Fargo prove its entitlement to collect so

10   much as one dime on the subject property 4 Via Corbina in Rancho Santa Margarita.

11   **(187)** Plaintiffs further allege that any rule, even if not facially unconstitutional, is

12   unconstitutional as applied according to a state judicial norm "which requires a

13   judicial determination of reasonable probability of success prior to permitting the

14   filing of an action against an attorney based on a claim of civil conspiracy with a

15   client" because such a rule (as articulated by Defendants) constitutes a per se denial

16   of equal access to the courts due process and of equal access to the courts and legal

17   processes in violation of 42 U.S.C. §1981.

18   **(188)** Access to discovery of facts is a key element of due process of law and equal

19   access to the Courts as discovery procedures are often critical to the determination of

20   the accuracy or inaccuracy of any legal complaint, suit at law, or equitable action.

21   **(189)** Plaintiffs allege that Steven David Silverstein's relationship with the Judges of

22   the Orange County Superior court is so close and intimate that there exists a

23   continuing and ongoing agreement and understanding between them in derogation of

24   due process of law and equal protection of persons and property, in violation of 42

25   U.S.C. §§1981, 1982 and also of the 5th and 14th Amendments.

26   **(190)** WHEREFORE, Plaintiffs pray that (in the alternative to the previous count)

27   even if California Civil Code §1714.10 is not unconstitutional on its face, it is either

28   unconstitutional as applied to Steven David Silverstein or simply does not, as a

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-48-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

matter of fact or law, apply to Silverstein at all, and Plaintiffs pray that this Court will so declare and adjudge, granting them all their costs of suit, in addition to the full and unfettered right to recover from Silverstein all of their damages for civil conspiracy with other Defendants and non-defendants, including collusion or conspiracy with Superior Court Judges who may be otherwise immunized from suit.

## COUNT VIII: CAL. CIVIL CODE §2924
## UNCONSTITUIONALLY IMPAIRS CONTRACT

**(191)** Plaintiffs reallege ¶¶(1)-(190) as if fully copied and restated herein below.

**(192)** California Civil Code §2924 is expressly designed to impair the obligations and rights of and arising under contracts relating to mortgages and promissory notes, and to create grossly favored and unfavored classes of property owners based in large part on willingness to lie and nothing else; any statute designed to create unequal classes of litigants in Court directly violates 42 U.S.C. §1981, and California Civil Code §2924 irrationally and unfairly grants certain classes of individuals superior rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" and thereby also creates unequal classes of people with regard to the rights "to inherit, purchase, lease, sell, hold, and convey real and personal property."

**(193)** California Civil Code §2924 provides in part:

> (c) A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

**(194)** This provision irrationally denies equal rights to sue and give evidence to mortgagees whose properties were the victims of fraudulent foreclosures

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN…"*
-LEONARD COHEN

-49-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*

1
2
3 (foreclosures instituted or prosecuted by any party, principal, witness, or attorney
4 willing either knowingly or negligently to present false recitations regarding
5 compliance with statutory provisions regarding service and delivery of notices).

6 **(195)** All Plaintiffs in this case can and truthfully do and will deny under oath that
7 Defendants Cal-Western Reconveyance, MERS, Quality Loan Service, or Trustee
8 Corps, or Steven David Silverstein or any of their agents or employees actually
9 complied with all or in fact any of the procedural requirements of noticing default or
10 notice of sale or of three day notice to quit prior to initiating eviction actions.

11 **(196)** For a law to provide that mere recitation in a deed of certain facts will
12 constitute **conclusive evidence** which acts to bar or determine the outcome of any
13 judicial proceeding does itself constitute a statutory denial of due process of law and
14 a discriminatory disadvantage to those who are the victims of fraudulent foreclosures
15 (foreclosure by parties, principals, witnesses and attorneys who make false
16 statements of fact, such as claims to lawful right to fore, such as, Plaintiffs' evidence
17 will show, are nearly all the foreclosures in California today, because in fact most
18 foreclosures are conducted by parties without contractual entitlement to do so).

19 **(197)** Plaintiffs Joseph and Carol Cohen assert that Defendant Silverstein has
20 wrongfully used §2924 to defraud them of their property by using a "dummy" trust
21 that is not even recognized as a business entity of any kind by the State of California.

22 **(198)** Plaintiffs Joseph and Carol Cohen received a notice of Unlawful Detainer
23 action from the "Catherin H. Meyer Lighthouse Trust", by and through their
24 attorney, Steven D. Silverstein.

25 **(199)** Plaintiffs Joseph and Carol Cohen, after having tried to contact the Trust
26 received a letter from the Secretary of the State of California that the business entity
27
28

*PLAINTIFFS' THIRD AMENDED COMPLAINT 09-22-2010*
*"EVERYBODY KNOWS THE SYSTEM'S ROTTEN..."*
-LEONARD COHEN

-50-

*Charles E. Lincoln, Plaintiff, pro se*
*c/o Peyton Yates Freiman*
*603 Elmwood Pl., #6, Austin, TX 78705*