**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 09-1072 DOC (Ex)                      Date: January 27, 2011

Title: CHARLES EDWARD LINCOLN, III, CHIRSTYNA LYNN GRAY, RENADA N. MARCH v. STEVEN D. SILVERSTEIN, RON ELTER, GRE DEVELOPMENT, et al.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Kathy Peterson</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [49]

       Before this Court is Defendants' Mortgage Electronic Registration Systems, Inc.'s ("MERS") and OneWest Bank, FSB's ("OneWest") (collectively, "Moving Defendants") Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(6) ("Motion to Dismiss"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons discussed below, the Court hereby GRANTS the Motion to Dismiss.

**I.**      **BACKGROUND**

       On or about December 28, 2006, Plaintiff Renada Nadine March ("Plaintiff") obtained a mortgage loan (the "Loan") from IndyMac Bank, F.S.B. ("IndyMac") secured by a Deed of Trust ("Deed of Trust") on real property located at 7 Bluebird Lane, Aliso Viejo, California 92656 (the "Property"). Request for Judicial Notice, October 13, 2010, Ex. 1.[1] On July 14, 2009, Plaintiff

---

[1]      In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the

petitioned for chapter 7 bankruptcy, commencing the bankruptcy case styled *In re Renada Nadine March*, USBC, Central District of California Case No. 8:09:bk-17057-TA (the "Bankruptcy Case"). Third Amended Complaint, September 22, 2010 (Docket 48) ("TAC") ¶¶ 244-45. At the time the Property was at risk of foreclosure, Plaintiff was engaged in negotiations with OneWest to modify the terms of the Loan. *Id.* at ¶¶ 244-45, 402. On or about October 9, 2009, OneWest, via its foreclosure trustee, completed foreclosure on the Property. *Id.* at ¶¶ 244-45, 247. At foreclosure, the Property was sold to Defendant Megloden Financial, LLC, which thereafter commenced an unlawful detainer action to evict Plaintiff from the Property. *Id.* at ¶ 100.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possible liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court

---

motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). As such, this Court hereby GRANTS judicial notice on the existence of the Deed of Trust dated December 28, 2006 in connection with Plaintiff's mortgage loan from IndyMac Bank, F.S.B..

to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.    DISCUSSION

Under Fed. R. Civ. P. 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 127 S.Ct. at 1968. The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 127 S.Ct. at 1955). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. Where a complaint fails to meet this standard, it may be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b). *See Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980).

Plaintiff's pleading fails to adequately meet the required pleading standards pursuant to Rule 8(a). Plaintiff's allegations in the TAC are written obliquely and are comprised of broad convoluted assertions with little factual support. Instead, Plaintiff's allegations include extensive legal arguments that fail to articulate much more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft*, 129 S. Ct. at 1949. Moreover, the majority of Plaintiff's allegations in the TAC are directed to all defendants generally and thus fail to give each defendant fair notice of the claims asserted against him. *See Twombly*, 127 S.Ct. at 1968.

On July 1, 2010, this Court put Plaintiff on notice of the very same deficiencies discussed

in this Order. *See* Order Granting Defendant's Motion to Dismiss, July 1, 2010 (Docket 37). Plaintiff has since filed two amended complaints. *See* Second Amended Complaint, September 14, 2010 (Docket 47); Third Amended Complaint, September 22, 2010 (Docket 48). However, Plaintiff has failed to fix the deficiency in either of the two amended complaints despite this Court ordering that any amended complaint "shall specify ... which Defendants the claim is being asserted against and which Plaintiff's are asserting that claim." (Docket 37).

In light of Plaintiff's repeated failure to address these deficiencies, the Court concludes that further opportunity for amendment would prove futile and would serve only to waste time. Accordingly, Moving Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

### IV.    DISPOSITION

The Court GRANTS the Moving Defendants' Motion to Dismiss. Plaintiff's claims against Moving Defendants are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.