UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-1072 DOC (Ex)            Date: March 15, 2011

Title: CHARLES EDWARD LINCOLN III et. al. v. STEVEN D. SILVERSTEIN et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS):     GRANTING MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS SILVERSTEIN, ELTER AND GRE DEVELOPMENT, INC.

       Before the Court is a Motion to Dismiss filed by Defendants Steven D. Silverstein, Ron Elter and GRE Development, Inc. ("Moving Defendants") in the above captioned case ("Motion") (Docket 51). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS the Motion.

**I.     BACKGROUND**

       Plaintiffs' Third Amended Complaint ("TAC") introduces Plaintiffs' action follows:

> Plaintiffs were brought together by their mutual horror and disgust at the illegal actions and opprobrious conduct of one particular attorney, Steven David Silverstein, who appears to be among the leading practitioners implementing the following customs, practices and policies having the force of law in California which effect a systematic deprivation of the fundamental constitutional rights of the Plaintiffs

TAC, ¶ 21.  The "customs, practices and policies" of which Plaintiffs complain appear to center on California's system of non-judicial foreclosure sales.  Plaintiffs go on to claim that California's non-judicial foreclosure sale process violates the Constitution's prohibition on race discrimination, even though Plaintiffs acknowledge that "the present Plaintiffs are all white Anglo-Saxon and Protestant, [and that] they know of no racial elements to this epidemic of civil rights violations." *Id.*, ¶ 38.  Plaintiffs contend that "California laws pertaining to foreclosures and especially subsequent evictions . . . . ignore existing common law and the U.S. Constitution." *Id.*, ¶ 63.  The TAC offers little in the way of specific support or explanation for the claim.  Reading between the lines, however, the Court surmises that Plaintiffs object to the limited opportunity for judicial intervention provided by the California foreclosure statutes.     Plaintiffs appear to have been defendants in California unlawful detainer cases; they appear either to have been evicted from their homes or threatened with eviction.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986).   Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the

deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Plaintiffs' TAC spans over one hundred pages. It is largely rambling and incomprehensible; much of its pages are devoted to discussing the alleged history of civil rights laws and of the mortgage industry. The majority of Plaintiffs' allegations in the TAC are directed to all defendants generally and thus fail to give each defendant fair notice of the claims asserted against him. *See Twombly*, 127 S.Ct. at 1968.[1] Plaintiffs' TAC does not come within a county mile of satisfying the pleading standards of Fed. R. Civ. P. 8(a) and may be dismissed on that basis alone. Cognizant of Plaintiffs' status as pro se litigants, however, the Court endeavors to make some sense of Plaintiffs' purported claims.

It appears that Plaintiffs wish to challenge the constitutionality of various California foreclosure laws – or at least the way that these laws were applied to their cases. Plaintiffs bring suit against, among other entities, Moving Defendants GRE Development, Inc. ("GRE"); GRE's shareholder, Ron Elter ("Elter"); and GRE's one-time attorney Steven D. Silverstein ("Silverstein"), who represented GRE at the trustee sale of real property located at 4 Via Corbina, Rancho Santa Margarita, California 92688 ("Subject Property"). Plaintiffs' purported claims against Moving Defendants fail.

To the extent that Plaintiffs seek to challenge the constitutionality of California's foreclosure laws and procedures, these claims cannot be maintained against Moving Defendants. As non-state officials, Moving Defendants have no power to alter California law. Succeeding on a claim against Moving Defendants thus would not redress Plaintiffs' alleged injuries. Absent a showing of redressability, Plaintiffs lack standing to bring these claims against Moving Defendants. *See, e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Similarly, to the extent that Plaintiffs seek to hold Silverstein liable for relying on laws that Plaintiffs believe should be deemed unconstitutional, Plaintiffs' claims must be dismissed. The

---

[1]On July 1, 2010, the Court put Plaintiffs on notice of this very deficiencies discussed in this order. *See* Order Granting Defendant's Motion to Dismiss, July 1, 2010 (Docket 37). Plaintiffs have since filed two amended complaints. *See* Second Amended Complaint, September 14, 2010 (Docket 47); Third Amended Complaint, September 22, 2010 (Docket 48). However, Plaintiffs have failed to fix the deficiency in either of the two amended complaints despite this Court ordering that any amended complaint "shall specify ... which Defendants the claim is being asserted against and which Plaintiff's are asserting that claim." (Docket 37).

gravamen of Plaintiffs' claims against Silverstein appear to that, in working as a specialized foreclosure attorney, Silverstein regularly violated Plaintiffs civil rights by making arguments under California laws with which Plaintiffs disagree. *See, e.g.* TAC, ¶ 11 ("Silverstein utilized his self-proclaimed status as a specialized eviction attorney . . . to violate each Plaintiff's constitutional rights . . ."); *id.*, ¶ 207-09 (expressing anger that Silverstein would rely on a California Court of Appeals case that Plaintiffs contend violates their rights to contract, arguing that "the sheer fact that Silverstein would cite such an outrageous case on his behalf simply adds to the Plaintiffs arguments against him," and that "[w]e all know 'the system is rotten' as Leonard Cohen once said, but must it be rubbed in the Plaintiffs' faces so blatantly?"). Plaintiffs may not hold Silverstein liable for exercising his clients' rights under California law – no matter how much Plaintiffs may disagree with that law.

Plaintiffs' apparent claims that Silverstein entered into a conspiracy with his client, GRE, to violate the law are similarly flawed. Under Cal. Civ. Code. 1714.10, "no cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." No such order has been entered here. Plaintiffs' claim of conspiracy between Silverstein and his client is not permissible.

Finally, the nature of Plaintiffs' claims against Silverstein and GRE is largely unclear. If Plaintiffs are asking this Court to divest GRE of its interest in the Subject Property and/or to return interest in the Subject Property to Plaintiffs, such a claim seeks to relitigate issues previously decided in the California state court proceedings. Under the *Rooker-Feldman* doctrine, a federal district court may not adjudicate an action seeking to reverse or nullify a final state court judgement. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-923, 125 S. Ct. 1517, 1527 (2005) (district courts are of courts of original, not appellate, jurisdiction); *Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416, 44 S. Ct. 149 (1923). To the extent that Plaintiffs' claims against GRE seek a reversal or nullification of California unlawful detainer proceedings, these claims must fail.

At one point, Plaintiffs accuse Elter and GRE of effecting a "fraudulent transfer" in conjunction with "Defendant MERS, Cal-Western Reconveyance and North American Title co." Claims sounding in fraud must satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b). As discussed above, Plaintiffs' claims in this case fall short of the relatively lenient pleading standards of Fed. R. Civ. P. 8(a). A fortiori, Plaintiffs have not satisfied Rule 9(b). Plaintiffs' remaining accusations against Elter and GRE – e.g. that Elter and GRE forced Plaintiffs to enter into a landlord-tenant contract of adhesion – are confusing and lack support in specific factual allegations. TAC, ¶¶ 232-41.

In sum, Moving Defendants' Motion is GRANTED. Plaintiffs' claims against Moving Defendants are DISMISSED WITH PREJUDICE.[2]

### IV.    DISPOSITION

For the reasons stated above, Moving Defendants' Motion is hereby GRANTED. Plaintiffs' claims against Moving Defendants are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.

---

[2] Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, Plaintiffs have already received four opportunities to amend their complaint. Moreover, no amount of amendment can cure the fatal deficiencies identified above.